Liza M. Walsh
Rukhsanah L. Singh
CONNELL FOLEY
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Peter D. Vogl
Mary Beth Myles
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

Attorneys for Plaintiff
KARS 4 KIDS INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARS 4 KIDS INC., <br><br> Plaintiff, <br><br> -against- <br><br> AMERICA CAN!, <br><br> Defendant. | Civ. Action No. <br><br><br> COMPLAINT AND JURY DEMAND |

Plaintiff Kars 4 Kids Inc. ("Kars 4 Kids") brings this action for trademark infringement, unfair competition, trademark dilution, and injunctive relief against Defendant America Can! ("America Can!").

## NATURE OF THE ACTION

1.      This is an action brought by Kars 4 Kids to protect the rights and substantial goodwill that Kars 4 Kids has accrued in the marks KARS 4 KIDS and 1-877-KARS-4-KIDS, including multiple logos and designs (together, the

"KARS 4 KIDS Marks"), since at least 1998.  For over 15 years, Kars 4 Kids has expended considerable time and resources promoting, advertising, and using its KARS 4 KIDS Marks in the United States to indicate the source and quality of its well-known charitable fundraising services by means of collecting and reselling used automobiles. During this time, the United States Patent and Trademark Office ("USPTO") granted Kars 4 Kids a federal registration for the trademark 1-877-KARS-4-KIDS, Registration Number 4,130,622, for "charitable fund raising services by means of collecting and reselling used automobiles" (the "1-877-KARS-4-KIDS Registration") on April 24, 2012.

2.        On information and belief, America Can! is using the phrase CARS FOR KIDS in connection with charitable fundraising services by means of collecting and reselling used automobiles.  Kars 4 Kids seeks injunctive relief to stop America Can! from wrongfully usurping Kars 4 Kids' rights in its KARS 4 KIDS Marks. Absent injunctive relief, America Can!'s use of the CARS FOR KIDS designation is likely to cause confusion, mistake, or deception among the parties' consumers, and to dilute the KARS 4 KIDS Marks, and Kars 4 Kids will suffer irreparable injury.  Through this action, Kars 4 Kids seeks to protect its rights and prevent such likely confusion among the consuming public.

## THE PARTIES

3.        Plaintiff Kars 4 Kids is a corporation organized under the laws of the state of New Jersey with its principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701.  Kars 4 Kids is licensed to do business in the state of New Jersey.  Kars 4 Kids promotes its services and collects donations of used automobiles throughout the United States, including in this District.

4.      On information and belief, defendant America Can! is a Texas not-for-profit corporation with an address of 325 W. 12th Street, Suite 250, Dallas, Texas 75208.  On information and belief, America Can! solicits and/or receives donations from individuals throughout the United States, including in New Jersey.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b).  This Court also has jurisdiction due to the diversity of the parties pursuant to 28 U.S.C. § 1332.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Plaintiff Kars 4 Kids resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

7.      America Can! is subject to personal jurisdiction in the District of New Jersey because, on information and belief, it is soliciting and receiving donations in connection with the infringing CARS FOR KIDS designation in this district and has directed its wrongful conduct towards residents of New Jersey.

8.      On information and belief, America Can! maintains a web site, which is accessible to everyone in New Jersey who owns a personal computer or otherwise has access to the Internet, located at www.americascarsforkids.org and www.carsforkids.org, at which it is currently advertising its infringing CARS FOR KIDS services.

9.      On information and belief, America Can! promotes its charitable fundraising services in connection with the CARS FOR KIDS designation through national advertising, including national radio advertisements, which are heard throughout

the United States, including in New Jersey.

## KARS 4 KIDS AND THE KARS 4 KIDS TRADEMARKS

10.     Kars 4 Kids has continuously promoted its charitable fundraising services by means of collecting and reselling used automobiles under the KARS 4 KIDS Marks since at least 1998.

