Liza M. Walsh
Marc D. Haefner
Christopher J. Borchert
CONNELL FOLEY
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Peter D. Vogl
Mary Beth Myles
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

Attorneys for Plaintiff
KARS 4 KIDS INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARS 4 KIDS INC., | Civ. Action No. 3:14-CV-07770-PGS-LHG |
| Plaintiff, | |
| -against- | |
| AMERICA CAN!, | ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS |
| Defendant. | |

Plaintiff Kars 4 Kids Inc. ("Kars 4 Kids"), by and through its attorneys, replies to

the numbered paragraphs of the Counterclaims of Defendant America Can! ("America Can!")

below.   The headings in America Can!'s Counterclaims are not proper averments to which any

response is required.   To the extent a response is required, Kars 4 Kids generally denies the

allegations contained therein.   Except as expressly admitted, Kars 4 Kids denies each and every

allegation set forth in America Can!'s Counterclaims, and the allegations are expressly admitted by Kars 4 Kids only to the extent stated below.

## NATURE OF THE ACTION

1.      Kars 4 Kids is informed and believes, and on that basis, admits that this is a civil action purporting to fall under Sections 2(d), 43(a)(1)(A), and 43(c) of the Lanham Act of 1946, as amended, 15 U.S.C. §§1114 *et* seq., and for trademark dilution, infringement, and unfair competition under New Jersey and common law.  Kars 4 Kids denies that any relief requested by America Can! is appropriate or legally warranted.  To the extent not expressly admitted, Kars 4 Kids denies the allegations in Paragraph 1 of the Counterclaims.

## THE PARTIES

2.       Kars 4 Kids is informed and believes, and on that basis, admits that America Can! is a non-profit corporation organized under the laws of the State of Texas with an address of 325 W. 12th Street, Suite 250, Dallas, Texas 75208.

3.      Kars 4 Kids admits that it is a non-profit corporation organized under the laws of the State of New Jersey with an address of 1805 Swarthmore Avenue, Lakewood, New Jersey 08701.

## JURISDICTION AND VENUE

4.      Kars 4 Kids admits that jurisdiction is proper in this action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(b), but otherwise denies each and every allegation contained in Paragraph 4.

5.      Kars 4 Kids admits that it is subject to personal jurisdiction in this Court, but otherwise denies each and every allegation contained in Paragraph 5 of the Counterclaims.

6.      Kars 4 Kids admits that venue is proper in this jurisdiction pursuant to 28

-2-

U.S.C. §1391, but otherwise denies each and every allegation contained in Paragraph 6 of the Counterclaims.

## FACTS RELEVANT TO THE COUNTERCLAIMS

7.     Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Counterclaims and therefore denies each and every allegation in Paragraph 7 of the Counterclaims.

8.     Kars 4 Kids denies the allegations in Paragraph 8 to the extent they imply that any efforts exerted towards the development of charitable fundraising services prior to America Can!'s adoption or use of "cars for kids" or any similar designations are relevant to the claims at issue.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaims and therefore denies each and every allegation in Paragraph 8 of the Counterclaims.

9.     Kars 4 Kids denies the allegations in Paragraph 9 to the extent that they imply the alleged "assumed names Cars for Kids and Kars for Kids," which "accurately reflected America Can!'s program," conferred any trademark rights or constituted trademark use on the part of America Can!.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Counterclaims and therefore denies each and every allegation in Paragraph 9 of the Counterclaims.

10.    Kars 4 Kids denies the allegations of Paragraph 10 to the extent they imply America Can! has or had valid trademark rights in the designation "Cars for Kids" (the "CARS FOR KIDS Designation") in connection with charitable fundraising services as of 1989. Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Counterclaims and therefore denies each

and every allegation in Paragraph 10 of the Counterclaims.

11.    Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaims and therefore denies each and every allegation in Paragraph 11 of the Counterclaims.

12.    Kars 4 Kids denies the allegations of Paragraph 12 to the extent they conflate the alleged public recognition of the CARS FOR KIDS Designation and the slogan "Write Off the Car, Not The Kid."  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 12 of the Counterclaims and therefore denies each and every remaining  allegation in Paragraph 12 of the Counterclaims.

13.    Kars 4 Kids denies that America Can! has acquired common law rights in the CARS FOR KIDS Designation and on that basis denies each and every allegation in Paragraph 13 of the Counterclaims.

14.    Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaims and therefore denies each and every allegation in Paragraph 14 of the Counterclaims.

15.    Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaims and therefore denies each and every allegation in Paragraph 15 of the Counterclaims.

16.    Kars 4 Kids denies the allegations of Paragraph 16 to the extent they attempt to conflate the alleged success of the America Can! programs with the alleged recognition of the CARS FOR KIDS Designation.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16

of the Counterclaims and therefore denies each and every allegation in Paragraph 16 of the Counterclaims.

17.     Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Counterclaims and therefore denies each and every allegation in Paragraph 17 of the Counterclaims.