11.     Kars 4 Kids owns federal Registration Number 4,130,622, for the trademark 1-877-KARS-4-KIDS for "charitable fund raising services by means of collecting and reselling used automobiles," which was registered on April 24, 2012.  A true and correct copy of the 1-877-KARS-4-KIDS Registration is attached hereto as Exhibit A.

12.     The 1-877-KARS-4-KIDS Registration is owned exclusively by Kars 4 Kids and remains in full force and effect.  This registration constitutes prima facie evidence of the validity of the 1-877-KARS-4-KIDS Registration, of Kars 4 Kids' ownership of the mark and of Kars 4 Kids' exclusive right to use the mark in interstate commerce for the services identified.

13.     Since 2002, Kars 4 Kids has also offered a website located at www.kars4kids.com on the Internet.  The website offers information on the donation of cars for charitable fundraising purposes to benefit children.  The website features the KARS 4 KIDS Marks prominently, including the following associated design marks and logos:



14.     Kars 4 Kids devotes substantial money and resources to

advertising and promoting its KARS 4 KIDS Marks.  Its advertisements frequently can be heard on radio stations, including throughout the District of New Jersey, where its popular jingle featuring the 1-877-KARS-4-KIDS Mark is well known.

15.     As a result of the extensive and continuous use of the KARS 4 KIDS Marks both in advertising and in connection with the services offered by Kars 4 Kids, Kars 4 Kids has developed substantial goodwill and a strong reputation among consumers.  The KARS 4 KIDS Marks also have acquired secondary meaning in that they are immediately associated in the minds of the public with Kars 4 Kids and its services and further serve to distinguish Kars 4 Kids and the high quality of its services.

## DEFENDANTS' UNLAWFUL ACTIVITIES

16.     On information and belief, without the knowledge, consent or authority of Kars 4 Kids, defendant America Can! adopted the phrase CARS FOR KIDS as a trademark for charitable fundraising services by means of collecting and reselling used automobiles.

17.     On December 6, 2012, America Can! filed a trademark application for the designation CARS FOR KIDS with the USPTO  for "arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales; organizing and conducting charity auctions for charitable fundraising purposes," and for "charitable fundraising by means of collecting and reselling used automobiles and watercraft," as evidenced by the publication of such designations in the *Official Gazette* on December 3, 2013 (the "CARS FOR KIDS Application").

18.     In the CARS FOR KIDS Application, America Can! alleged a first use of the mark in interstate commerce as early as 1991.  On information and belief,

America Can! did not first use its mark in interstate commerce as early as 1991.  As such, on information and belief, Kars 4 Kids has priority over America Can! based on its common law rights in the KARS 4 KIDS Marks and the 1-877-KARS-4-KIDS Registration.

19.     On May 30, 2014, Kars 4 Kids filed a Notice of Opposition against the CARS FOR KIDS Application (the "Kars 4 Kids' Opposition"), alleging priority and likelihood of confusion as the basis for opposing registration.

20.     On August 7, 2014, America Can! filed an answer to the Kars 4 Kids' Notice of Opposition and asserted a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration (Reg. No. 4,130,622) (the "America Can! Cancellation").  On September 8, 2014, Kars 4 Kids filed an answer to the counterclaim asserting that the allegations raised in the counterclaim were inaccurate and that a cancellation of the 1-877-KARS-4-KIDS Registration was improper.

21.     America Can! is using the CARS FOR KIDS designation to promote its own charitable fundraising services by means of collecting and reselling used automobiles.  America Can! has launched a national advertisement campaign through radio and/or satellite broadcasts, including on radio stations heard nationally through Sirius XM.