18.     Kars 4 Kids admits that Kars 4 Kids accepts charitable donations of vehicles and is informed and believes that America Can! also accepts charitable donations of vehicles, but otherwise denies each and every allegation in Paragraph 18 of the Counterclaims.

19.     Kars 4 Kids admits that America Can! sent a letter to Kars 4 Kids in or around August 2003 purporting to assert that America Can! had exclusive rights to the CARS FOR KIDS Designation *in Texas*.  Kars 4 Kids further admits that the August 2003 letter included a request that Kars for Kids "cease and desist from all use *in Texas* of the Mark or anything confusingly similar thereto" (emphasis added).  Kars 4 Kids denies the allegations of Paragraph 19 to the extent they imply that America Can! had or has trademark rights in the CARS FOR KIDS Designation, that America Can! had use of the CARS FOR KIDS Designation in interstate commerce as of August 2003, or that America Can!'s use of the CARS FOR KIDS Designation in interstate commerce predated Kars 4 Kids' use of the marks 1-877-KARS-4-KIDS and KARS 4 KIDS (together, the "KARS 4 KIDS Marks") in interstate commerce.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to America Can!'s motivations for sending the August 2003 letter.  Kars 4 Kids admits that America Can!'s CARS FOR KIDS Designation is confusingly similar to the KARS 4 KIDS Marks and therefore constitutes infringement of Kars 4 Kids' superior trademark rights.  Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 19 of the Counterclaims.

-5-

20.     Kars 4 Kids admits that the August 2003 letter from America Can! included a request that Kars for Kids "cease and desist from all use *in Texas* of the Mark or anything confusingly similar thereto" (emphasis added).  Kars 4 Kids admits that the August 2003 letter purported to claim use of the phrase "Cars for Kids" *in Texas* since 1992.  Kars 4 Kids denies the allegations of Paragraph 20 to the extent they imply that America Can! had or has trademark rights in the CARS FOR KIDS Designation, that America Can! had use of the CARS FOR KIDS Designation in interstate commerce as of August 2003, or that America Can!'s use of the CARS FOR KIDS Designation in interstate commerce predated Kars 4 Kids' use of the KARS 4 KIDS Marks in interstate commerce.  Kars 4 Kids denies the allegations of Paragraph 20 to the extent they imply that America Can! had valid or superior trademark rights, because Kars 4 Kids' use of the KARS 4 KIDS Marks predates America Can!'s use of the CARS FOR KIDS Designation in interstate commerce.  Kars 4 Kids also denies the allegations of Paragraph 20 to the extent they imply that Kars 4 Kids acknowledged or agreed that America Can!'s alleged rights in the CARS FOR KIDS Designation prohibited Kars 4 Kids from using the KARS 4 KIDS Marks.  Kars 4 Kids further denies the allegations of Paragraph 20 to the extent they imply that America Can! ever requested that Kars 4 Kids cease use of the KARS 4 KIDS Marks outside of the State of Texas; in fact, America Can! acquiesced to Kars 4 Kids' use of the KARS 4 KIDS Marks through over a decade of inaction during Kars 4 Kids' open and notorious use of its KARS 4 KIDS Marks outside the State of Texas.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to whether America Can! has at any time used the CARS FOR KIDS Designation as a trademark in the State of Texas.  Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 20 of the Counterclaims.

21.     Kars 4 Kids admits that the August 2003 letter included a request that

-6-

Kars for Kids "cease and desist from all use *in Texas* of the Mark or anything confusingly similar thereto" (emphasis added). Kars 4 Kids admits that the August 2003 letter purported to claim use of the phrase "Cars for Kids" *in Texas* since 1992. Kars 4 Kids denies the allegations of Paragraph 21 to the extent they imply that America Can! had or has trademark rights in the CARS FOR KIDS Designation, that America Can! had use of the CARS FOR KIDS Designation in interstate commerce as of August 2003, or that America Can!'s use of the CARS FOR KIDS Designation in interstate commerce predated Kars 4 Kids' use of the KARS 4 KIDS Marks in interstate commerce. Kars 4 Kids denies the allegations of Paragraph 21 to the extent they imply that America Can! had valid or superior trademark rights, because Kars 4 Kids' use of the KARS 4 KIDS Marks predates America Can!'s use of the CARS FOR KIDS Designation in interstate commerce. Kars 4 Kids also denies the allegations of Paragraph 21 to the extent they imply that Kars 4 Kids acknowledged or agreed that America Can!'s alleged rights in the CARS FOR KIDS Designation prohibited Kars 4 Kids from using the KARS 4 KIDS Marks. Kars 4 Kids further denies the allegations of Paragraph 21 to the extent they imply that America Can! ever requested that Kars 4 Kids cease use of the KARS 4 KIDS Marks outside of the State of Texas; in fact, America Can! acquiesced to Kars 4 Kids' use of the KARS 4 KIDS Marks through over a decade of inaction during Kars 4 Kids' open and notorious use of its KARS 4 KIDS Marks outside the State of Texas. Kars 4 Kids lacks knowledge or information sufficient to form a belief as to whether America Can! has used the CARS FOR KIDS Designation as a trademark at any time in the State of Texas. Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 21 of the Counterclaims.