22.     On information and belief, America Can! operates a website at www.americascarsforkids.org, which features the CARS FOR KIDS designation, including the following related designs:



23. On information and belief, in an effort to capitalize on consumer recognition and the goodwill associated with the KARS 4 KIDS Marks, America Can! has purchased Google advertisements and/or keywords that are likely to cause confusion among consumers searching for Kars 4 Kids or the KARS 4 KIDS Marks. For example, if a consumer searches for "kars for kids nj" on Google, America Can!'s website appears as the second sponsored advertisement at the top of the results page under the heading "Car Donations in NJ – AmericaCanDonations.com":



24. As a result of America Can!'s infringing conduct, there is a likelihood that prospective consumers interested in Kars 4 Kids' charitable fundraising services will donate a used automobile to America Can! instead of Kars 4 Kids. The likelihood of confusion is particularly high in the context of radio advertisements where the visual differences between CARS FOR KIDS and KARS 4 KIDS will not be apparent to the listener, as the marks are phonetically equivalent.

25. The designation CARS FOR KIDS is likely to be confused with the KARS 4 KIDS Marks, because the designation is similar in appearance, sound, pronunciation, meaning, and overall commercial impression to the KARS 4 KIDS Marks.

26.     The Parties offer identical services, namely, charitable fundraising services by means of collecting and reselling used automobiles.  As such, America Can!'s use so nearly resembles that of Kars 4 Kids that it is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, sponsorship, and approval of America Can!'s services within the meaning of 15 U.S.C. §1052(d).

27.     On information and belief, America Can!'s services offered in connection with the CARS FOR KIDS designation also travel in the same channels of trade as those of Kars 4 Kids and said services will be utilized by the same class of consumers, thus causing consumers and the trade to wrongly associate America Can!'s services with those of Kars 4 Kids, thus causing consumers to assume that services marked in connection with the CARS FOR KIDS designation emanate from, or are approved, licensed, or sponsored by Kars 4 Kids, have the same source as Kars 4 Kids' services, or that America Can! is affiliated with Kars 4 Kids.

28.     America Can!'s acts constitute trademark infringement of Kars 4 Kids' popular KARS 4 KIDS Marks.  Moreover, America Can! is acting willfully, with full knowledge of Kars 4 Kids' rights and interest in its KARS 4 KIDS Marks in connection with charitable fundraising services.

29.     On information and belief, the parties also travel in the identical channels of trade, advertising in the same media, such as through national radio advertisements, websites, and keyword advertising.

30.     At all times relevant hereto, America Can! has had either actual or constructive notice of the existence of the KARS 4 KIDS Marks and Kars 4 Kids' exclusive ownership thereof by virtue of the 1-877-KARS-4-KIDS Registration.

31.     America Can!'s actions have been, and unless enjoined will continue to be, in violation of federal and state law governing trademark infringement and unfair competition and trademark dilution and are causing immediate and irreparable harm to Kars 4 Kids, including lost donations and revenues, loss of control over its reputation and loss of goodwill.

**COUNT I**

**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

32.     Kars 4 Kids repeats and realleges each of the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

33.     Kars 4 Kids is the exclusive owner of the valid KARS 4 KIDS Marks for use in connection with fundraising services by means of collecting and reselling used automobiles.

34.     America Can! has used, and on information and belief, intends to continue to use, in commerce marks confusingly similar to the KARS 4 KIDS Marks in connection with charitable fundraising services by means of collecting and reselling used automobiles.

35.     America Can! has acted and is acting willfully and deliberately in its infringement of the KARS 4 KIDS Marks.

36.     By virtue of the foregoing, America Can! has caused Kars 4 Kids to suffer injuries for which it is entitled to recover compensatory damages.  In addition, America Can!'s acts are causing and continue to cause Kars 4 Kids irreparable harm in the nature of lost sales and revenue, loss of control over its reputation and loss of substantial consumer goodwill.  This irreparable harm to Kars 4 Kids will continue, without any adequate remedy at law, unless and until America Can!'s unlawful conduct is

enjoined by this Court.

37.     Kars 4 Kids has been and will continue to be harmed by America Can!'s infringement of the KARS 4 KIDS Marks in an amount subject to proof.

38.     All of these acts constitute trademark infringement under 15 U.S.C. § 1114.

## COUNT II

### UNFAIR COMPETITION AND FALSE
### DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

39.     Kars 4 Kids repeats and realleges each of the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

40.     America Can!'s conduct constitutes unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). America Can!'s use of the CARS FOR KIDS designation is likely to cause confusion, or mistake, or to deceive.