22.     Kars 4 Kids admits that it filed U.S. Trademark Application Serial Number 85/250,329 for the 1-877-KARS-4-KIDS Mark (the "1-877-KARS-4-KIDS

Application") with the United States Patent and Trademark Office ("USPTO") covering "charitable fund raising services by means of collecting and reselling used automobiles" in International Class 36 on or around February 24, 2011.  Kars 4 Kids admits that the Kars 4 Kids Application ultimately issued as Registration Number 4,130,622 on or around April 24, 2012 (the "1-877-KARS-4-KIDS Registration").   Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 22 of the Counterclaims.

        23.     Kars 4 Kids admits that the August 2003 letter included a request that Kars for Kids "cease and desist from all use *in Texas* of the Mark or anything confusingly similar thereto" (emphasis added).  Kars 4 Kids admits that the August 2003 letter purported to claim use of the phrase "Cars for Kids" *in Texas* since 1992.  Kars 4 Kids denies the allegations of Paragraph 23 to the extent they imply that America Can! had or has trademark rights in the CARS FOR KIDS Designation, that America Can! had use of the CARS FOR KIDS Designation in interstate commerce as of August 2003, or that America Can!'s use of the CARS FOR KIDS Designation in interstate commerce predated Kars 4 Kids' use of the KARS 4 KIDS Marks in interstate commerce.  Kars 4 Kids denies the allegations of Paragraph 23 to the extent they imply that America Can! had valid or superior trademark rights, because Kars 4 Kids' use of the KARS 4 KIDS Marks predates America Can!'s use of the CARS FOR KIDS Designation in interstate commerce.  Kars 4 Kids also denies the allegations of Paragraph 23 to the extent they imply that Kars 4 Kids acknowledged or agreed that America Can!'s alleged rights in the CARS FOR KIDS Designation prohibited Kars 4 Kids from using the KARS 4 KIDS Marks.  Kars 4 Kids further denies the allegations of Paragraph 23 to the extent they imply that America Can! ever requested that Kars 4 Kids cease use of the KARS 4 KIDS Marks outside of the State of Texas; in fact, America Can! acquiesced to Kars 4 Kids' use of the KARS 4 KIDS Marks through over a decade

-8-

of inaction during Kars 4 Kids' open and notorious use of its KARS 4 KIDS Marks outside the State of Texas.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to whether America Can! has used the CARS FOR KIDS Designation as a trademark at any time in the State of Texas.  Kars 4 Kids admits that its 1-877-KARS-4-KIDS Application claims use in commerce of the 1-877-KARS-4-KIDS Mark since *at least* October 8, 2003.  Kars 4 Kids denies the allegations of Paragraph 23 to the extent they imply that Kars 4 Kids did not have use of the KARS 4 KIDS Marks prior to October 8, 2003 when in fact Kars 4 Kids has been using the KARS 4 KIDS Marks in interstate commerce since at least as early as 1998.  Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 23 of the Counterclaims.

24.    Kars 4 Kids admits that its 1-877-KARS-4-KIDS Application was executed on behalf of Kars 4 Kids by Asher Moskovits.  Kars 4 Kids denies the allegations of Paragraph 24 to the extent they imply that America Can! possessed trademark rights, that it had a right to use the CARS FOR KIDS Designation in interstate commerce, or that it had superior rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-KIDS Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS Application. Kars 4 Kids denies the allegations of Paragraph 24 to the extent they imply that Asher Moskovitz or Kars 4 Kids believed that America Can! possessed trademark rights, that America Can! had a right to use the CARS FOR KIDS Designation in interstate commerce, or that America Can! had superior rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-KIDS Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS Application.  Kars 4 Kids denies each and every remaining allegation in Paragraph 24 of the Counterclaims.

25.    Kars 4 Kids admits that Kars 4 Kids stated in its 1-877-KARS-4-KIDS

Application that, to the best of its knowledge and belief, no other person had the right to use the mark in interstate commerce, but denies the allegations of Paragraph 25 to the extent they imply that America Can! had a right to use the mark, or a confusingly similar mark, in interstate commerce. Kars 4 Kids further denies the allegations of Paragraph 25 to the extent they imply that Kars 4 Kids believed at the time of its 1-877-KARS-4-KIDS Application that America Can! had valid and superior rights to the KARS 4 KIDS Marks or that Kars 4 Kids believed there was a likelihood of confusion between the KARS 4 KIDS Marks and the CARS FOR KIDS Designation at the time of the filing of the 1-877-KARS-4-KIDS Application. Kars 4 Kids denies each and every remaining allegation in Paragraph 25 of the Counterclaims.