41.     America Can!'s conduct is and has been willful and deliberate.

42.     America Can!'s conduct causes immediate irreparable harm to Kars 4 Kids.  Kars 4 Kids has no adequate remedy at law sufficient to fully remedy America Can!'s conduct, and unless America Can! is enjoined, America Can!'s conduct will continue to cause Kars 4 Kids irreparable harm.

43.     Kars 4 Kids has been and will continue to be harmed by America Can!'s conduct in an amount subject to proof.

44.     All of these acts constitute unfair competition and false advertising under 15 U.S.C. § 1125(a).

## COUNT III

## TRADEMARK DILUTION (N.J.S.A. §§ 56:3-13 *et seq.*)

45.     Kars 4 Kids repeats and realleges each of the allegations set forth in paragraphs 1 through 44 above as though fully set forth herein.

46.     The KARS 4 KIDS Trademarks are inherently distinctive marks, which by virtue of Kars 4 Kids' extensive advertising and promotion and general customer awareness have acquired distinctiveness in the marketplace.  Through Kars 4 Kids' exclusive use of the KARS 4 KIDS Marks since at least 1998 in association with charitable fundraising services, the KARS 4 KIDS Marks have earned a high degree of recognition and have become famous and highly distinctive of Kars 4 Kids and its services nationally and in New Jersey.  The KARS 4 KIDS Marks are uniquely associated with Kars 4 Kids.

47.     America Can!'s use of CARS FOR KIDS as the name of its own charitable fundraising services by means of collecting and reselling used automobiles, which began nationwide after the KARS 4 KIDS Marks acquired fame in New Jersey, has diluted, or is likely to dilute, and unless restrained will continue to dilute, the distinctive quality of the KARS 4 KIDS Marks by destroying the exclusive association between the KARS 4 KIDS Marks and Kars 4 Kids' services, or otherwise lessening the capacity of the KARS 4 KIDS Marks to exclusively identify Kars 4 Kids and its services.

48.     On information and belief, the KARS 4 KIDS Marks attained fame in New Jersey prior to America Can!'s first use of the CARS FOR KIDS designation in New Jersey commerce.

49.     America Can!'s conduct is and has been willful and deliberate.

50.     America Can!'s conduct causes immediate irreparable harm to

Kars 4 Kids. Kars 4 Kids has no adequate remedy at law sufficient to fully remedy America Can!'s conduct, and unless America Can! is enjoined, America Can!'s conduct will continue to cause Kars 4 Kids irreparable harm.

51.     Kars 4 Kids has been and will continue to be harmed by America Can!'s conduct in an amount subject to proof.

52.     All of these acts constitute willful trademark dilution under N.J.S.A § 56:3-13.

**COUNT IV**

**<u>VIOLATION OF NEW JERSEY'S UNFAIR COMPETITION STATUTE</u>**

**<u>(N.J.S.A. § 56:4-1)</u>**

53.     Kars 4 Kids repeats and realleges each of the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

54.     America Can!'s use of CARS FOR KIDS as a trademark, without the authorization or consent of Kars 4 Kids, in connection with its charitable fundraising services, is likely to cause confusion and mistake and to deceive consumers as to the source or origin of America Can!'s services such that consumers may believe that America Can! and/or America Can!'s services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Kars 4 Kids.

55.     America Can!'s acts of unfair competition, misappropriation, passing off, unprivileged imitation and infringement are in violation of the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1.

56.     America Can!'s conduct is and has been willful and deliberate.

57.     America Can!'s conduct causes immediate irreparable harm to Kars 4 Kids. Kars 4 Kids has no adequate remedy at law sufficient to fully remedy

-12-

America Can!'s conduct, and unless America Can! is enjoined, America Can!'s conduct will continue to cause Kars 4 Kids irreparable harm.