26.     Kars 4 Kids admits that Kars 4 Kids filed an application for a stylized mark KARS 4 KIDS, U.S. Serial Number 77/673,523, on or around February 19, 2009 (the "KARS 4 KIDS Application"). Kars 4 Kids further admits that the USPTO issued an Office Action for the KARS 4 KIDS Application claiming a likelihood of confusion with a prior registration for the CARS FOR KIDS' SAKE Mark. Kars 4 Kids filed a response to the Office Action on or around November 12, 2009, arguing that there was no likelihood of confusion with the CARS FOR KIDS' SAKE Mark. Kars 4 Kids admits that the USPTO issued another Office Action maintaining the refusal on or around November 24, 2009. Kars 4 Kids denies the allegations of Paragraph 26 to the extent they imply that Kars 4 Kids acknowledged or believed there was a likelihood of confusion with the CARS FOR KIDS' SAKE Mark or the CARS FOR KIDS Designation or that the CARS FOR KIDS' SAKE Registration or the CARS FOR KIDS Designation constituted material information that should have been disclosed by Kars 4 Kids at the time of its 1-877-KARS-4-KIDS Application, which belief was later substantiated by the fact that the USPTO did not cite the CARS FOR KIDS' SAKE Registration against the

1-877-KARS-4-KIDS Application.   Kars 4 Kids further denies each and every remaining allegation in Paragraph 26 of the Complaint.

27.   Paragraph 27 asserts conclusions of law to which no response is required. To the extent a response is required, Kars 4 Kids denies each and every allegation and conclusion of law contained in Paragraph 27 of the Counterclaims.

28.   Kars 4 Kids admits that the USPTO records reflect that America Can! filed a trademark application, U.S. Serial Number 85/796,733, for the phrase "Cars for Kids" (the "CARS FOR KIDS Application) on or around December 6, 2012, in Class 35 for "arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales; organizing and conducting charity auctions for charitable fundraising purposes" and in Class 36 for "charitable fundraising by means of collecting and reselling used automobiles and watercraft."

29.   Kars 4 Kids admits that on or about May 30, 2014, Kars 4 Kids filed a notice of opposition against the CARS FOR KIDS Application contending, *inter alia*, that it has priority over any alleged rights in the CARS FOR KIDS Designation because Kars 4 Kids has used its KARS 4 KIDS Marks in commerce prior to America Can!'s use of its CARS FOR KIDS Designation in interstate commerce (the "Opposition").

30.   Kars 4 Kids admits that on or about August 7, 2014, America Can! filed an answer to the Opposition seeking cancellation of the 1-877-KARS-4-KIDS Registration (the "America Can! Answer").   Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 30 of the Counterclaims.

31.   Kars 4 Kids admits that on or about September 8, 2014, Kars 4 Kids filed an answer to the counterclaims raised in the America Can! Answer.

**FIRST COUNTERCLAIM**
**CANCELLATION OF THE "1-877-KARS-4-KIDS" TRADEMARK**
**REG. NO. 4,130,622 (15 U.S.C. §1119)**

32.     In response to Paragraph 32, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 31, as if fully set forth herein.

33.     Kars 4 Kids admits that this Court has authority to order cancellations of registrations at the USPTO pursuant to 15 U.S.C. § 1119, but denies that there are any grounds for the Court to order the cancellation of the 1-877-KARS-4-KIDS Registration.  Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 33 of the Counterclaims.

34.     Kars 4 Kids admits that it filed its 1-877-KARS-4-KIDS Application on or around February 24, 2011 and admits that Kars 4 Kids claimed a first use date in commerce of *at least* October 8, 2003.  Kars 4 Kids denies the allegations of Paragraph 34 to the extent they imply that Kars 4 Kids did not have use of the KARS 4 KIDS Marks prior to October 8, 2003. Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 34 of the Counterclaims.

35.     Kars 4 Kids denies the allegations of Paragraph 35 to the extent they imply that America Can! holds superior or prior rights in the CARS FOR KIDS Designation or the KARS 4 KIDS Marks.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Counterclaims and therefore denies each and every allegation in Paragraph 35 of the Counterclaims.

36.     Kars 4 Kids denies the allegations of Paragraph 36 to the extent they imply that Kars 4 Kids had or has trademark rights in the CARS FOR KIDS Designation. Paragraph 36 asserts conclusions of law to which no response is required.  To the extent a response is required, Kars 4 Kids denies each and every allegation and conclusion of law

-12-

contained in Paragraph 36 of the Counterclaims.

37.     Kars 4 Kids admits that America Can!'s CARS FOR KIDS Designation is confusingly similar to the KARS 4 KIDS Marks and therefore constitutes infringement of Kars 4 Kids' superior trademark rights.   Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 37 of the Counterclaims.

38.     Kars 4 Kids denies each and every allegation in Paragraph 38 of the Counterclaims.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF FRAUD ON THE USPTO AND CANCELLATION**
**OF THE "1-877-KARS-4-KIDS" TRADEMARK, REG. NO. 4,130,622 (15 U.S.C.§ 1119)**

39.     In response to Paragraph 39, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 38, as if fully set forth herein.