58.     Kars 4 Kids has been and will continue to be harmed by America Can!'s conduct in an amount subject to proof.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

59.     Kars 4 Kids repeats and realleges each of the allegations set forth in paragraphs 1 through 58 above as though fully set forth herein.

60.     America Can!'s use of CARS FOR KIDS as a trademark, without the authorization or consent of Kars 4 Kids in connection with its charitable fundraising services, is likely to cause confusion and mistake and to deceive consumers as to the source, origin, sponsorship or affiliation of America Can!'s services and constitutes trademark infringement, unfair competition, dilution and misappropriation of Kars 4 Kids' good will and reputation in violation of the laws of the State of New Jersey.

61.     America Can!'s conduct is and has been willful and deliberate.

62.     America Can!'s conduct causes immediate irreparable harm to Kars 4 Kids.  Kars 4 Kids has no adequate remedy at law sufficient to fully remedy America Can!'s conduct, and unless America Can! is enjoined, America Can!'s conduct will continue to cause Kars 4 Kids irreparable harm.

63.     Kars 4 Kids has been and will continue to be harmed by America Can!'s conduct in an amount subject to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kars 4 Kids respectfully requests that this Court:

A.      Grant Preliminary and permanent injunctive relief enjoining and restraining America Can! and its officers, directors, agents, servants, employees, licensees, and all other persons in privity or acting in concert with them from using the CARS FOR KIDS designation or any term, mark, logo, trade name, Internet domain name or any other source identifier or symbol of origin that is confusingly similar to the KARS 4 KIDS Marks or likely to dilute their distinctive quality;

B.      Order that America Can! transfer ownership of the www.carsforkids.org and www.americascarsforkids domain names to Kars 4 Kids;

C.      Order that America Can! account to Kars 4 Kids for its profits and any damages sustained by Kars 4 Kids from the foregoing acts of trademark infringement, trademark dilution, and unfair competition;

D.      Order an award of profits in accordance with such accounting and award a judgment for three times Kars 4 Kids' actual damages arising from America Can!'s unlawful conduct pursuant to 15 U.S.C. §1117;

E.      Find that the America Can! conduct was willful and that this case is exceptional pursuant to 15 U.S.C. §1117;

F.      Order that Kars 4 Kids recover its costs including its reasonable attorney's fees and disbursements in this action pursuant to 15 U.S.C. §1117;

G.      Direct the USPTO to refuse the CARS FOR KIDS Application and sustain the Kars 4 Kids' Opposition pursuant to 15 U.S.C. §1019;

H.      Direct the USPTO to refuse the America Can! Cancellation pursuant to 15 U.S.C. §1019;

I.      Grant any and all relief provided pursuant to N.J.S.A. § 56:4-2,

including treble damages;

        J.     Order that America Can! and its officers, directors, agents,

servants, employees, licensees, and all other persons in privity or acting in concert with

them take affirmative steps to dispel any actual confusion that heretofore has been

created by the trademark infringement described above; and

        K.     Order any such other and further relief as the Court deems just and

proper.

### <u>JURY DEMAND</u>

In accordance with the Federal Rule of Civil Procedure 38(b), Kars 4 Kids

demands a trial by jury on all issues triable as of right.

DATED:  December 12, 2014        Respectfully submitted,

        **CONNELL FOLEY**

By:  <u>*s/Liza M. Walsh*     </u>
        Liza M. Walsh
        Rukhsanah L. Singh
        85 Livingston Avenue
        Roseland, New Jersey 07068
        (973) 535-0500


        Peter D. Vogl
        Mary Beth Myles
        ORRICK, HERRINGTON & SUTCLIFFE
        51 West 52nd Street
        New York, New York 10019-6142

        *Attorneys for Plaintiff KARS 4 KIDS INC.*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVILE RULE 11.2</u>

    Pursuant to Local Civil Rule 11.2, I hereby certify that, to my knowledge and understanding, the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.


DATED:  December 12, 2014   By: *s/Liza M. Walsh*
               Liza M. Walsh