40.     Kars 4 Kids admits that it filed its 1-877-KARS-4-KIDS Application with the USPTO on or around February 24, 2011.

41.     Kars 4 Kids admits that its 1-877-KARS-4-KIDS Application was executed on behalf of Kars 4 Kids by Asher Moskovits.  Kars 4 Kids denies the allegations of Paragraph 41 to the extent they imply that America Can! possessed trademark rights, that it had a right to use the CARS FOR KIDS Designation in interstate commerce, or that it had superior rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-KIDS Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS Application. Kars 4 Kids denies the allegations of Paragraph 41 to the extent they imply that Asher Moskovitz or Kars 4 Kids believed that America Can! possessed trademark rights, that America Can! had a right to use the CARS FOR KIDS Designation in interstate commerce, or that America Can! had superior rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-

KIDS Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS Application.  Kars 4 Kids denies each and every remaining allegation in Paragraph 41 of the Counterclaims.

42.     Kars 4 Kids admits that it had knowledge of America Can!'s use of the CARS FOR KIDS Designation at the time Kars 4 Kids filed its 1-877-KARS-4-KIDS Application.  Kars 4 Kids admits that America Can!'s CARS FOR KIDS Designation is confusingly similar to the KARS 4 KIDS Marks and therefore constitutes infringement of Kars 4 Kids' superior trademark rights.  Kars 4 Kids denies the allegations of Paragraph 42 to the extent they imply that America Can! possessed trademark rights, that America Can! had superior trademark rights to Kars 4 Kids, or that it had a right to use the CARS FOR KIDS Designation in interstate commerce at the time of the filing of the 1-877-KARS-4-KIDS Application.  Kars 4 Kids denies the allegations of Paragraph 42 to the extent that they imply Kars 4 Kids believed that America Can! possessed trademark rights, that America Can! possessed superior trademark rights to Kars 4 Kids, or that America Can! had a right to use the CARS FOR KIDS Designation in interstate commerce at the time of the filing of the 1-877-KARS-4-KIDS Application.  Kars 4 Kids further denies the allegations of Paragraph 42 to the extent they imply that America Can!'s use of the CARS FOR KIDS Designation was a material fact which should have been disclosed to the USPTO, which belief was later substantiated by the fact that the USPTO did not cite the CARS FOR KIDS' SAKE Registration against the 1-877-KARS-4-KIDS Application.  Kars 4 Kids further denies each and every remaining allegation in Paragraph 42 of the Counterclaims.

43.     Kars 4 Kids admits that Kars 4 Kids filed the KARS 4 KIDS Application on or around February 19, 2009.  Kars 4 Kids further admits that the USPTO issued an Office Action for the KARS 4 KIDS Application claiming a likelihood of confusion with a prior

-14-

registration for the CARS FOR KIDS' SAKE Mark.  Kars 4 Kids filed a response to the Office

Action on or around November 12, 2009, arguing that there was no likelihood of confusion with

the CARS FOR KIDS' SAKE Mark.  Kars 4 Kids admits that the USPTO issued another Office

Action maintaining the refusal on or around November 24, 2009.  Kars 4 Kids denies the

allegations of Paragraph 43 to the extent they imply that Kars 4 Kids acknowledged or believed

there was a likelihood of confusion with the CARS FOR KIDS' SAKE Mark or the CARS FOR

KIDS Designation or that the CARS FOR KIDS' SAKE Registration or the CARS FOR KIDS

Designation constituted material information that should have been disclosed by Kars 4 Kids at

the time of its 1-877-KARS-4-KIDS Application, which belief was later substantiated by the fact

that the USPTO did not cite the CARS FOR KIDS' SAKE Registration against the

1-877-KARS-4-KIDS Application.  Kars 4 Kids further denies each and every remaining

allegation in Paragraph 43 of the Counterclaims.

    44. Kars 4 Kids admits that its 1-877-KARS-4-KIDS Application was

executed on behalf of Kars 4 Kids by Asher Moskovits.  Kars 4 Kids denies the allegations of

Paragraph 44 to the extent they imply that America Can! possessed trademark rights, that it had a

right to use the CARS FOR KIDS Designation in interstate commerce, or that it had superior

rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-KIDS

Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS Application.

Kars 4 Kids denies the allegations of Paragraph 44 to the extent they imply that Asher Moskovitz

or Kars 4 Kids believed that America Can! possessed trademark rights, that America Can! had a

right to use the CARS FOR KIDS Designation in interstate commerce, or that America Can! had

superior rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-

KIDS Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS

Application.  Kars 4 Kids denies each and every remaining allegation in Paragraph 44 of the Counterclaims.

45.     Kars 4 Kids admits that its 1-877-KARS-4-KIDS Application was executed on behalf of Kars 4 Kids by Asher Moskovits.  Kars 4 Kids denies the allegations of Paragraph 45 to the extent they imply that America Can! possessed trademark rights, that it had a right to use the CARS FOR KIDS Designation in interstate commerce, or that it had superior rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-KIDS Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS Application.  Kars 4 Kids denies the allegations of Paragraph 45 to the extent they imply that Asher Moskovitz or Kars 4 Kids believed that America Can! possessed trademark rights, that America Can! had a right to use the CARS FOR KIDS Designation in interstate commerce, or that America Can! had superior rights to Kars 4 Kids to use the CARS FOR KIDS Designation or the 1-877-KARS-4-KIDS Mark in interstate commerce, at the time of the filing of the 1-877-KARS-4-KIDS Application.  Kars 4 Kids denies each and every remaining allegation in Paragraph 45 of the Counterclaims.

46.     Kars 4 Kids denies each and every allegation in Paragraph 46 of the Counterclaims.

47.     Kars 4 Kids denies each and every allegation in Paragraph 47 of the Counterclaims.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO PROTECTABLE TRADEMARK

48.     In response to Paragraph 48, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 47, as if fully set forth herein.

-16-

49.     Kars 4 Kids admits that the USPTO records reflect that America Can! filed the CARS FOR KIDS Application on or around December 6, 2012, in Class 35 for "arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales; organizing and conducting charity auctions for charitable fundraising purposes" and in Class 36 for "charitable fundraising by means of collecting and reselling used automobiles and watercraft."

50.     Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Counterclaims and on that basis denies each and every allegation contained in Paragraph 50 of the Counterclaims.

51.     Kars 4 Kids admits that its 1-877-KARS-4-KIDS Application claims use in commerce of the 1-877-KARS-4-KIDS Mark since *at least* October 8, 2003.  Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 51 of the Counterclaims.

52.     Kars 4 Kids admits that it states in the Complaint that Kars 4 Kids has used the KARS 4 KIDS Marks in commerce since *at least as early as* 1998.  Kars 4 Kids denies the allegations of Paragraph 52 to the extent they imply that America Can! has or had valid trademark rights in the CARS FOR KIDS Designation.  Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 52 of the Counterclaims.

53.     Kars 4 Kids denies each and every allegation in Paragraph 53 of the Counterclaims.

54.     Kars 4 Kids admits that America Can!'s CARS FOR KIDS Designation is confusingly similar to the KARS 4 KIDS Marks and therefore constitutes infringement of Kars 4 Kids' superior trademark rights.  Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 54 of the Counterclaims.

-17-

55.     Kars 4 Kids denies each and every allegation in Paragraph 55 of the Counterclaims.

56.     Kars 4 Kids admits that America Can!'s CARS FOR KIDS Designation is confusingly similar to the KARS 4 KIDS Marks and therefore constitutes infringement of Kars 4 Kids' superior trademark rights.   Kars 4 Kids otherwise denies each and every remaining allegation in Paragraph 56 of the Counterclaims.

57.     Kars 4 Kids denies the allegations in Paragraph 57 to the extent they imply that America Can! has any right or title to the CARS FOR KIDS Designation or its registration or exclusive use thereof.  Kars 4 Kids denies each and every allegation in Paragraph 57 of the Counterclaims.

58.     Kars 4 Kids denies each and every allegation in Paragraph 58 of the Counterclaims.

59.     Kars 4 Kids denies each and every allegation in Paragraph 59 of the Counterclaims.

**FOURTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT**

60.     In response to Paragraph 60, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 59, as if fully set forth herein.

61.      Kars 4 Kids denies each and every allegation in Paragraph 61 of the Counterclaims.

62.     Kars 4 Kids denies each and every allegation in Paragraph 62 of the Counterclaims.

**FIFTH COUNTERCLAIM**
**UNFAIR COMPETITION UNDER FEDERAL LAW (15 U.S.C. §1125(a))**

-18-

63.     In response to Paragraph 63, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 62, as if fully set forth herein.

64.      Kars 4 Kids denies each and every allegation in Paragraph 64 of the Counterclaims.

65.      Kars 4 Kids denies each and every allegation in Paragraph 65 of the Counterclaims.

66.      Kars 4 Kids denies each and every allegation in Paragraph 66 of the Counterclaims.

67.      Kars 4 Kids denies each and every allegation in Paragraph 67 of the Counterclaims.

## SIXTH COUNTERCLAIM
## TRADEMARK DILUTION UNDER FEDERAL LAW (15 U.S.C. §1125(c))

68.     In response to Paragraph 68, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 67, as if fully set forth herein.

69.      Kars 4 Kids denies that the CARS FOR KIDS Designation is distinctive and denies that the CARS FOR KIDS Designation is uniquely associated with America Can!. Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Counterclaims regarding America Can!'s nationwide advertising or promotion.  Kars 4 Kids denies the allegations of Paragraph 69 to the extent they imply that the CARS FOR KIDS Designation is distinctive or famous.  Paragraph 69 asserts conclusion of law as to the distinctiveness or alleged fame of the CARS FOR KIDS Designation to which no response is required.  To the extent a response is required, Kars 4 Kids denies each and every allegation and conclusion of law contained in Paragraph 69 of the Counterclaims.

70.     Kars 4 Kids denies the allegations of Paragraph 70 to the extent they imply that the CARS FOR KIDS Designation is distinctive or famous.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 regarding America Can!'s fundraising activities.  Kars 4 Kids denies the allegations of Paragraph 70 to the extent they imply that America Can! began its use of the CARS FOR KIDS Designation in interstate commerce before Kars 4 Kids' use of the KARS 4 KIDS Marks in interstate commerce, because Kars 4 Kids is the senior user.  Paragraph 70 asserts conclusion of law as to the distinctiveness or alleged fame of the CARS FOR KIDS Designation to which no response is required.  To the extent a response is required, Kars 4 Kids denies each and every allegation and conclusion of law contained in Paragraph 70 of the Counterclaims.

71.      Kars 4 Kids denies each and every allegation in Paragraph 71 of the Counterclaims.

72.     Kars 4 Kids denies each and every allegation in Paragraph 72 of the Counterclaims.

73.     Kars 4 Kids denies each and every allegation in Paragraph 73 of the Counterclaims.

74.     Kars 4 Kids denies each and every allegation in Paragraph 74 of the Counterclaims.

## SEVENTH COUNTERCLAIM
## TRADEMARK DILUTION UNDER NEW JERSEY LAW (N.J.S.A §56:3-13 *et seq.*)

75.     In response to Paragraph 75, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 74, as if fully set forth herein.

76.     Kars 4 Kids denies that the CARS FOR KIDS Designation is distinctive and denies that the CARS FOR KIDS Designation is uniquely associated with America Can!. Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Counterclaims regarding America Can!'s nationwide advertising or promotion.  Kars 4 Kids denies the allegations of Paragraph 76 to the extent they imply that the CARS FOR KIDS Designation is distinctive or famous.  Paragraph 76 asserts conclusions of law as to the distinctiveness or alleged fame of the CARS FOR KIDS Designation to which no response is required.  To the extent a response is required, Kars 4 Kids denies each and every allegation and conclusion of law contained in Paragraph 76 of the Counterclaims.

77.     Kars 4 Kids denies the allegations of Paragraph 77 to the extent they imply that the CARS FOR KIDS Designation is distinctive or famous.  Kars 4 Kids lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 regarding America Can!'s fundraising activities.  Kars 4 Kids denies the allegations of Paragraph 77 to the extent they imply that America Can! began its use of the CARS FOR KIDS Designation in interstate commerce before Kars 4 Kids' use of the KARS 4 KIDS Marks in interstate commerce, because Kars 4 Kids is the senior user.  Paragraph 77 asserts conclusion of law as to the distinctiveness or alleged fame of the CARS FOR KIDS Designation to which no response is required.  To the extent a response is required, Kars 4 Kids denies each and every allegation and conclusion of law contained in Paragraph 77 of the Counterclaims.

78.     Kars 4 Kids denies each and every allegation in Paragraph 78 of the Counterclaims.

-21-

79.     Kars 4 Kids denies each and every allegation in Paragraph 79 of the Counterclaims.

80.     Kars 4 Kids denies each and every allegation in Paragraph 80 of the Counterclaims.

81.     Kars 4 Kids denies each and every allegation in Paragraph 81 of the Counterclaims.

## EIGHTH COUNTERCLAIM
## UNFAIR COMPETITION UNDER NEW JERSEY LAW (N.J.S.A. §56:4-1)

82.     In response to Paragraph 82, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 81, as if fully set forth herein.

83.     Kars 4 Kids denies the allegations of Paragraph 83 to the extent they imply that America Can! holds exclusive or superior rights to the CARS FOR KIDS Designation.  Kars 4 Kids further denies each and every remaining allegation in Paragraph 83 of the Counterclaims.

84.     Kars 4 Kids denies the allegations of Paragraph 84 to the extent they imply that America Can! holds exclusive or superior rights to the CARS FOR KIDS Designation.  Kars 4 Kids further denies the allegations of Paragraph 84 to the extent they imply that Kars 4 Kids needed authorization from America Can! for its use of the KARS 4 KIDS Marks, because Kars 4 Kids holds superior trademark rights.  Kars 4 Kids denies each and every remaining allegation in Paragraph 84 of the Counterclaims.

85.     Kars 4 Kids denies each and every allegation in Paragraph 85 of the Counterclaims.

86.     Kars 4 Kids denies each and every allegation in Paragraph 86 of the

-22-

Counterclaims.

87.     Kars 4 Kids denies each and every allegation in Paragraph 87 of the Counterclaims.

88.     Kars 4 Kids denies each and every allegation in Paragraph 88 of the Counterclaims.

## SEVENTH[SIC][1] COUNTERCLAIM
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

89.     In response to Paragraph 89, Kars 4 Kids repeats and realleges its responses to Paragraphs 1 through 88, as if fully set forth herein.

90.     Kars 4 Kids denies the allegations of Paragraph 90 to the extent they imply that America Can! holds exclusive or superior rights to the CARS FOR KIDS Designation.  Kars 4 Kids further denies each and every remaining allegation in Paragraph 90 of the Counterclaims.

91.     Kars 4 Kids denies the allegations of Paragraph 91 to the extent they imply that America Can! holds exclusive or superior rights to the CARS FOR KIDS Designation.  Kars 4 Kids further denies the allegations of Paragraph 91 to the extent they imply that Kars 4 Kids needed authorization from America Can! for its use of the KARS 4 KIDS Marks, because Kars 4 Kids holds superior trademark rights.  Kars 4 Kids denies each and every remaining allegation in Paragraph 91 of the Counterclaims.

92.     Kars 4 Kids denies each and every allegation in Paragraph 92 of the Counterclaims.

93.     Kars 4 Kids denies each and every allegation in Paragraph 93 of the Counterclaims.

-23-

94.     Kars 4 Kids denies each and every allegation in Paragraph 94 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, by the applicable statutes of limitations governing its claims.

### Second Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, by its own conduct.

### Third Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Sixth Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, because America Can! has no valid, protectable trademark rights in the CARS FOR KIDS Designation.

### Seventh Affirmative Defense

---

[1] America Can! listed this counterclaim as the "seventh," when, in fact, it should be the ninth.

America Can!'s claims for relief are barred, in whole or in part, by the doctrine of laches.

## Eighth Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, by the doctrines of waiver and/or acquiescence, because America Can! did not object to Kars 4 Kids' open and notorious use of the KARS 4 KIDS Marks.

## Ninth Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, because Kars 4 Kids' trademark rights in its KARS 4 KIDS Marks predate any alleged trademark rights of America Can! in the CARS FOR KIDS Designation.

## Tenth Affirmative Defense

America Can!'s claims for relief are barred, in whole or in part, because its CARS FOR KIDS Designation is not distinctive and has not acquired secondary meaning.


## PRAYER FOR RELIEF

**WHEREFORE,** Kars 4 Kids respectfully requests that the Court grant the following relief:

A.      Judgment in Kars 4 Kids' favor on each count;

B.      Denial of America Can!'s request for injunctive relief;

C.      Denial of America Can!'s request for damages;

D.      Denial of all relief sought by America Can! in its Counterclaims;

E.      Grant Preliminary and permanent injunctive relief enjoining and restraining America Can! and its officers, directors, agents, servants, employees, licensees, and

-25-

all other persons in privity or acting in concert with them from using the CARS FOR KIDS designation or any term, mark, logo, trade name, Internet domain name or any other source identifier or symbol of origin that is confusingly similar to the KARS 4 KIDS Marks or likely to dilute their distinctive quality;

F.     Order that America Can! transfer ownership of the www.carsforkids.org and www.americascarsforkids.org domain names to Kars 4 Kids;

G.     Order that America Can! account to Kars 4 Kids for its profits and any damages sustained by Kars 4 Kids from the foregoing acts of trademark infringement, trademark dilution, and unfair competition;

H.     Order an award of profits in accordance with such accounting and award a judgment for three times Kars 4 Kids' actual damages arising from America Can!'s unlawful conduct pursuant to 15 U.S.C. §1117;

I.     Find that the America Can! conduct was willful and that this case is exceptional pursuant to 15 U.S.C. §1117;

J.     Order that Kars 4 Kids recover its costs including its reasonable attorney's fees and disbursements in this action pursuant to 15 U.S.C. §1117;

K.     Direct the USPTO to refuse the CARS FOR KIDS Application and sustain the Kars 4 Kids' Opposition pursuant to 15 U.S.C. §1019;

L.     Direct the USPTO to refuse the America Can! Cancellation pursuant to 15 U.S.C. §1019;

M.     Grant any and all relief provided pursuant to N.J.S.A. § 56:4-2, including treble damages;

N.     Order that America Can! and its officers, directors, agents, servants,

-26-

employees, licensees, and all other persons in privity or acting in concert with them take affirmative steps to dispel any actual confusion that heretofore has been created by the trademark infringement described above; and

O.      Order any such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

In accordance with the Federal Rule of Civil Procedure 38(b), Kars 4 Kids demands a trial by jury on all issues triable as of right.

DATED:  March 2, 2015                        Respectfully submitted,

**CONNELL FOLEY**

By:     *s/Liza M. Walsh*
        Liza M. Walsh
        Marc D. Haefner
        Christopher J. Borchert
        85 Livingston Avenue
        Roseland, New Jersey 07068
        (973) 535-0500

        Peter D. Vogl
        Mary Beth Myles
        ORRICK, HERRINGTON & SUTCLIFFE
        51 West 52nd Street
        New York, New York 10019-6142

        *Attorneys for Plaintiff KARS 4 KIDS INC.*

-27-