Liza M. Walsh
Marc D. Haefner
Christopher J. Borchert
CONNELL FOLEY LLP
One Newark Center
1085 Raymond Blvd., 19th Floor
Newark, New Jersey 07102
(973) 757-1100

Peter D. Vogl
Lisa T. Simpson
Mary Beth Myles
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

*Attorneys for Plaintiff*
*KARS 4 KIDS INC.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KARS 4 KIDS INC., | : | Civil Action No. 14-7770 (PGS/LHG) |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | **DECLARATION OF PETER D. VOGL** |
| v. | : | **IN SUPPORT OF MOTION TO** |
| | : | **ENFORCE SETTLEMENT OR, IN** |
| AMERICA CAN!, | : | **THE ALTERNATIVE, REOPEN THE** |
| | : | **MATTER** |
| Defendant. | : | |
| | : | ***Filed Electronically*** |

1

I, Peter D. Vogl, Esq., hereby affirm and state:

1.    I am an attorney-at-law admitted to practice in New York and before this Court and am a partner at the firm Orrick, Herrington & Sutcliffe, counsel for Plaintiff Kars 4 Kids ("K4K") in connection with the above-captioned matter.

2.    I submit this Declaration in support of K4K's Motion to Enforce the Settlement Agreement or, in the Alternative, to Reopen this Matter, pursuant to Local Civil Rule 41.1(b) and the Court's July 30, 2015 Order.  This application is being made by December 23, 2015, as directed by the Court's Order.

3.    On December 6, 2012, America Can filed a trademark application with the United States Patent and Trademark Office, Serial Number 85/796,733, for CARS FOR KIDS (the "CARS FOR KIDS Mark").

4.    On May 30, 2014, K4K filed a Notice of Opposition against America Can's trademark application for CARS FOR KIDS before the Trademark Trial and Appeal Board (the "Opposition").

5.    Counsel for the parties engaged in settlement discussions in connection with the Opposition, which were unsuccessful.  As a result, K4K filed this action to protect its trademark rights on December 12, 2014.

6.    On February 24, 2015, the Trademark Trial and Appeal Board suspended the Opposition pending the resolution of this litigation.

7.    On May 12, 2015, the parties agreed to engage in a voluntary discovery period during which the parties exchanged information regarding the parties' respective alleged first use dates throughout the United States.

8.      The parties voluntarily exchanged a substantial amount of documents and records containing evidence of the parties' use of their respective marks in jurisdictions throughout the United States, as well as evidence of individual donations, marketing, and advertising.

9.      On June 23, 2015, the parties participated in a settlement conference before the Honorable Lois H. Goodman, U.S.M.J.

10.     On June 29, 2015, counsel for K4K emailed a term sheet containing draft proposed terms to counsel for America Can.  Attached hereto as Exhibits A and B are true and correct copies of an email communication sent by me to counsel for America Can, Mr. Pressment, on June 29, 2015 and the attached term sheet, respectively.

11.     On July 1, 2015, counsel for K4K and counsel for America Can engaged in a telephonic conference of counsel to discuss the June 29, 2015 term sheet.  During that telephone call, America Can proposed $3.995 million for the settlement amount.

12.     On or around July 1 and 3, 2015, counsel for the parties concurred that each party would be able to accept unsolicited telephone donations, regardless of the location of the donor or vehicle.  During discussions between counsel, Mr. Pressment gave an example of a relative of an America Can executive residing outside of Texas, who should be able to donate to his charity of choice.  Mr. Pressment and I concurred that confusion was not present, or was less likely, in the case of telephone donations.  I also expressed that confusion was less likely where a potential donor must dial a "5" for the "k" in "kars," as opposed to a "2" for the "c" in "cars."

13.     On July 1 and 3, 2015, Mr. Pressment relayed that America Can wanted the settlement agreement to limit the parties' ability to accept donations via the Internet.  It was America Can's position that K4K should not accept donations over the Internet from inside Texas, while America Can should not accept donations over the Internet from outside Texas.

14.     Throughout the settlement negotiations between counsel, K4K proposed several arrangements whereby the parties could accept donations from each other's respective geographic territories where no confusion was present.  The parties ultimately could not agree to an arrangement for online donations, where it would be impossible to foreclose the possibility that a donor did not reach the K4K website by searching for "cars for kids."  Since the parties are not able to control the natural search results of a search engine, the parties agreed that online donations should receive different treatment and donations should be restricted according to the parties' geographic territories.

15.     On July 6, 2015, counsel for America Can provided a revised term sheet to K4K. Attached hereto as Exhibits C and D are true and correct copies of the July 6, 2015 email from Mr. Pressment and the attached July 6 term sheet, respectively.

16.     On July 8, 2015, counsel for the parties engaged in a telephone conference with Judge Goodman in furtherance of settlement discussions.

17.     On July 16, 2015, Mr. Vogl emailed Mr. Pressment a revised term sheet. Attached hereto as Exhibits E and F are true and correct copies of the July 16, 2015 email from Mr. Vogl to Mr. Pressment and the July 16 term sheet, respectively.

18.     On July 16, 2015, Mr. Pressment emailed Mr. Vogl a revised term sheet. Attached hereto as Exhibits G and H are true and correct copies of the July 16, 2015 email from Mr. Pressment to Mr. Vogl and the July 16 term sheet, respectively.

19.     On July 16, 2015, counsel for the parties engaged in a telephone conference to discuss the term sheet.  At no point during the July 16, 2015 conversation between counsel did counsel for America Can indicate it was withdrawing the provision regarding telephone donations.

20.     On July 21, 2015, counsel for the parties engaged in another telephone conference to discuss the term sheet. At no point during the July 21, 2015 conversation between counsel did counsel for America Can indicate it was withdrawing the provision regarding telephone donations.

21.     On July 21, 2015, counsel for K4K placed a call to the clerk of this Court to inform him of the status of the settlement discussions and the counteroffer of $3 million made by America Can.

22.     On July 22, 2015, counsel for the parties engaged in a telephone conference to discuss settlement payment. At no point during the July 22, 2015 conversation between counsel did counsel for America Can indicate it was withdrawing the provision regarding telephone donations.

23.     On July 24, 2015, counsel for the parties engaged in a telephone conference with Judge Goodman. During that call, counsel for the parties explained that the parties had not consummated a settlement, but that the parties were in agreement as to all material terms, except settlement payment. Counsel conveyed to Judge Goodman that America Can's last offer was $3.995 million, while K4K had countered with $3 million. Judge Goodman instructed the parties to decide if they would agree to accept $3.5 million payable to America Can over a period of three years.

24.     On July 27, 2015, counsel for K4K informed Judge Goodman that the parties had not accepted the settlement of $3.5 million payable over three years.

25.     On July 28, 2015, the parties engaged in a settlement conference before Judge Goodman. At the conclusion of the July 28 settlement conference, the parties reached agreement as to the payment term of $3.1 million made by K4K to America Can. The parties did not agree

upon the transfer of any domain names during the July 28 settlement conference.  The parties did not discuss the telephone donations provision during the July 28 settlement conference.

26.     On September 11, 2015, I emailed counsel for America Can and provided a draft settlement agreement for America Can's review and approval.  Attached hereto as Exhibit I is a true and correct copy of the September 11, 2015 draft settlement agreement sent from K4K to America Can.

27.     On September 30, 2015, I received an email from Mr. Pressment attaching a revised draft settlement agreement.  Attached hereto as Exhibit J is a true and correct copy of the September 30, 2015 draft settlement agreement (including a clean copy of the agreement and a copy containing track changes) sent from America Can to K4K.

28.     On October 5, 2015, I emailed Mr. Pressment expressing concern that America Can's revisions in the September 30, 2015 draft settlement agreement were a significant departure from the settlement terms agreed upon by the parties.  Attached hereto as Exhibit K is a true and correct copy of the October 5, 2015 email sent by me to Mr. Pressment.

29.     On November 2, 2015, counsel for K4K sent a revised settlement agreement to counsel for America Can.  Attached hereto as Exhibit L is a true and correct copy of the November 2, 2015 draft settlement agreement sent from K4K to America Can.

30.     On November 6, 2015, counsel for America Can and K4K engaged in a telephone call to discuss the settlement agreement.  During that telephone conference, Mr. Pressment consented to a provision permitting the parties to accept telephone donations, provided that the language was clarified to indicate that the parties could only accept unsolicited telephone donations and not engage in "cold calling" of potential donors.

31.     On November 11, 2015, counsel for K4K sent a revised settlement agreement to counsel for America Can.  Attached hereto as Exhibit M is a true and correct copy of the November 11, 2015 draft settlement agreement sent from K4K to America Can.

32.     On November 12, 2015, America Can filed a Complaint in the Northern District of Texas, No. 3:15-cv-03648-B, alleging many of the same causes of action at issue in this litigation.

33.     On November 13, 2015, counsel for K4K sent a revised draft settlement agreement to counsel for America Can.  Attached hereto as Exhibit N is a true and correct copy of the November 13, 2015 draft settlement agreement sent from K4K to America Can.

34.     On November 16, 2015, counsel for America Can sent a revised draft settlement agreement to counsel for K4K.  Attached hereto as Exhibit O is a true and correct copy of the November 16, 2015 draft settlement agreement sent from America Can to K4K.

35.     On November 16, 2015, counsel for America Can submitted a confidential letter to the Court setting forth its position on the status of the settlement agreement.  Counsel for K4K submitted a letter to the Court in response to the America Can letter on November 16, 2015.

36.     On November 17, 2015, the parties engaged in a telephone conference with Judge Goodman wherein she instructed counsel for the parties to confer with one another daily and to provide letters setting forth their positions by November 24, 2015.  Accordingly, counsel for the parties engaged in telephone conferences on November 18, 19, 20, and 23, 2015.

37.     On November 17, 2015, counsel for K4K sent a revised draft settlement agreement to counsel for America Can.  Attached hereto as Exhibit P is a true and correct copy of the November 17, 2015 draft settlement agreement sent from K4K to America Can.

38.     On November 18, 2015, counsel for the parties engaged in a telephone conference.  During that call, Mr. Pressment advised me that America Can would not agree to any provision permitting the parties to accept telephone donations in the each other's geographic territory.

39.     On November 18, 2015, counsel for K4K sent a revised draft settlement agreement to counsel for America Can.  Attached hereto as Exhibit Q is a true and correct copy of the November 18, 2015 draft settlement agreement sent from K4K to America Can.

40.     On November 18, 2015, counsel for America Can also sent a revised draft settlement agreement to counsel for K4K.  Attached hereto as Exhibit R is a true and correct copy of the November 18, 2015 draft settlement agreement sent from America Can to K4K.

41.     On November 24, 2015, counsel for the parties submitted confidential letters to the Court requesting leave to file motions to enforce the settlement agreement.

42.     Attached hereto as Exhibit S is a true and correct copy of screenshots from the Internet Archive's Wayback Machine, available at http://archive.org, showing ownership of the www.carsforkids.com domain name to two other entities operating under the name "Cars for Kids" since at least June 1, 2000.

43.     As a result, despite counsel for K4K's best efforts, the settlement agreement reached with America Can and K4K has not been consummated.

44.     The settlement terms contained in the July 16 term sheet, attached hereto as Exhibit H, along with the payment terms agreed upon at the July 28 settlement conference (i.e., $3.1 million payable from K4K to America Can as follows: $1.8 million at the time of signing; $850,000 by January 1, 2016; $450,000 by August 31, 2016), constitute the material terms of the settlement (the "Settlement Terms").

I affirm that the foregoing statements by me are true and correct.

Dated: December 23, 2015

Peter D. Vogl

# EXHIBIT A

**Myles, Mary Beth**

---

| | |
|---|---|
| **From:** | Vogl, Peter D. |
| **Sent:** | Monday, June 29, 2015 5:39 PM |
| **To:** | Pressment, Jonathan (Jonathan.Pressment@haynesboone.com); Confoy, Karen A. |
| **Cc:** | Simpson, Lisa T.; Liza M. Walsh; Myles, Mary Beth |
| **Subject:** | Proposed Settlement Terms |
| **Attachments:** | 762547975(2)_Proposed Settlement Terms.DOCX |

Jon,

Attached please find the proposed terms.  Sorry for the delay in getting this to you but I had another matter that required some attention. Happy to discuss the terms once you have had a chance to run them by your client.   As discussed, it would be helpful if your client could provide me with some additional details on the $1.5 million/yr in revenues that it has generated through its national advertising.  Thanks.  Regards.  Peter


Peter D. Vogl
Partner


ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142

tel +1-212-506-3625
fax +1-212-506-5151
pvogl@orrick.com
www.orrick.com

1

# EXHIBIT B

**KARS 4 KIDS INC. V. AMERICA CAN!**
**PROPOSED SETTLEMENT TERMS**
**CONFIDENTIAL PURSUANT TO FEDERAL RULE OF EVIDENCE 408**

**Settlement Terms:**

- **Consideration**

  - K4K agrees to pay $2.8 million to AC.

- **Trademark Rights**

  - K4K will withdraw their opposition to AC's "Cars for Kids" application.

  - AC will withdraw its counterclaims for cancellation of the 1-877-KARS-4-KIDS registration.

  - AC and K4K will negotiate a mechanism to enforce the CARS FOR KIDS mark against all third party infringers.  To that end, the Parties agree to consider AC licensing the CARS FOR KIDS mark to K4K for defensive purposes outside the State of Texas.

  - AC will consent to K4K's application for and registration of the KARS 4 KIDS mark or any other trademarks containing the word "kars" with a "k," and provide any reasonably necessary assistance to effectuate the registration of such marks with a "k."

- **Right of First Refusal**

  - AC will grant to K4K a right of first refusal to purchase any trademark rights from AC in the CARS FOR KIDS mark.

  - K4K will grant to AC a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS mark.

- **Rights in Texas**

  - AC operates freely in Texas.

  - K4K will not advertise in Texas.  Any national advertising will say "Kars with a K," or otherwise highlight the "k."

- **Rights in Other 49 States (Outside Texas)**

  - AC cannot use the phrase "Cars for Kids" or any permutation in other states outside Texas.

  - K4K will operate freely in 49 states outside of Texas under KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."

- **Internet Activity**

  - AC operates freely with respect to Internet users surfing from locations in Texas.

  - K4K cannot bid on car donation searches originating in Texas.

  - AC does not bid on any car donation searches originating outside of Texas.

  - K4K can bid on any car donation searches, including "cars for kids," outside of Texas.

  - K4K can bid on searches for "Kars 4 Kids" with a "k."

- **National Advertising**

  - AC does not engage in national advertising.

  - K4K will engage in national advertising using KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."  Any advertising reaching Texas will say "Kars with a K" or otherwise highlight the "k."

- **Domains and Keywords**

  - AC will not bid on "Kars 4 Kids" with a "k."

  - AC will not use the word "kars" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

  - K4K will not bid on "America Can."

  - K4K will not use "America Can" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

# EXHIBIT C

**Myles, Mary Beth**

| | |
|---|---|
| **From:** | Vogl, Peter D. |
| **Sent:** | Wednesday, December 23, 2015 11:12 AM |
| **To:** | Myles, Mary Beth |
| **Subject:** | FW: Proposed Settlement Terms (rev 7-6-15) |
| **Attachments:** | Proposed Settlement Terms (rev 7-6-15).docx |

**From:** Pressment, Jonathan [mailto:Jonathan.Pressment@haynesboone.com]
**Sent:** Monday, July 06, 2015 11:40 AM
**To:** Vogl, Peter D.
**Cc:** LeBlanc, Rob
**Subject:** Proposed Settlement Terms (rev 7-6-15)

Peter,

I hope you had an enjoyable holiday.  Attached is a redline of your term sheet proposal to us to reflect our counter-proposal. As with your original proposal, these comments are governed by FRE 408.

We should try to touch base to see where things stand before Wednesday's call.  It seems to me that if we have agreement on the number (which I hope we are not far off on) the other terms should not be terribly controversial.  As you will see,  my client is now willing to forego acceptance of donations from outside of Texas via its website per our prior discussion.

Good luck with your efforts and let me know if you wish to talk.

Regards,

Jon

**Jonathan Pressment**
Partner
(t) 212.918.8961

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

# EXHIBIT D

**KARS 4 KIDS INC. V. AMERICA CAN!**
**PROPOSED SETTLEMENT TERMS**
**CONFIDENTIAL PURSUANT TO FEDERAL RULE OF EVIDENCE 408**

**Settlement Terms:**

- **Consideration**

  - K4K agrees to pay $~~2.8~~ 3,995,000 million to AC.

- **Trademark Rights**

  - K4K will withdraw their opposition to AC's "Cars for Kids" application.

  - AC will withdraw its counterclaims for cancellation of the 1-877-KARS-4-KIDS registration.

  - AC and K4K will negotiate a mechanism to enforce the CARS FOR KIDS mark against all third party infringers. ~~To that end, the Parties agree to consider AC licensing the CARS FOR KIDS mark to K4K for defensive purposes outside the State of Texas.~~ To that end, the Parties agree to consider requesting that the District Court enter a Consent Judgment (drafted with the assistance of both Parties), which will put territorial limitations on respective Parties' federal registration/application, as applicable. Specifically, in the Consent Judgment, the Parties will request that AC's federal application for CARS FOR KIDS be limited to the State of Texas, while K4K's 1-877-KARS-4-KIDS registration will include the entire United States excluding the State of Texas. Should the District Court not be willing to enter a Consent Judgment which would allow the Parties to restrict the scope of their federal filings, the Parties agree to work together to file a Concurrent Use proceeding to accomplish the same objectives as set forth above.

  - AC will consent to K4K's application for and registration of the KARS 4 KIDS mark or any other trademarks containing the word "kars" with a "k," and provide any reasonably necessary assistance to effectuate the registration of such marks with a "k." However, any future federal filings by K4K will exclude the State of Texas, whether by way of the Consent Judgment or by way of a Concurrent Use proceeding.

- **Right of First Refusal**

  - AC will grant to K4K a right of first refusal to purchase any trademark rights from AC in the CARS FOR KIDS mark.

  - K4K will grant to AC a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS mark.

- **Rights in Texas**

  - AC operates freely in Texas.

- K4K will not advertise in Texas.  Any national advertising will say "Kars with a K," or otherwise highlight the "k."

- **Rights in Other 49 States (Outside Texas)**

  - AC cannot use the phrase "Cars for Kids" or any permutation in other states outside Texas.

  - K4K will operate freely in 49 states outside of Texas under KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."

- **Internet Activity**

  - AC operates freely with respect to Internet users surfing from locations in Texas.

  - K4K cannot bid on car donation searches originating in Texas.

  - AC does not bid on any car donation searches originating outside of Texas.

  - K4K can bid on any car donation searches, including "cars for kids," outside of Texas as long as K4K agrees that it will not employ any consumer facing user of the term "cars for kids" with a "c" in connection with any of its advertising efforts.

  - K4K can bid on searches for "Kars 4 Kids" with a "k" except in the State of Texas."

  - AC agrees to not accept donations originating on the Internet from outside of the State of Texas.  To this end, AC will take the necessary steps to ensure that donations from outside of the State of Texas cannot be effectuated via the Internet.  This includes a statement to that effect on its website.   Notwithstanding the forgoing, AC can accept donations via the telephone from outside of the State of Texas.

  - Similarly, K4K will not accept Internet donations from the State of Texas.  To this end, K4K will take the necessary steps to ensure that donations from the State of Texas cannot be effectuated via the Internet.  This includes a statement to that effect on its website.  Notwithstanding the forgoing, K4K can accept donations via the telephone from the State of Texas.

- **National Advertising**

  - AC does not engage in national advertising.

  - K4K will engage in national advertising using KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."  Any advertising reaching Texas will say "Kars with a K" or otherwise highlight the "k." K4K agrees that it will not employ any consumer facing user of the term "cars for kids" with a "c" in connection with any of its advertising efforts.

**Formatted:** Normal, Indent: Left:  0.5"

**Formatted:** Normal, Indent: First line:  0.5"

- **Domains and Keywords**

  - AC will not bid on "Kars 4 Kids" with a "k."

  - AC will not use the word "kars" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

  - K4K will not bid on "America Can," "Can Academy," "Dallas Can" "Texas Can" or the like (to be further specified in a final agreement).

  - K4K will not bid on any geographic term relating to the State of Texas (i.e. Austin, Houston, Dallas, etc.).

  - K4K will not use "America Can" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

# EXHIBIT E

## Myles, Mary Beth

**From:** Vogl, Peter D.
**Sent:** Thursday, July 16, 2015 1:26 PM
**To:** Pressment, Jonathan
**Cc:** LeBlanc, Rob; Confoy, Karen A.; Simpson, Lisa T.; Myles, Mary Beth
**Subject:** Revised Proposed Settlement Terms Subject to Rule 408 Fed R Evid
**Attachments:** 762685831(1)_Proposed Settlement Terms (OHS 7-15 revisions).DOCX

Jon,

Attached is a markup of the settlement terms.   I suggest we discuss the document when you have a moment so that I can provide you with some additional clarification.   Please let me know what works for you.  Best.

Peter



**PETER D. VOGL**
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142

tel +1-212-506-3625
fax +1-212-506-5151
pvogl@orrick.com
bio • vcard

www.orrick.com

1

# EXHIBIT F

**KARS 4 KIDS INC. V. AMERICA CAN!**
**PROPOSED SETTLEMENT TERMS**
**CONFIDENTIAL PURSUANT TO FEDERAL RULE OF EVIDENCE 408**

**Settlement Terms:**

- **Consideration**

  - K4K agrees to pay $ ~~3,995,000~~ million to AC.

- **Trademark Rights**

  - K4K will withdraw their opposition to AC's "Cars for Kids" application.

  - AC will withdraw its counterclaims for cancellation of the 1-877-KARS-4-KIDS registration.

  - AC and K4K will negotiate a mechanism to enforce the CARS FOR KIDS mark against all third party infringers, and a mechanism to enforce the Kars 4 Kids mark against third party infringers in the State of Texas. To that end, the Parties agree to consider requesting that the District Court enter a Consent Judgment (drafted with the assistance of both Parties), which will put territorial limitations on respective Parties' federal registration/application, as applicable. Specifically, in the Consent Judgment, the Parties will request that AC's federal application for CARS FOR KIDS be limited to the State of Texas, while K4K's 1-877-KARS-4-KIDS registration will include the entire United States excluding the State of Texas. Should the District Court not be willing to enter a Consent Judgment which would allow the Parties to restrict the scope of their federal filings, the Parties agree to work together to file a Concurrent Use proceeding to accomplish the same objectives as set forth above.

  - AC will consent to K4K's application for and registration of the KARS 4 KIDS mark or any other trademarks containing the word "kars" with a "k," and provide any reasonably necessary assistance to effectuate the registration of such marks with a "k." However, any future federal filings by K4K will exclude the State of Texas, whether by way of the Consent Judgment or by way of a Concurrent Use proceeding.

- **Right of First Refusal**

  - AC will grant to K4K a right of first refusal to purchase any trademark rights from AC in the CARS FOR KIDS mark.

  - K4K will grant to AC a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS mark.

- **Rights in Texas**

  - AC operates freely in Texas.

OHSUSA:762685831.1

[ Formatted: No underline ]

- K4K will not advertise in Texas.  Any national advertising will say "Kars with a K," or otherwise highlight the "k."

- **Rights in Other 49 States (Outside Texas)**

  - AC cannot use the phrase "Cars for Kids" or any permutation in other states outside Texas.

  - K4K will operate freely in 49 states outside of Texas under KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."

- **Internet Activity**

  - AC operates freely with respect to Internet users surfing from locations in Texas.

  - K4K cannot bid on car donation searches originating in Texas.

  - AC does not bid on any car donation searches originating outside of Texas.

  - K4K can bid on any car donation searches, including "cars for kids," outside of Texas as long as K4K agrees that it will not employ any consumer facing user of the term "cars for kids" with a "c" in connection with any of its advertising efforts.

  - K4K can bid on searches for "Kars 4 Kids" with a "k" except in the State of Texas..**"**

    - AC agrees to not accept donations originating on the Internet from outside of the State of Texas.  To this end, AC will take the necessary steps to ensure that donations from outside of the State of Texas cannot be effectuated via the Internet.  This includes a statement to that effect on its website.  Notwithstanding the forgoing.

    - AC can accept donations via the telephone from outside of the State of Texas.

- K4K will not actively solicit donations on the internet from Texas, but will be entitled to take car donations from Texas where the donor sought out "Kars 4 Kids" with a "k."

- K4K can accept donations via the telephone from the State of Texas.

  - Similarly, K4K will not accept Internet donations from the State of Texas.  To this end, K4K will take the necessary steps to ensure that donations from the State of Texas cannot be effectuated via the Internet.  This includes a statement to that effect on its website.  Notwithstanding the forgoing, K4K can accept donations via the telephone from the State of Texas..**"**

- **National Advertising**

  - AC does not engage in national advertising.

OHSUSA:762685831.1

- K4K will engage in national advertising using KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."  Any advertising reaching Texas will say "Kars with a K" or otherwise highlight the "k." K4K agrees that it will not employ any consumer facing user of the term "cars for kids" with a "c" in connection with any of its advertising efforts.

- **Domains and Keywords**

  - AC will not bid on "Kars 4 Kids" with a "k."

  - AC will not use the word "kars" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

  - K4K will not bid on "America Can, "Can Academy," "Dallas Can" "Texas Can" or the like (to be further specified in a final agreement).

  - K4K will not bid on any geographic term relating to the State of Texas (i.e. Austin, Houston, Dallas, etc.).

  - K4K will not use "America Can" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

# EXHIBIT G

## Myles, Mary Beth

| | |
|---|---|
| **From:** | Pressment, Jonathan <Jonathan.Pressment@haynesboone.com> |
| **Sent:** | Thursday, July 16, 2015 9:06 PM |
| **To:** | Vogl, Peter D.; Myles, Mary Beth |
| **Cc:** | LeBlanc, Rob |
| **Subject:** | Proposed Settlement Terms |
| **Attachments:** | 762685831(1)_Proposed Settlement Terms (OHS 7-15 revisions) (2).DOCX.docx |

**THE FOLLOWING IS SUBJECT TO RULE 408**

Peter,

Rob and I spoke to our client.  Unfortunately, as we suspected, they will not agree to a deal in which your clients continue to solicit donations in Texas in any manner. As you and I have discussed, we strongly believe you will have enough to enforce your rights in the Kars with a "K" even in Texas.  Your client will have national advertising that will certainly be heard in Texas and will undoubtedly have residual donations from Texas (by phone would still be permitted.)  Our client would accept an arrangement by which we get the right to enforce first and if our efforts fail within a certain time period (I would suggest 60 days) or we do not act within that period, your client has the right to take action.

Please advise as to where things stand with your client at your earliest convenience.

Regards,

Jon

**haynes*boone***

**Jonathan Pressment**
Partner
jonathan.pressment@haynesboone.com

**Haynes and Boone, LLP**
30 Rockefeller Plaza
26th Floor
New York, NY 10112

(t) 212.918.8961
(f) 212.884.9561
(m) 646.942.8244

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT H

**KARS 4 KIDS INC. V. AMERICA CAN!**
**PROPOSED SETTLEMENT TERMS**
**CONFIDENTIAL PURSUANT TO FEDERAL RULE OF EVIDENCE 408**

**Settlement Terms:**

- **Consideration**

  - K4K agrees to pay $_____ 3,995,000 million to AC. [NEED A NUMBER]

- **Trademark Rights**

  - K4K will withdraw their opposition to AC's "Cars for Kids" application.

  - AC will withdraw its counterclaims for cancellation of the 1-877-KARS-4-KIDS registration.

  - AC and K4K will negotiate a mechanism to enforce the CARS FOR KIDS mark against all third party infringers, and a mechanism to enforce the Kars 4 Kids mark against third party infringers in the State of Texas in instances where AC chooses not to proceed against such third party infringers. –To that end, the Parties agree to consider requesting that the District Court enter a Consent Judgment (drafted with the assistance of both Parties), which will put territorial limitations on respective Parties' federal registration/application, as applicable. Specifically, in the Consent Judgment, the Parties will request that AC's federal application for CARS FOR KIDS be limited to the State of Texas, while K4K's 1-877-KARS-4-KIDS registration will include the entire United States excluding the State of Texas. Should the District Court not be willing to enter a Consent Judgment which would allow the Parties to restrict the scope of their federal filings, the Parties agree to work together to file a Concurrent Use proceeding to accomplish the same objectives as set forth above.

  > **Formatted:** No underline

  - AC will consent to K4K's application for and registration of the KARS 4 KIDS mark or any other trademarks containing the word "kars" with a "k," and provide any reasonably necessary assistance to effectuate the registration of such marks with a "k." However, any future federal filings by K4K will exclude the State of Texas, whether by way of the Consent Judgment or by way of a Concurrent Use proceeding.

- **Right of First Refusal**

  - AC will grant to K4K a right of first refusal to purchase any trademark rights from AC in the CARS FOR KIDS mark.

  - K4K will grant to AC a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS mark.

- **Rights in Texas**

  - AC operates freely in Texas.

OHSUSA:762685831.1

- K4K will not advertise in Texas.  Any national advertising will say "Kars with a K," or otherwise highlight the "k."

- **Rights in Other 49 States (Outside Texas)**

- AC cannot use the phrase "Cars for Kids" or any permutation in other states outside Texas.

- K4K will operate freely in 49 states outside of Texas under KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."

- **Internet Activity**

- AC operates freely with respect to Internet users surfing from locations in Texas.

- K4K cannot bid on car donation searches originating in Texas.

- AC does not bid on any car donation searches originating outside of Texas.

- K4K can bid on any car donation searches, including "cars for kids," outside of Texas as long as K4K agrees that it will not employ any consumer facing user of the term "cars for kids" with a "c" in connection with any of its advertising efforts.

- K4K can bid on searches for "Kars 4 Kids" with a "k" except in the State of Texas.  ~~except in the State of Texas. "~~

- AC agrees to not accept donations originating on the Internet from outside of the State of Texas.  To this end, AC will take the necessary steps to ensure that donations from outside of the State of Texas cannot be effectuated via the Internet.  This includes a statement to that effect on its website.  ~~Notwithstanding the forgoing,~~

- AC can accept donations via the telephone from outside of the State of Texas.

- ~~K4K will not actively solicit donations on the internet from Texas, but will be entitled to take car donations from Texas where the donor sought out "Kars 4 Kids" with a "k."~~

- K4K can accept donations via the telephone from the State of Texas.

Similarly, K4K will not accept Internet donations from the State of Texas.  To this end, K4K will take the necessary steps to ensure that donations from the State of Texas cannot be effectuated via the Internet.  This includes a statement to that effect on its website.

- ~~Similarly, K4K will not accept Internet donations from the State of Texas.  To this end, K4K will take the necessary steps to ensure that donations from the State of Texas cannot be effectuated via the Internet.  This includes a statement to that effect on its website.  Notwithstanding the forgoing, K4K can accept donations via the telephone from the State of Texas.~~

**Formatted:** Legal2_L1

**Formatted:** Normal, Indent: Left:  0.5"

**Formatted:** Normal, Indent: First line:  0.5"

- **National Advertising**

  - AC does not engage in national advertising.

  - K4K will engage in national advertising using KARS 4 KIDS, 1-877-KARS-4-KIDS, or any other mark spelling "kars" with a "k."  Any advertising reaching Texas will say "Kars with a K" or otherwise highlight the "k." K4K agrees that it will not employ any consumer facing user of the term "cars for kids" with a "c" in connection with any of its advertising efforts.

- **Domains and Keywords**

  - AC will not bid on "Kars 4 Kids" with a "k."

  - AC will not use the word "kars" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

  - K4K will not bid on "America Can, "Can Academy," "Dallas Can" "Texas Can" or the like (to be further specified in a final agreement).

  - K4K will not bid on any geographic term relating to the State of Texas (i.e. Austin, Houston, Dallas, etc.).

  - K4K will not use "America Can" in any internet related matter, e.g., no domain names, URLs, search buys or keyword advertising.

OHSUSA:762685831.1

# EXHIBIT I

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701 ("K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208 ("America Can!") (together, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses the trademark CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales, organizing and conducting charity auctions for charitable fundraising purposes, and charitable fundraising by means of collecting and reselling used automobiles and watercraft and owns the federal trademark application Serial Number 85/796,733 for these services (the "CARS FOR KIDS Application");

WHEREAS, K4K has objected to America Can!'s use and registration of the CARS FOR KIDS Mark;

WHEREAS, K4K filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a lawsuit in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation");

WHEREAS, the Litigation was dismissed with prejudice as settled on July 30, 2015 based on the Parties' agreements reached on July 28, 2015;

WHEREAS, the Parties are desirous of resolving their dispute amicably and without further litigation as more fully described in this Agreement;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.   **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

1

2.      **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.      **Covenants.**

   3.1   **Covenants of K4K.**

      (a)   K4K may use its KARS 4 KIDS Marks, or any other mark not inconsistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.

   3.2   **Covenants of America Can!.**

      (a)   America Can! may continue to use the CARS FOR KIDS Mark in commerce throughout the State of Texas, but shall cease all use of the CARS FOR KIDS Mark outside the State of Texas.  America Can! also agrees not to use any mark using the derivatives or formatives of the words "cars" and "kids," including, without limitation all such use in connection with any goods or services, outside the State of Texas.

      (b)   America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating "kids" and "kars" anywhere in the world, including in the State of Texas.

   3.3   **Advertising, Promotion, and Marketing.**

      (a)   K4K agrees not to use the CARS FOR KIDS Mark on any material intended to be seen by the United States public.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use "cars for kids" descriptively or in website meta tags or keyword advertising (subject to the restrictions of Paragraph 3.4).

      (b)   K4K shall be permitted to engage in any advertising other than state-specific advertising in Texas using the KARS 4 KIDS Marks, or any other mark spelling "kars" with a "k;" however, any national radio advertising reaching the State of Texas will emphasize the "k" in "kars."

      (c)   America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas, but agrees to cease all national advertising, promotion, and marketing of its CARS FOR KIDS Mark, any phonetically equivalent mark, or any confusingly similar mark, including any mark using the derivatives or formatives of the words "cars'" or "kars " (subject to the provisions of Paragraph 3.4).  National advertising includes, but is not limited to, any national radio, television, newspaper, or magazine advertisements, or any other medium.  America Can! shall cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

   3.4   **Internet Activity.**  The Parties agree that K4K may purchase "cars for kids," and any other car donation words or phrases as keywords throughout the United States with the exception of the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K.

2

(a)      K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

(b)      K4K shall not purchase or bid on "America Can," "Can Academy," "Dallas Can," "Texans Can," or any geographic search terms relating to the State of Texas as a keyword.

(c)      America Can! shall not purchase or bid on any car donation search terms, including "cars for kids," as keywords directed at Internet users outside of the State of Texas.

(d)      America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere in the world, including in the State of Texas.

4.      **Internet Donations.**  K4K shall have the right to accept any vehicle donations over the Internet so long as either the vehicle is located outside the State of Texas or the donor is located outside the State of Texas.  K4K shall take the necessary steps to ensure that vehicle donations where both the donor and the vehicle are located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.  America Can! shall have the right to accept vehicle donations over the Internet where both the vehicle and the donor are located inside the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the vehicle or the donor are located outside the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.      **Telephone Donations.**  The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.

6.      **Transition Period.**  K4K shall continue to have the right to use the KARS 4 KIDS Marks in the State of Texas and America Can! shall continue to have the right to use the CARS FOR KIDS Mark throughout the United States through December 31, 2015.

7.      **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be held in escrow and not entered on the docket and shall remain confidential unless disclosure is necessary to enforce its terms.

8.      **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.  America Can! agrees not to oppose, seek to cancel, or otherwise challenge K4K's use and/or registration of the KARS 4 KIDS Marks, or any other mark spelling "kars" with a "k."  K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark.  America Can! will consent to K4K's application for and registration of the KARS 4 KIDS mark or any other trademarks containing the word "kars" with a "k," and provide any reasonably necessary assistance to effectuate the registration of such marks with a "k," including but not limited to providing a written consent to the registration of K4K's application for and registration of any such mark containing the word "kars" with a "k" to be filed with the USPTO.

3

8.1     Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

8.2     Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.      **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks.

10.     **Avoidance of Confusion**.  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent confusion. The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.     **Payment.**

11.1     Within ten (10) business days of the Effective Date, K4K shall pay to America Can! $1.8 million.  On January 1, 2016, K4K shall pay to America Can! $850,000.  On August 30, 2016, K4K shall pay to America Can! $450,000.  Each payment shall be in the form of a grant and made pursuant to the following instructions: [AMERICA CAN! TO PROVIDE WIRE TRANSFER INSTRUCTION]

11.2     All payment obligations are contingent upon America Can providing to K4K financial information, including but not limited to internal financial worksheets and ledgers, to confirm vehicle donations and gross and net revenue for the period of 2010-2015.  Furthermore, America Can! will provide information sufficient to substantiate America Can!'s representation that it received donations valued at $1.5 million annually attributable to its national SiriusXM radio advertising.

12.     **Others First, Inc. Dispute.**  America Can! agrees to obtain K4K's approval of the terms of any settlement agreement(s) entered into by Others First, Inc. ("Others First") and America Can! to settle or resolve the Opposition Proceeding Number 91215705 before the Trademark Trial and Appeal Board.  K4K agrees to not unreasonably withhold approval of any settlement agreement terms proposed between America Can! and Others First.

13.     **Enforcement.**  The Parties agree to negotiate in good faith a mechanism for enforcement of the CARS FOR KIDS Mark and the KARS 4 KIDS Marks against third parties.  [FOR DISCUSSION].

14.     **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effect a dismissal of the Litigation.

15.     **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.     **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within thirty (30) days after the non-breaching Party has sent written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 15, if a Party believes it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, if the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  The filing of a suit prior to the applicable deadlines in this Paragraph shall constitute a violation of this Agreement.

17.     **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement causes irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.     **Mutual General Releases.**  Upon each Party fulfilling its obligations under this Agreement, each Party releases and discharges the other, as well as their respective subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, and/or actions of any kind, known or unknown, which each Party otherwise may have, prior or subsequent to the Effective Date, arising out of, concerning, resulting from, or relating in any way to the Litigation and its subject matter, including all claims for damages, including, but not limited to any past damages, royalties, or lost profits, except for any claims or causes of action based on or arising out of or in connection with this Agreement.

19.     **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.     **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right

5

hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.     **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.     **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce its terms or as otherwise required by law.

23.     **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.     **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and to bind it to the terms of this Agreement. The Parties agree that they have provided a copy of this Agreement to each member and/or partner of their respective businesses.  The Parties further acknowledge that the undersigned have been authorized by their respective members and/or partners to sign this Agreement on their

behalf.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon delivery.  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

      30.1    If to Kars 4 Kids:

                Kars 4 Kids
                1805 Swarthmore Avenue
                Lakewood, New Jersey 08701
                ATTN: Ben Turin

      With a concurrent copy to:

                Orrick, Herrington & Sutcliffe LLP
                51 West 52nd Street
                New York, NY 10019
                ATTN: Peter D. Vogl

      30.2    If to America Can! [CONTACT INFORMATION TO BE INSERTED BY AMERICA CAN!]

31.     **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.     **Jurisdiction and Venue.**  This Agreement shall be governed by, and construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles, and the United States District Court for the District of New Jersey shall have continuing jurisdiction over the Parties hereto in order to enforce this Agreement or otherwise resolve any dispute concerning the same, each Party hereby submitting to the Court for such purpose.

33.     **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof,

or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.     **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.     **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter.

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____          By: _____

                                       Name: _____

                                       Title: _____

**AMERICA CAN!**

Date: _____          By: _____

                                       Name: _____

                                       Title: _____

8

# EXHIBIT J

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K has objected to America Can!'s use and registration of the CARS FOR KIDS Mark and filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! objected to K4K's use and registration of the KARS 4 KIDS Marks and has alleged that America Can!'s use of the CARS FOR KIDS Mark predated K4K's use of its KARS 4 KIDS Marks;

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration based upon, *inter alia*, alleged misrepresentations contained in K4K's application for the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

1

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.    **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.    **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.    **Covenants.**

3.1    **Covenants of K4K.**

(a)    K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any marks utilizing the derivatives or formatives of the words "cars," "kars" and/or "kids" in advertising, promotion, marketing or in any other manner whatsoever including, without limitation, in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas in a manner consistent with Paragraph 3.3(a) and (b) hereof.

3.2    **Covenants of America Can!.**

(a)    America Can! has the right, and may continue, to use the CARS FOR KIDS Mark or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids" in commerce throughout the State of Texas.

(b)     America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "cars" "kars" and/or "kids" except the mark "Write off the car, not the kid"  in connection with any goods, services and/or charitable activities outside of the State of Texas.

   3.3     **Advertising, Promotion, and Marketing.**

(a)     K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or likely to be seen by the public.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" "for" and/or "kids" descriptively so long as the words are not used in immediate succession (i.e., "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

(b)     K4K shall be permitted to engage in any national or international advertising using the KARS 4 KIDS Marks other than advertising directed specifically at residents of, or businesses or individuals located in, the State of Texas.  However, with respect to any national radio advertising, radio promotion and/or radio marketing reaching the State of Texas, K4K agrees that it will emphasize and expressly reference the use of the letter "k" in the word "kars."

(c)     America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such use.  However, America Can! agrees to cease all advertising, promotion, marketing of its CARS FOR KIDS Mark, any phonetically equivalent mark, or any confusingly similar mark using the derivatives or formatives of the words "cars'" or "kars," with the exception of the Mark "Write off the car, not the kid," outside of the State of Texas (subject to the provisions of Paragraph 3.4) including, without limitation, through national advertising on radio, television stations outside of the State of Texas, non-Texas based newspapers and non-Texas based publications.  America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

   3.4     **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of in the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

(a)     K4K shall and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain [www.carsforkids.com](http://www.carsforkids.com) to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date of this Agreement.

(b)     K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

(c)     K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

(c)     K4K shall not purchase or bid on "America Can," "Can Academy," "Dallas Can," "Texans Can," "Academy," "Academies," or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

(d)     America Can! shall not purchase or bid on any car donation search terms, including, without limitation, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

(e)     America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere outside of the State of Texas.

4.     **Internet Donations.**

(a)     K4K shall have the right to accept any vehicle donations over the Internet so long as: (1) the vehicle is located outside of Texas; and (2) the donor resides or is located outside the State of Texas.   K4K shall take the necessary steps to ensure that vehicle donations where the donor resides or is otherwise located in the State of Texas and the vehicle is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

(b)     America Can! shall have the right to accept vehicle donations over the Internet so long as: (1) the vehicle is located inside the State of Texas; and (2) the donor either resides or is located in the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the both the vehicle is located outside of the State of Texas and the donor resides outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.     **Telephone Donations.**  The Parties agree that each Party shall use best efforts to ensure that telephone representatives comply with the terms of Paragraph 4 with respect to donations offered over the phone regardless of whether they are third-party representatives or directly employed by the Parties.  For the sake of clarity, K4K agrees that it will use best efforts to ensure that its phone representatives (regardless of whether they are directly employed by K4K or contracted third parties) inform callers that K4K cannot accept donations of vehicles located in Texas from individuals or entities residing or otherwise located in Texas.  America Can! agrees that it will use best efforts to ensure that its phone representatives (regardless of whether they are directly employed by America Can! or contracted third parties) inform callers that America Can! can only accept donations of vehicles located in the State of Texas from donors residing or otherwise located in the State of Texas.

6.     **Transition Period.**  K4K shall continue to have the right to use the KARS 4 KIDS Marks in the State of Texas and America Can! shall continue to have the right to use the CARS FOR KIDS Mark throughout the United States through October 31, 2015.   After that period of time, the Parties use of their respective marks shall be consistent with the terms of this Agreement.

4

7.     **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be entered by the District Court under seal and shall remain confidential unless disclosure is necessary to enforce its terms.

8.     **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

   8.1     K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of any such mark to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

   8.2     America Can! will not oppose K4K's application for and registration of the KARS 4 KIDS Marks or any other trademarks containing the word "kars" with a "k" and the numeral "4" (as opposed to "for") and agrees to provide any reasonably necessary assistance to effectuate the registration of such marks with a "k" and the numeral "4" at the expense of K4K, including but not limited to providing a written consent to the registration of K4K's application for and registration of any such mark containing the word "kars" with a "k" and the numeral "4" to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

   8.3     Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

   8.4     Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.     **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.

10.    **Avoidance of Confusion**.  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.    **Settlement Payment By K4K.**  In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.1    Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.2    On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

11.3    On or before August 30, 2016, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

11.4    Each payment shall be in the form of a grant and made pursuant to the following instructions:

|  |  |
|---|---|
| Wire to: | T.I.B. (The Independent Bankers Bank) |
|  | P.O. Box 5605285 |
|  | Dallas, Texas  75356 |
| ABA No.: | 111 010 170 |
| Beneficiary: | Grand Bank of Texas |
|  | 2341 S. Beltline Road |
|  | Grand Prairie, Texas  75051 |
| Account No.: | 1011378 |

Further Credit to: Account Name: America Can! Cars For Kids
                Account No.:    1061704

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, without any requirement of notice, render Sections 3.2(b), 3.3(c), 3.4(d)-(e) and 4(b) of this Agreement immediately null and void to the extent that such provisions prohibit America Can! from advertising, promoting or marketing its CARS FOR KIDS Marks or any Marks that may be confusingly similar to the KARS 4 KIDS Marks outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the state of Texas.  America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity including, without limitation, relief sought through the immediate commencement of an action against K4K for breach of this Agreement.  All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS FOR KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.

12.     **Others First, Inc. Dispute.**  America Can! agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can further agrees that it will not transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark as part of any settlement or resolution of the Opposition Proceeding.

13.     **Enforcement.**

     13.1     <u>Enforcement Rights of America Can!.</u>  The parties acknowledge and agree that America Can! shall have the sole and exclusive right to enforce its CARS FOR KIDS Mark within the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks.  Should K4K discover any potentially infringing use of either its KARS FOR KIDS Marks or the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 60 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, without limitation, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 60 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

     13.2     <u>Enforcement Rights of K4K.</u>   The parties acknowledge and agree that K4K shall have the sole and exclusive right to enforce its KARS FOR KIDS Marks outside of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark.  Should America Can! discover any potentially infringing use of either its CARS FOR KIDS Mark or the KARS FOR KIDS Marks originating or occurring outside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 60 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, without limitation, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 60 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

14.     **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties.

15.     **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.     **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, excluding the payment obligations of K4K detailed in Paragraphs 11.1-11.3 hereof (the remedy for which is set forth in Paragraph 11.5), the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within thirty (30) days after the non-breaching Party has sent written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 15, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, provided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  The filing of a suit prior to the applicable deadlines in this Paragraph, apart from any suit to collect any amounts due and owing from K4K in connection with the mandatory Installment Payments set forth in Paragraphs 11.1-11.3 hereof, shall constitute a violation of this Agreement.  For sake of clarity, nothing in this Paragraph 16 shall prohibit America Can! from immediately taking action in response to K4K's breach of its payment obligations set forth in Paragraphs 11.1-11.3.

17.     **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement would cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.     **Mutual General Releases.**

        18.1    Release of America Can! By K4K.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, may have had, now has, or otherwise may have against America Can!, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits. However, nothing in this Section 18.1 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

        18.2    Release of K4K By America Can!  Release of America Can! By K4K.  Upon K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1-11.3 hereof, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims,

demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had, may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits. However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

19.     **Entire Agreement.** This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.     **Modification and Waiver.** It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto. Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.     **Binding Effect.** This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.     **Confidentiality.** The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions. Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.     **Severability.** In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.     **Effectuate Agreement.** The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

25.     **Construction of Ambiguities.** Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon. Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter. The Parties thereby waive the application of

any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.        **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.        **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.        **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.        **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.        **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon delivery.  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

   30.1 If to Kars 4 Kids:
         Kars 4 Kids
         1805 Swarthmore Avenue
         Lakewood, New Jersey 08701
         ATTN: Ben Turin

       With a concurrent copy to:
         Orrick, Herrington & Sutcliffe LLP
         51 West 52nd Street
         New York, NY 10019
         ATTN: Peter D. Vogl

   30.2 If to America Can!:
         America Can!
         325 W. 12th Street

Suite 250
Dallas, Texas  75208
ATTN: Malcolm Wentworth

With a concurrent copy to:
Haynes and Boone LLP
30 Rockefeller Plaza, 26th  Floor
New York, New York 10014
ATTN: Jonathan D. Pressment

31.     **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.     **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.     **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.     **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.     **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter.

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____        By: _____

                                      Name: _____

                                      Title: _____

**AMERICA CAN!**

Date: _____        By: _____

                                      Name: _____

                                      Title: _____

12

**CONFIDENTIAL SETTLEMENT AGREEMENT**

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey ~~08701 (~~08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas ~~75208 ("America Can!") (together~~75208, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses ~~the trademark~~certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with ~~arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales, organizing and conducting charity auctions for~~charitable fundraising ~~purposes, and charitable fundraising~~services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for ~~these services~~use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K has objected to America Can!'s use and registration of the CARS FOR KIDS Mark;~~WHEREAS, K4K~~ and filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! objected to K4K's use and registration of the KARS 4 KIDS Marks and has alleged that America Can!'s use of the CARS FOR KIDS Mark predated K4K's use of its KARS 4 KIDS Marks;

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration based upon, *inter alia*, alleged misrepresentations contained in K4K's application for the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a ~~lawsuit~~complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

1

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

WHEREAS, the parties agreed to resolve the Litigation was dismissed with prejudice as settled on July 30, 2015 based on the Parties' agreements reached on July 28, 2015;as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, the Parties are desirous of resolvingnow desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation as more fully described in this Agreementin accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.      **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.      **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.      **Covenants.**

3.1     **Covenants of K4K.**

(a)     K4K may use its KARS 4 KIDS Marks, or any other mark not inconsistentin a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any marks utilizing the derivatives or formatives of the words "cars," "kars" and/or "kids" in advertising, promotion, marketing or in any other manner whatsoever including, without limitation, in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas in a manner consistent with Paragraph 3.3(a) and (b) hereof.

3.2     **Covenants of America Can!.**

(a)    America Can! ~~may continue~~has the right, and may continue, to use the CARS FOR KIDS Mark or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids" in commerce throughout the State of Texas~~, but~~.

(b)    America Can! shall cease all use of the CARS FOR KIDS Mark ~~outside the State of Texas.  America Can! also agrees not to use~~and any mark ~~using~~utilizing the derivatives or formatives of the words "cars" "kars" and ~~"kids," including, without limitation all such use~~/or "kids" except the mark "Write off the car, not the kid" in connection with any goods~~or~~, services, and/or charitable activities outside ~~of~~ the State of Texas.

~~(b)    America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating "kids" and "kars" anywhere in the world, including in the State of Texas.~~

3.3    **Advertising, Promotion, and Marketing.**

(a)    K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or likely to be seen by the ~~United States~~public.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars " "for " and/or "kids" descriptively ~~or~~so long as the words are not used in immediate succession (i.e., "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions ~~of~~set forth in Paragraph 3.4 hereof).

(b)    K4K shall be permitted to engage in any national or international advertising using the KARS 4 KIDS Marks other than ~~state-specific~~ advertising ~~in Texas using the KARS 4 KIDS Marks, or any other mark spelling "kars"~~directed specifically at residents of, or businesses or individuals located in, the State of Texas.  However, with ~~a "k;" however,~~respect to any national radio advertising, radio promotion and/or radio marketing reaching the State of Texas, K4K agrees that it will emphasize ~~the~~and expressly reference the use of the letter "k" in the word "kars."

(c)    America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas~~, but~~ without any restrictions on such use.  However, America Can! agrees to cease all ~~national~~ advertising, promotion, ~~and~~marketing of its CARS FOR KIDS Mark, any phonetically equivalent mark, or any confusingly similar ~~mark, including any~~ mark using the derivatives or formatives of the words "cars'" or "kars~~."~~," with the exception of the Mark "Write off the car, not the kid," outside of the State of Texas (subject to the provisions of Paragraph 3.4)~~.  National advertising includes, but is not limited to, any national radio, television, newspaper, or magazine advertisements, or any other medium including, without limitation, through national advertising on radio, television stations outside of the State of Texas, non-Texas based newspapers and non-Texas based publications~~.  America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

3.4    **Internet Activity.**  The Parties agree that K4K may purchase "~~cars for kids,"~~Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of ~~in~~ the State of Texas.  The Parties

3

agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

> (a)     K4K shall and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain www.carsforkids.com to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date of this Agreement.

> (b)     (a) K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

> (c)     K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

> (c)     (b) K4K shall not purchase or bid on "America Can," "Can Academy," "Dallas Can," "Texans Can," "Academy," "Academies," or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

> (d)     (c) America Can! shall not purchase or bid on any car donation search terms, including, without limitation, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

> (e)     (d) America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere in the world, including in outside of the State of Texas.

4.     **Internet Donations.**

> (a)     K4K shall have the right to accept any vehicle donations over the Internet so long as either: (1) the vehicle is located outside the State of Texas or; and (2) the donor resides or is located outside the State of Texas.   K4K shall take the necessary steps to ensure that vehicle donations where both the donor resides or is otherwise located in the State of Texas and the vehicle are is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

> (b)     America Can! shall have the right to accept vehicle donations over the Internet where both the vehicle and the donor are so long as: (1) the vehicle is located inside the State of Texas; and (2) the donor either resides or is located in the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the vehicle or the donor are located outside both the vehicle is located outside of the State of Texas and the donor resides outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.     **Telephone Donations.**  The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor. use best efforts to ensure that telephone representatives comply with the terms of Paragraph 4 with respect to donations offered over the phone regardless of whether they

are third-party representatives or directly employed by the Parties.  For the sake of clarity, K4K agrees that it will use best efforts to ensure that its phone representatives (regardless of whether they are directly employed by K4K or contracted third parties) inform callers that K4K cannot accept donations of vehicles located in Texas from individuals or entities residing or otherwise located in Texas.  America Can! agrees that it will use best efforts to ensure that its phone representatives (regardless of whether they are directly employed by America Can! or contracted third parties) inform callers that America Can! can only accept donations of vehicles located in the State of Texas from donors residing or otherwise located in the State of Texas.

6.      **Transition Period.**  K4K shall continue to have the right to use the KARS 4 KIDS Marks in the State of Texas and America Can! shall continue to have the right to use the CARS FOR KIDS Mark throughout the United States through ~~December 31, 2015.~~ October 31, 2015.   After that period of time, the Parties use of their respective marks shall be consistent with the terms of this Agreement.

7.      **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be ~~held in escrow and not~~ entered ~~on~~by the ~~docket~~District Court under seal and shall remain confidential unless disclosure is necessary to enforce its terms.

8.      **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

        8.1      K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of any such mark to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

        8.2      ~~8.  **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.  America Can! agrees not to oppose, seek to cancel, or otherwise challenge K4K's use and/or registration of the KARS 4 KIDS Marks, or any other mark spelling "kars" with a "k." K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark. America Can! will consent to~~America Can! will not oppose K4K's application for and registration of the KARS 4 KIDS ~~mark~~Marks or any other trademarks containing the word "kars" with a "k~~,~~;" and the numeral "4" (as opposed to "for") and agrees to provide any reasonably necessary assistance to effectuate the registration of such marks with a "k~~,~~;" and the numeral "4" at the expense of K4K, including but not limited to providing a written consent to the registration of K4K's application for and registration of any such mark containing the word "kars" with a "k" and the numeral "4" to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.3    8.1 Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

8.4    8.2 Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.    **Right of First Refusal.** America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark. K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.

10.    **Avoidance of Confusion.** The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion. The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks. In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.    **Settlement Payment. By K4K.** In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.2    Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.3    On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

11.4    On or before August 30, 2016, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

11.5    11.1 Within ten (10) business days of the Effective Date, K4K shall pay to America Can! $1.8 million. On January 1, 2016, K4K shall pay to America Can! $850,000. On August 30, 2016, K4K shall pay to America Can! $450,000. Each payment shall be in the form of a grant and made pursuant to the following instructions: [AMERICA CAN! TO PROVIDE WIRE TRANSFER INSTRUCTION]Each payment shall be in the form of a grant and made pursuant to the following instructions:

11.2    All payment obligations are contingent upon America Can providing to K4K financial information, including but not limited to internal financial worksheets and ledgers, to

~~confirm vehicle donations and gross and net revenue for the period of 2010-2015.  Furthermore, America Can! will provide information sufficient to substantiate America Can!'s representation that it received donations valued at $1.5 million annually attributable to its national SiriusXM radio advertising.~~

|                | |
|----------------|-------------------------------------------|
| Wire to:       | T.I.B. (The Independent Bankers Bank)     |
|                | P.O. Box 5605285                          |
|                | Dallas, Texas  75356                      |
|                |                                           |
| ABA No.:       | 111 010 170                               |
|                |                                           |
| Beneficiary:   | Grand Bank of Texas                       |
|                | 2341 S. Beltline Road                     |
|                | Grand Prairie, Texas  75051               |
|                |                                           |
| Account No.:   | 1011378                                   |
|                |                                           |
|                | Further Credit to: Account Name: America Can! Cars For Kids |
|                |          Account No.:     1061704         |

11.6    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, without any requirement of notice, render Sections 3.2(b), 3.3(c), 3.4(d)-(e) and 4(b) of this Agreement immediately null and void to the extent that such provisions prohibit America Can! from advertising, promoting or marketing its CARS FOR KIDS Marks or any Marks that may be confusingly similar to the KARS 4 KIDS Marks outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the state of Texas.  America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity including, without limitation, relief sought through the immediate commencement of an action against K4K for breach of this Agreement.  All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS FOR KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.

12.    **Others First, Inc. Dispute.**  America Can! agrees ~~to obtain K4K's approval of the terms of any settlement agreement(s) entered into by Others First, Inc. ("Others First") and America Can!~~ to settle or resolve ~~the~~ Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board. ~~ K4K agrees to not unreasonably withhold approval of any settlement agreement terms proposed between America Can! and Others First~~ with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can further agrees that it will not transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark as part of any settlement or resolution of the Opposition Proceeding.

13.    **Enforcement.**  The Parties agree to negotiate in good faith a mechanism for enforcement of the CARS FOR KIDS Mark and the KARS 4 KIDS Marks against third parties. [FOR DISCUSSION].13.    **Enforcement.**

13.1    Enforcement Rights of America Can!.  The parties acknowledge and agree that America Can! shall have the sole and exclusive right to enforce its CARS FOR KIDS Mark within the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks.  Should K4K discover any potentially infringing use of either its KARS FOR KIDS Marks or the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement"). America Can! shall have 60 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, without limitation, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 60 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

13.2    Enforcement Rights of K4K.   The parties acknowledge and agree that K4K shall have the sole and exclusive right to enforce its KARS FOR KIDS Marks outside of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark.  Should America Can! discover any potentially infringing use of either its CARS FOR KIDS Mark or the KARS FOR KIDS Marks originating or occurring outside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 60 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, without limitation, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 60 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

14.    **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effecteffectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties.

15.    **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.    **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, excluding the payment obligations of K4K detailed in Paragraphs 11.1-11.3 hereof (the remedy for which is set forth in Paragraph 11.5), the non-breaching Party

will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within thirty (30) days after the non-breaching Party has sent written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 15, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, ifprovided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  The filing of a suit prior to the applicable deadlines in this Paragraph, apart from any suit to collect any amounts due and owing from K4K in connection with the mandatory Installment Payments set forth in Paragraphs 11.1-11.3 hereof, shall constitute a violation of this Agreement.  For sake of clarity, nothing in this Paragraph 16 shall prohibit America Can! from immediately taking action in response to K4K's breach of its payment obligations set forth in Paragraphs 11.1-11.3.

17.     **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement causeswould cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18. 18. **Mutual General Releases.**  Upon each Party fulfilling its obligations under this Agreement, each Party releases and discharges the other, as well as their respective

18.1    Release of America Can! By K4K.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, which each Party otherwise may have, prior or subsequent to the Effective Datewhether in law or in equity, which K4K ever had, may have had, now has, or otherwise may have against America Can!, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for damages, including, but not limited to any pastequitable relief, damages, royalties, and/or lost profits, except for.  However, nothing in this Section 18.1 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

18.2    Release of K4K By America Can!  Release of America Can! By K4K.  Upon K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1-11.3 hereof, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims,

demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had, may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

19.     **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.     **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.     **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.     **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce ~~its~~this Agreement's terms or as may otherwise be required by law.

23.     **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.     **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of

any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind it~~the Party~~ to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to ~~each member and/or partner~~the officers and/or those otherwise having authority over the corporate decisions of their respective businesses. ~~The Parties further acknowledge that the undersigned~~ and that such person(s) have ~~been~~ authorized ~~by their respective members and/or partners to sign~~that Party's entrance into this Agreement ~~on their behalf~~.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon delivery.  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

    30.1    If to Kars 4 Kids:

              Kars 4 Kids
              1805 Swarthmore Avenue
              Lakewood, New Jersey 08701
              ATTN: Ben Turin

            With a concurrent copy to:
              Orrick, Herrington & Sutcliffe LLP
              51 West 52nd Street
              New York, NY 10019
              ATTN: Peter D. Vogl

11

30.2    If to America Can! [CONTACT INFORMATION TO BE INSERTED BY AMERICA CAN!]:

> America Can!
> 325 W. 12th Street
> Suite 250
> Dallas, Texas  75208
> ATTN: Malcolm Wentworth
>
> With a concurrent copy to:
> Haynes and Boone LLP
> 30 Rockefeller Plaza, 26th  Floor
> New York, New York 10014
> ATTN: Jonathan D. Pressment

31.    **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.    **Jurisdiction and Venue.**  This Agreement shall be governed by, and construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles, and.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over the Parties hereto in order to enforce this Agreement or otherwise resolve any dispute concerning the same, each Party hereby submitting to the Court for such purposeany action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.    **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.    **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.    **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter.

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____          By: _____

Name: _____

Title: _____

**AMERICA CAN!**

Date: _____          By: _____

Name: _____

Title: _____

13

Document comparison by Workshare Compare on Wednesday, September 30, 2015 1:36:55 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://HNBDMS/HNB/15394469/1 |
| Description | #15394469v1<HNB> - KarsDraftSettlementAgreement |
| Document 2 ID | interwovenSite://HNBDMS/HNB/15392400/3 |
| Description | #15392400v3<HNB> - AmericaCanSettlementAgreement9/30 |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 167 |
| Deletions | 92 |
| Moved from | 7 |
| Moved to | 7 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 273 |

# EXHIBIT K

**Myles, Mary Beth**

| | |
|---|---|
| **From:** | Vogl, Peter D. |
| **Sent:** | Monday, October 05, 2015 4:24 PM |
| **To:** | Pressment, Jonathan; Myles, Mary Beth |
| **Cc:** | LeBlanc, Rob |
| **Subject:** | RE: Kars 4 Kids - America Can! Draft Settlement Agreement |

Jon,

I have had a chance to review your edits.   I am concerned that because of the extent of those edits that we will not be able to negotiate a final settlement by Monday (Columbus Day).   In fact, my initial take is that some of your proposed edits are inconsistent with the terms set forth on the term sheet and will require me to have further discussions with K4K before I can send you detailed comments.

I am currently working within some time constraints that will be hard to overcome.   My client is observing a religious holiday today and tomorrow so I will not be able to get their input until Wednesday.  I leave for London on Friday and will be in England taking depositions thru October 20th.   I have more depositions stateside after that, but can work around those as need be.  I understand that you are out on business later this week as well.   In order to give this the attention it needs, I suggest that we agree to a further extension up to and including November 13th to work through the agreement.   Please let me know if you agree.   If so, I will have local counsel prepare a request to the Court.   Thanks.

Regards.

Peter



**PETER D. VOGL**
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142

tel +1-212-506-3625
fax +1-212-506-5151
pvogl@orrick.com
bio • vcard

www.orrick.com

**From:** Pressment, Jonathan [mailto:Jonathan.Pressment@haynesboone.com]
**Sent:** Wednesday, September 30, 2015 1:41 PM
**To:** Vogl, Peter D.; Myles, Mary Beth
**Cc:** LeBlanc, Rob
**Subject:** Kars 4 Kids - America Can! Draft Settlement Agreement

Peter,

Attached is a clean and redline version of our revisions to the draft settlement agreement.  I am providing this to you with two caveats: (1) we are still investigating whether your client's desire to characterize the settlement payments as "a grant" will have any adverse consequences or impose any additional obligations on America Can!; (2) as I

mentioned in my email to you of last night, we are still awaiting a draft of the Consent Order referenced in the Settlement Agreement.

Please let me know when you wish to discuss any comments you may have to this draft.  I am traveling on business October 8 and 9 and working from our Dallas office on October 12, so my hope is that we can push through prior to the 8th in order to comply with the October 12 deadline imposed by yesterday's Order from Judge Sheridan.

Regards,

Jon

## haynes*boone*

**Jonathan Pressment**
Partner
jonathan.pressment@haynesboone.com

**Haynes and Boone, LLP**
30 Rockefeller Plaza
26th Floor
New York, NY 10112

(t) 212.918.8961
(f) 212.884.9561
(m) 646.942.8244

vCard | Bio | Website

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

# EXHIBIT L

America Can! Draft - 9/30/15K4K Draft 10/22/15

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties"). [Add American Can! Cars for Kids]

Formatted: Highlight

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K has objected to America Can!'s use and registration of the CARS FOR KIDS Mark and filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! objected to K4K's use and registration of the KARS 4 KIDS Marks and has alleged that America Can!'s use of the CARS FOR KIDS Mark predated K4K's use of its KARS 4 KIDS Marks;

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration based upon, *inter alia*, alleged misrepresentations contained in K4K's application for the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

1

America Can! Draft   9/30/15K4K Draft 10/22/15

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, on September 29, 2015, the Court entered an Order granting the Parties' request made on September 25, 2015 to extend the deadline whereby any party may reopen the Litigation for good cause by fourteen (14) days to October 12, 2015;

WHEREAS, on October 8, 2015, the Court entered an Order granting the Parties' request made on October 6, 2015 to further extend the deadline whereby any party may reopen the Litigation for good cause to November 13, 2015;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.     **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.     **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.     **Covenants.**

   3.1     **Covenants of K4K.**

          (a)     K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any marks utilizing the derivatives or formatives of the words "cars," "kars" and/or "kids" in advertising, promotion, marketing or in any other manner whatsoever including, without limitation, in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national or regional advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas in a manner consistent with Paragraph 3.3(a) and (b) hereof.

2

~~America Can! Draft   9/30/15~~K4K Draft 10/22/15

3.2    **Covenants of America Can!.**

(a)     America Can! has the right, and may continue~~,~~ to use the CARS FOR KIDS Mark and the "Write Off the Car, Not the Kid" slogan ~~or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids"~~ in commerce throughout the State of Texas.

(b)     America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "cars" "kars" and/or "kids" ~~except the mark "Write off the car, not the kid" in~~ connection with any goods, services and/or charitable activities outside of the State of Texas.

~~(b)~~   (c)    America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating "kid(s)" and "kar(s)" anywhere in the world, including in the State of Texas.

**Formatted:** Normal, Indent: First line:  0.5"

3.3    **Advertising, Promotion, and Marketing.**

(a)     K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended ~~or likely~~ to be seen by the public in the United States.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" "for" and/or "kids" descriptively so long as the words are not used in immediate succession (i.e., "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

(b)     K4K shall be permitted to engage in any ~~national or international advertising using the KARS 4 KIDS Marks other than advertising directed specifically at residents of, or businesses or individuals located in, the State of Texas~~advertising using the KARS 4 KIDS Marks other than state specific advertising in Texas or specifically directed at individuals located in Texas~~.~~  However, with respect to any national radio advertising, radio promotion and/or radio marketing reaching the State of Texas, K4K agrees that it will emphasize ~~and expressly reference~~ the use of the letter "k" in the word "kars."

(c)     America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such use.  However, America Can! agrees to cease all advertising, promotion, marketing of its CARS FOR KIDS Mark, OR any phonetically equivalent mark, or any confusingly similar mark using the derivatives or formatives of the words "cars'" or "kars,"~~,~~ or any mark or phrase incorporating both the words car(s) or kar(s) and kid(s)~~with the exception of the Mark "Write off the car, not the kid,"~~ outside of the State of Texas (subject to the provisions of Paragraph 3.4) including, ~~without limitation~~but not limited to, through national advertising on radio, television stations outside of the State of Texas, non-Texas based newspapers and non-Texas based publications. America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

3.4    **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of in the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned

3

America Can! Draft   9/30/15K4K Draft 10/22/15

or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

(a)      K4K shall maintain ownership and control of, but shall and hereby does convey back any and all rights it possesses, ownership or otherwise, cease use of in the domain www.carsforkids.com in the United States in connection with the KARS 4 KIDS Marks to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date of this Agreement.

(b)      K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

(c)      K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

(c)      K4K shall not purchase or bid on "America Can," "Can Academy," "Dallas Can," "Texans Can," "Academy," "Academies," or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

(d)      America Can! shall not purchase or bid on any car donation search terms, including, but not limited to, without limitation, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

(e)      America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere outside of the State of Texas.in the world.

4.      **Internet Donations.**

(a)      K4K shall have the right to accept any vehicle donations over the Internet so long as: (1) the vehicle is located outside of Texas; and or (2) the donor resides or is located outside the State of Texas.   K4K shall take the necessary steps to ensure that vehicle donations where the donor resides or is otherwise located in the State of Texas and the vehicle is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

(b)      America Can! shall have the right to accept vehicle donations over the Internet so long as: (1) the vehicle is located inside the State of Texas; and (2) the donor either resides or is located in the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the both the vehicle is located outside of the State of Texas and or the donor resides outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.      **Telephone Donations.**  The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.  use best efforts to ensure that telephone representatives comply with the terms of Paragraph 4 with respect to donations offered over the phone regardless of whether they

4

America Can! Draft   9/30/15K4K Draft 10/22/15

are third-party representatives or directly employed by the Parties. For the sake of clarity, K4K agrees that it will use best efforts to ensure that its phone representatives (regardless of whether they are directly employed by K4K or contracted third parties) inform callers that K4K cannot accept donations of vehicles located in Texas from individuals or entities residing or otherwise located in Texas. America Can! agrees that it will use best efforts to ensure that its phone representatives (regardless of whether they are directly employed by America Can! or contracted third parties) inform callers that America Can! can only accept donations of vehicles located in the State of Texas from donors residing or otherwise located in the State of Texas.

6.      **Transition Period.**  K4K shall continue to have the right to use the KARS 4 KIDS Marks in the State of Texas and America Can! shall continue to have the right to use the CARS FOR KIDS Mark throughout the United States through October 31, 2015 March 31, 2016.  After that period of time, the Parties use of their respective marks shall be consistent with the terms of this Agreement.

7.      **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be entered by the District Court under seal and shall remain confidential unless disclosure is necessary to enforce its terms.held in escrow and not entered on the docket and shall remain confidential unless disclosure is necessary to enforce its terms.

8.      **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

8.1     K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of the CARS FOR KIDS Mark with the USPTO any such mark to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.2     America Can! agreeswill not to oppose, seek to cancel or otherwise challenge K4K's use, application for and registration of the KARS 4 KIDS Marks or any other trademarks containing the word "kars" with a "k," and or theincluding but not limited to those with the numeral "4" (as opposed to "for"), and agrees to provide any reasonably necessary assistance to effectuate the K4K's registration of such marks with a "k" and or the numeral "4" at the expense of K4K, including but not limited to providing a written consent to the registration of K4K's application for and registration of the KARS 4 KIDS Marks and any such mark containing the word "kars" with a "k," including but not limited to those" orand with the numeral "4" to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.3     Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

5

America Can! Draft   9/30/15K4K Draft 10/22/15

8.4     Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.     **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.

10.     **Avoidance of Confusion**.  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.     **Settlement Payment By K4K.**  In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.1     Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.2     Within ninety-five (95) days of the Effective Date, On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

11.3     On or before August 30, 2016Within two hundred and forty-two (242) days of the Second Installment Payment, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

11.4     Each payment shall be, either fully or partially, in the form of a grant.  AC agrees to complete a grant request application as reasonably requested by K4K for all or any portion of the Installment Payments.  Each of the Installment Payments shall be and made pursuant to the following instructions:

|  |  |
|---|---|
| Wire to: | T.I.B. (The Independent Bankers Bank)<br>P.O. Box 5605285<br>Dallas, Texas  75356 |
| ABA No.: | 111 010 170 |

6

~~America Can! Draft   9/30/15~~K4K Draft 10/22/15

Beneficiary:   Grand Bank of Texas
2341 S. Beltline Road
Grand Prairie, Texas  75051

Account No.:   1011378

Further Credit to: Account Name: America Can! Cars For Kids
Account No.:   1061704

~~11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, without any requirement of notice, render Sections 3.2(b), 3.3(c), 3.4(d)-(e) and 4(b) of this Agreement immediately null and void to the extent that such provisions prohibit America Can! from advertising, promoting or marketing its CARS FOR KIDS Marks or any Marks that may be confusingly similar to the KARS 4 KIDS Marks outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the state of Texas.  America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity including, without limitation, relief sought through the immediate commencement of an action against K4K for breach of this Agreement.  All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its CARS FOR KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.~~

12.    **Others First, Inc. Dispute.**  America Can! <u>agrees that it will grant to K4K a right to review and approve prior to execution the terms of any settlement agreement(s) proposed between America Can! and Others First, Inc. ("Others First") to confirm that it is consistent with the terms of this Agreement, including, but not limited to, confirming that America Can! is not acknowledging, consenting, or otherwise stipulating that there is no likelihood of confusion between America Can!'s CARS FOR KIDS Mark and Others First's CARS TO HELP KIDS mark; and that America Can! and Others First are not transferring or otherwise conveying any rights in their respective marks to one another.  K4K agrees to not unreasonably withhold approval of any settlement agreement terms proposed between America Can! and Others First.</u> ~~agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can further agrees that it will not transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark as part of any settlement or resolution of the Opposition Proceeding.~~

13.    **Enforcement.**

13.1    <u>Enforcement Rights of America Can!.</u>  <u>Subject to the procedure set forth below,</u> ~~T~~the parties acknowledge and agree that America Can! shall have the sole and exclusive right to enforce its CARS FOR KIDS Mark within the State of Texas ~~as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks~~.  Should K4K discover any potentially infringing use of ~~either its KARS FOR KIDS~~

7

America Can! Draft   9/30/15K4K Draft 10/22/15

Marks or the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 1060 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited towithout limitation, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 1060 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

13.2   Enforcement Rights of K4K.

13.2.1  Subject to the procedure set forth below, Tthe Pparties acknowledge and agree that K4K shall have the sole and exclusive right to enforce its KARS FOR 4 KIDS Marks outside throughout the world, including withinof the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark.  Should America Can! discover any potentially infringing use of either its CARS FOR KIDS Mark or the KARS FOR 4 KIDS Marks originating or occurring outside inside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement. K4K shall have 1060 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited towithout limitation, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 1060 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

13.2.2  Subject to the procedure set forth below, the Parties acknowledge and agree that K4K shall have the sole and exclusive right to enforce its KARS 4 KIDS Marks outside the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include marks that include the word "cars" or "kids."  Should America Can! discover any potentially infringing use of either its CARS FOR KIDS Mark or the KARS 4 KIDS Marks originating or occurring outside the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 10 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter. If K4K fails to initiate any such action within 10 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

14.      **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties.

15.   **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.   **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, excluding the payment obligations of K4K detailed in Paragraphs 11.1-11.3 hereof (the remedy for which is set forth in Paragraph 11.5), the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within thirty (30) days after the non-breaching Party has sent written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 15, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, provided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  The filing of a suit prior to the applicable deadlines in this Paragraph , apart from any suit to collect any amounts due and owing from K4K in connection with the mandatory Installment Payments set forth in Paragraphs 11.1-11.3 hereof, shall constitute a violation of this Agreement.  For sake of clarity, nothing in this Paragraph 16 shall prohibit America Can! from immediately taking action in response to K4K's breach of its payment obligations set forth in Paragraphs 11.1-11.3.

17.   **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement would cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.   **Mutual General Releases.**

18.1   Release of America Can! bBy K4K.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, may have had, now has, or otherwise may have against America Can!, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits. However, nothing in this Section 18.1 shall be deemed to release K4K America Can! from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

9

18.2    Release of K4K By America Can!  Release of America Can! By K4K.  Upon K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1-11.3 hereofexecution of this Agreement by both Parties, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had, may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits. However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

19.    **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.    **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.    **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.    **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.    **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.    **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

10

America Can! Draft   9/30/15K4K Draft 10/22/15

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon delivery.  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

     30.1    If to Kars 4 Kids:
              Kars 4 Kids
              1805 Swarthmore Avenue
              Lakewood, New Jersey 08701
              ATTN: Ben Turin

              With a concurrent copy to:
              Orrick, Herrington & Sutcliffe LLP
              51 West 52nd Street
              New York, NY 10019

11

America Can! Draft   9/30/15K4K Draft 10/22/15

       ATTN: Peter D. Vogl

30.2   If to America Can!:
       America Can!
       325 W. 12th Street
       Suite 250
       Dallas, Texas  75208
       ATTN: Malcolm Wentworth

       With a concurrent copy to:
       Haynes and Boone LLP
       30 Rockefeller Plaza, 26th  Floor
       New York, New York 10014
       ATTN: Jonathan D. Pressment

31.    **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.    **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.    **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.    **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.    **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter.

12

America Can! Draft   9/30/15K4K Draft 10/22/15

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____     By: _____

                                   Name: _____

                                   Title: _____

**AMERICA CAN!**

Date: _____     By: _____

                                   Name: _____

                                   Title: _____

13

# EXHIBIT M

~~America Can! Draft  9/30/15~~K4K Draft 11/11/15

**CONFIDENTIAL SETTLEMENT AGREEMENT**

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with America Can! Cars for Kids, and each of their ~~its~~ subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K has ~~objected to America Can!'s use and registration of the CARS FOR KIDS Mark and~~ filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

1

~~America Can! Draft   9/30/15~~K4K Draft 11/11/15

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, on September 29, 2015, the Court entered an Order granting the Parties' request made on September 25, 2015 to extend the deadline whereby any party may reopen the Litigation for good cause by fourteen (14) days to October 12, 2015;

WHEREAS, on October 8, 2015, the Court entered an Order granting the Parties' request made on October 6, 2015 to further extend the deadline whereby any party may reopen the Litigation for good cause to November 13, 2015;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.     **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.     **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.     **Covenants.**

3.1     **Covenants of K4K.**

(a)     K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any other mark incorporating the word "car(s)" in conjunction with the word "kid(s)" ~~or any marks utilizing the derivatives or formatives of the words "cars," "kars" and/or "kids"~~ in advertising, promotion, marketing or in any other manner ~~whatsoever including, without limitation,~~ in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national ~~or regional~~ advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas, any regional or state-specific advertising that does not include the State of Texas, or any "super regional" advertising or promotion as defined in Section 3.3(b) below, in a manner consistent with Paragraph 3.3(a) and (b) hereof.  Notwithstanding this Paragraph, nothing shall prohibit K4K from using any phrases incorporating the words "car(s)" or "kar(s)" descriptively.

2

America Can! Draft   9/30/15K4K Draft 11/11/15

(a)     K4K agrees not to use the slogan "Write off the car, not the kid," or alternative spellings thereof, in connection with any goods, services, and/or charitable activities in the United States.

**Formatted:** Normal

3.2     **Covenants of America Can!.**

(a)     America Can! has the right, and may continue, to use the CARS FOR KIDS Mark and the "Write Off the Car, Not the Kid" slogan or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids" in commerce throughout the State of Texas.

(b)     America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "car(s)" or "kar(s)" in conjunction with the word and/or "kid(s)" except the mark "Write off the car, not the kid" in connection with any goods, services and/or charitable activities outside of the State of Texas.

(c)     America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating the word "kid(s)" in conjunction with the word "car(s)" or "kar(s)" anywhere in the world, including in the State of Texas.

**Formatted:** Normal, Indent: First line: 0.5"

(b)     America Can! agrees not to use the numeral "4" as part of any mark or domain name, anywhere in the world, including in the State of Texas.

3.3     **Advertising, Promotion, and Marketing.**

(a)     K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or reasonably likely or likely to be seen by the public in the United States.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" "for" and/or "kids" descriptively so long as the words are not used in immediate succession (i.e., "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

(b)     K4K shall be permitted to engage in any of the following: national or international advertising using the KARS 4 KIDS Marks other than advertising directed specifically at residents of, or businesses or individuals located in, the State of Texas;(1) national advertising or promotion using the KARS 4 KIDS Marks that is not specifically directed at residents or individuals located in the State of Texas; (2) state-specific or regional advertising or promotion, so long as the region targeted does not include the State of Texas; or (3) "super regional" advertising which is defined to mean advertising or promotion directed at eight (8) or more states, which may or may not include the State of Texas—However, with respect to any national radio advertising, radio promotion and/or radio marketing reaching the State of Texas, K4K agrees that it will emphasize and expressly reference expressly reference the use of the letter "k" in the word "kars."

(c)     America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such use.  However, America Can! agrees to cease all advertising, promotion, marketing of its CARS FOR KIDS Mark, or any phonetically equivalent mark, or any confusingly similar mark using the derivatives or formatives of the words "cars" or "kars," or any mark or phrase incorporating both the words car(s) or kar(s) and kid(s). with the exception of the Mark "Write off the car, not

3

America Can! Draft   9/30/15**K4K Draft 11/11/15**

the kid," outside of the State of Texas (subject to the provisions of Paragraph 3.4) including, but
not limited to, through national advertising on radio, television stations outside of the State of
Texas, non-Texas based newspapers and non-Texas based publications.  America Can! shall
specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or
any confusingly similar mark, through satellite radio channels, including, but not limited to,
SiriusXM Radio.

      3.4    **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids"
(with or without initial capitalization) and any other car donation words or phrases as keywords
throughout the United States with the exception of in the State of Texas.  The Parties agree that
K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned
or operated by K4K so long as the website otherwise abides by the restrictions of this
Agreement.

      (a)    K4K shall maintain ownership and control of, but shall and hereby does
convey back any and all rights it possesses, ownership or otherwise, cease use of in the domain
www.carsforkids.com in the United States in connection with the KARS 4 KIDS Marks to
America Can!, at no cost, and further agrees to provide any and all documentation and/or
assistance needed to effectuate such transfer within thirty (30) days of the Effective Date of this
Agreement.

      (b)    K4K shall not purchase or bid on any car donation search terms as
keywords directed at Internet users located in the State of Texas.

      (c)    K4K shall not purchase or bid on "Cars For Kids" or any confusingly
similar marks as a keyword in the State of Texas.

      (c)    K4K shall not purchase or bid on "America Can," "Can Academy,"
"Dallas Can," "Texans Can," "Academy," "Academies," or any geographic search terms relating
to the State of Texas as a keyword anywhere in the world.

      (d)    America Can! shall not purchase or bid on any car donation search terms,
including, but not limited to, "cars for kids," as keywords directed at Internet users outside of the
State of Texas.

      (e)    America Can! shall not purchase or bid on "Kars 4 Kids" or any other
marks spelling "kars" with a "k" as a keyword, anywhere in the world.

    4.    **Internet Donations.**

      (a)    K4K shall have the right to accept any vehicle donations over the Internet
so long as ; (1) the vehicle is located outside of Texas.; (2) the donor resides or is located outside
the State of Texas.   K4K shall take the necessary steps to ensure that vehicle donations where
the donor resides or is otherwise located in the State of Texas and the vehicle is located in the
State of Texas cannot be effectuated via the Internet and will include a statement on its
website(s) conveying that limitation.

America Can! Draft   9/30/15K4K Draft 11/11/15

(b)      America Can! shall have the right to accept vehicle donations over the Internet so long as : (1) the vehicle is located inside the State of Texas; and (2) the donor either resides or is located in the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the both the vehicle is located outside of the State of Texas and the donor resides outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.      **Telephone Donations.**  The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.  The Parties agree that K4K shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents of the State of Texas to solicit donations.  The Parties agree that America Can! shall not make unsolicited telephone calls, or "cold calls," to residents located outside the State of Texas to solicit donations.

6.      **Transition Period.**  K4K shall continue to have the right to use the KARS 4 KIDS Marks in the State of Texas and America Can! shall continue to have the right to use the CARS FOR KIDS Mark throughout the United States through October 31, 2015 January 31, 2016.  After that period of time, the Parties use of their respective marks shall be consistent with the terms of this Agreement.

7.      **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be entered by the District Court under seal and shall remain confidential unless disclosure is necessary to enforce its terms.

7.      **Dismissal Order.**  The Parties agree to seek an Order of Dismissal, which shall include language sufficient to indicate that the Parties may coexist in terms not inconsistent with this Agreement.

**Formatted:** Font: Not Bold

8.      **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

8.1     K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of the CARS FOR KIDS Mark with the USPTO any such mark to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.2     K4K agrees never to seek to register the slogan "Write off the car, not the kid," or any alternative spellings thereof, with the USPTO.

8.28.3  America Can! agreeswill not to oppose, seek to cancel or otherwise challenge K4K's use, application for and registration of the KARS 4 KIDS Marks or any other trademarks containing the word "kars" with a "k," and or theincluding but not limited to those with the numeral "4," (so long as the mark does not also contain the word "for") (as opposed to "for"), and agrees to provide any reasonably necessary assistance to effectuate the K4K's registration of

5

America Can! Draft   9/30/15K4K Draft 11/11/15

such marks with a "k" and or the numeral "4" at the expense of K4K, including but not limited to providing a written consent to the registration of K4K's application for and registration of the KARS 4 KIDS Marks and any such mark containing the word "kars" with a "k," including but not limited to those" orand with the numeral "4" (so long as the mark does not also contain the word "for") to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.38.4  Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

8.48.5  Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.   **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.

10.   **Avoidance of Confusion**.  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.   **Settlement Payment By K4K.**  In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.1   Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.2   Within ninety-five (95) days of the Effective Date, On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

11.3   On or before August 30, 2016Within two hundred and forty-two (242) days of the Second Installment Payment, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

6

America Can! Draft   9/30/15K4K Draft 11/11/15

11.4    Each payment, or a portion of each payment, shall be in the form of a grant, as determined by K4K's auditors, and shall be in the form of a grant and made pursuant to the following instructions:

| | |
|---|---|
| Wire to: | T.I.B. (The Independent Bankers Bank)<br>P.O. Box 5605285<br>Dallas, Texas  75356 |
| ABA No.: | 111 010 170 |
| Beneficiary: | Grand Bank of Texas<br>2341 S. Beltline Road<br>Grand Prairie, Texas  75051 |
| Account No.: | 1011378 |

Further Credit to: Account Name: America Can! Cars For Kids
                Account No.:    1061704

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall render, subject to the provisions of Section 16, Sections 3.2(b), 3.3(c), 3.4(d)-(e), and 4(b) of this Agreement null and void to the extent that such provisions prohibit America Can! from advertising, promoting, or marketing its CARS FOR KIDS Mark outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the State of Texas.

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, without any requirement of notice, render Sections 3.2(b), 3.3(c), 3.4(d)-(e) and 4(b) of this Agreement immediately null and void to the extent that such provisions prohibit America Can! from advertising, promoting or marketing its CARS FOR KIDS Marks or any Marks that may be confusingly similar to the KARS 4 KIDS Marks outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the state of Texas. America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity including, without limitation, relief sought through the immediate commencement of an action against K4K for breach of this Agreement. All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS FOR KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.

12.    **Others First, Inc. Dispute.**  America Can! hereby grants to K4K a right to review and approve prior to execution the terms of any settlement agreement(s) proposed between America Can! and Others First, Inc. ("Others First") to confirm that it is consistent with the terms of this Agreement, including, but not limited to, confirming that America Can! is not acknowledging, consenting, or otherwise stipulating that there is no likelihood of confusion between America

7

America Can! Draft   9/30/15K4K Draft 11/11/15

Can!'s CARS FOR KIDS Mark and Others First's CARS TO HELP KIDS mark; and that America Can! and Others First are not transferring or otherwise conveying any rights in their respective marks to one another.  K4K agrees to not unreasonably withhold approval of any settlement agreement terms proposed between America Can! and Others First.  agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can further agrees that it will not transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark as part of any settlement or resolution of the Opposition Proceeding.

13.     **Enforcement.**

        13.1    <u>Enforcement Rights of America Can!.</u>  Subject to the procedure set forth below, the parties acknowledge and agree that America Can! shall have the sole and exclusivefirst right to enforce its CARS FOR KIDS Mark within the State of Texas, as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks.  Should K4K discover any potentially infringing use of either its KARS FOR KIDS Marks or the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 1460 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 1460 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

        13.2    <u>Enforcement Rights of K4K.</u>  Subject to the procedure set forth below, the Parties acknowledge and agree that K4K shall have the sole and exclusivefirst right to enforce its KARS FOR 4 KIDS Marks outside throughout the world.  of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark.  Should America Can! discover any potentially infringing use of either its CARS FOR KIDS Mark or the KARS FOR 4 KIDS Marks originating or occurring outside inside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 1460 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 1460 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity. "

14.     **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties.

America Can! Draft   9/30/15K4K Draft 11/11/15

15.    **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.    **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, excluding the payment obligations of K4K detailed in Paragraphs 11.1-11.3 hereof (the remedy for which is set forth in Paragraph 11.5), the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within thirty fourteen (1430) days after the non-breaching Party has sent written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 15, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, provided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  The filing of a suit prior to the applicable deadlines in this Paragraph , apart from any suit to collect any amounts due and owing from K4K in connection with the mandatory Installment Payments set forth in Paragraphs 11.1-11.3 hereof, shall constitute a violation of this Agreement.  For sake of clarity, nothing in this Paragraph 16 shall prohibit America Can! from immediately taking action in response to K4K's breach of its payment obligations set forth in Paragraphs 11.1-11.3.

17.    **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement would cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.    **Mutual General Releases.**

    18.1    Release of America Can! bBy K4K.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, as of the Effective Date of this Agreement against America Can!, may have had, now has, or otherwise may have against America Can!, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.1 shall be deemed to release America Can! from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

9

America Can! Draft   9/30/15K4K Draft 11/11/15

18.2    ~~Release of K4K By America Can!~~  Release of America Can! By K4K.  Upon ~~K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1-11.3 hereof~~execution of this Agreement by both Parties, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had against K4K, as of the Effective Date of this Agreement, ~~may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world~~, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

19.      **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.      **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.      **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.      **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.      **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.      **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

10

America Can! Draft   9/30/15K4K Draft 11/11/15

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon delivery.  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

     30.1    If to Kars 4 Kids:
               Kars 4 Kids
               1805 Swarthmore Avenue
               Lakewood, New Jersey 08701
               ATTN: Ben Turin

               With a concurrent copy to:
               Orrick, Herrington & Sutcliffe LLP
               51 West 52nd Street
               New York, NY 10019

11

~~America Can! Draft   9/30/15~~K4K Draft 11/11/15

ATTN: Peter D. Vogl

30.2   If to America Can!:
America Can!
325 W. 12th Street
Suite 250
Dallas, Texas  75208
ATTN: Malcolm Wentworth

With a concurrent copy to:
Haynes and Boone LLP
30 Rockefeller Plaza, 26th  Floor
New York, New York 10014
ATTN: Jonathan D. Pressment

31.    **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.    **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.    **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.    **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.    **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter.

12

America Can! Draft   9/30/15K4K Draft 11/11/15

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____      By: _____

                                     Name: _____

                                     Title: _____

**AMERICA CAN!**

Date: _____      By: _____

                                     Name: _____

                                     Title: _____

**AMERICA CAN! CARS FOR KIDS**

Date: _____      By: _____

                                     Name: _____

                                     Title: _____

13

# EXHIBIT N

~~America Can! Draft   9/30/15~~K4K Draft 11/13/15

**CONFIDENTIAL SETTLEMENT AGREEMENT**

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with America Can! Cars for Kids, and each of their ~~its~~ subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K has ~~objected to America Can!'s use and registration of the CARS FOR KIDS Mark and~~ filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

1

~~America Can! Draft   9/30/15~~K4K Draft 11/13/15

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, on September 29, 2015, the Court entered an Order granting the Parties' request made on September 25, 2015 to extend the deadline whereby any party may reopen the Litigation for good cause by fourteen (14) days to October 12, 2015;

WHEREAS, on October 8, 2015, the Court entered an Order granting the Parties' request made on October 6, 2015 to further extend the deadline whereby any party may reopen the Litigation for good cause to November 13, 2015;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.     **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.     **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.     **Covenants.**

3.1     **Covenants of K4K.**

(a)     K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any other mark incorporating the word "car(s)" in conjunction with the word "kid(s)" ~~or any marks utilizing the derivatives or formatives of the words "cars," "kars" and/or "kids"~~ in advertising, promotion, marketing or in any other manner ~~whatsoever including, without limitation,~~ in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national ~~or regional~~ advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas, any regional or state-specific advertising that does not include the State of Texas, or any "super regional" advertising or promotion as defined in Section 3.3(b) below, in a manner consistent with Paragraph 3.3(a) and (b) hereof.  Notwithstanding this Paragraph, nothing shall prohibit K4K from using any phrases incorporating the words "car(s)" or "kar(s)" descriptively.

2

~~America Can! Draft – 9/30/15~~K4K Draft 11/13/15

~~(a)~~   K4K agrees not to use the slogan "Write off the car, not the kid," or alternative spellings thereof, in connection with any goods, services, and/or charitable activities in the United States.

**Formatted:** Normal

3.2   **Covenants of America Can!.**

(a)      America Can! has the right, and may continue~~,~~ to use the CARS FOR KIDS Mark and the "Write Off the Car, Not the Kid" slogan ~~or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids"~~ in commerce throughout the State of Texas.

(b)      America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "car(s)" ~~or~~ the word ~~and/or~~ "kid(s)" ~~except the mark "Write off the car, not the kid"  in~~ connection with any goods, services and/or charitable activities outside of the State of Texas.

(c)      America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating the word "kid(s)" in conjunction with the word "car(s)" or "kar(s)" anywhere in the world, including in the State of Texas.

**Formatted:** Normal, Indent: First line:  0.5"

~~(b)~~   America Can! agrees not to use the numeral "4" as part of any mark or domain name, anywhere in the world, including in the State of Texas.

3.3   **Advertising, Promotion, and Marketing.**

(a)      K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or reasonably likely ~~or likely~~ to be seen by the public in the United States.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" "for" and/or "kids" descriptively so long as the words are not used in immediate succession (i.e., "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

(b)      K4K shall be permitted to engage in any of the following: ~~national or international advertising using the KARS 4 KIDS Marks other than advertising directed specifically at residents of, or businesses or individuals located in, the State of Texas~~a (1) national advertising or promotion using the KARS 4 KIDS Marks that is not specifically directed at residents or individuals located in the State of Texas; (2) state-specific or regional advertising or promotion, so long as the region targeted does not include the State of Texas; or (3) "super regional" advertising which is defined to mean advertising or promotion directed at ___ [TO BE DISCUSSED] or more states, which may or may not include the State of Texas~~.~~  However, with respect to any national radio advertising, radio promotion and/or radio marketing reaching the State of Texas, K4K agrees that it will ~~emphasize and expressly reference~~ expressly reference the use of the letter "k" in the word "kars."

(c)      America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such use.  However, America Can! agrees to cease all advertising, promotion, marketing of its CARS FOR KIDS Mark, or any phonetically equivalent mark, ~~or any confusingly similar mark using the derivatives or formatives of the words "cars'" or "kars,"~~or any mark or phrase incorporating both the words car(s) or kar(s) and kid(s).~~ with the exception of the Mark "Write off the car, not~~

~~America Can! Draft   9/30/15~~**K4K Draft 11/13/15**

~~the kid~~," outside of the State of Texas (subject to the provisions of Paragraph 3.4) including, but not limited to, through national advertising on radio, television stations outside of the State of Texas, non-Texas based newspapers and non-Texas based publications.  America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

        3.4    **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of in the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

        (a)    K4K shall maintain ownership and control of, but shall ~~and hereby does convey back any and all rights it possesses, ownership or otherwise,~~ cease use of ~~in~~ the domain www.carsforkids.com unless and until technology makes it possible for K4K to deny access to United States internet users ~~in the United States to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer~~ within thirty (30) days of the Effective Date of this Agreement.

        (b)    K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

        (c)    K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

        (c)    K4K shall not purchase or bid on "America Can," "Can Academy," "Dallas Can," "Texans Can," "Academy," "Academies," or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

        (d)    America Can! shall not purchase or bid on any car donation search terms, including, but not limited to, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

        (e)    America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere in the world.

    4.    **Internet Donations.**

        (a)    K4K shall have the right to accept any vehicle donations over the Internet so long as ~~; (1)~~ the vehicle is located outside of Texas.~~; (2) the donor resides or is located outside the State of Texas~~.   K4K shall take the necessary steps to ensure that vehicle donations where ~~the donor resides or is otherwise located in the State of Texas and~~ the vehicle is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

4

(b)    America Can! shall have the right to accept vehicle donations over the Internet so long as : (1) the vehicle is located inside the State of Texas; and (2) the donor either resides or is located in the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the both the vehicle is located outside of the State of Texas and the donor resides outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.    **Telephone Donations.**  The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.  The Parties agree that K4K shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents of the State of Texas to solicit donations.  The Parties agree that America Can! shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents located outside the State of Texas to solicit donations.

6.    **Transition Period.**  K4K shall continue to have the right to use the KARS 4 KIDS Marks in the State of Texas and America Can! shall continue to have the right to use the CARS FOR KIDS Mark throughout the United States through sixty (60) days of the Effective Date, but by no later than January 12, 2016 October 31, 2015.  After that period of time, the Parties use of their respective marks shall be consistent with the terms of this Agreement.

7.    **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be entered by the District Court under seal and shall remain confidential unless disclosure is necessary to enforce its terms.

7.    **Dismissal Order.**  The Parties agree to seek an Order of Dismissal, which shall include language sufficient to indicate that the Parties may coexist in terms not inconsistent with this Agreement.

8.    **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

8.1    K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of the CARS FOR KIDS Mark with the USPTO any such mark to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.2    K4K agrees never to seek to register the slogan "Write off the car, not the kid," or any alternative spellings thereof, with the USPTO.

8.28.3  America Can! agreeswill not to oppose, seek to cancel or otherwise challenge K4K's use, application for and registration of the KARS 4 KIDS Marks or any other trademarks containing the word "kars" with a "k," and or theincluding but not limited to those with the numeral "4," (so long as the mark does not also contain the word "for") (as opposed to "for"), and agrees to provide any reasonably necessary assistance to effectuate the K4K's registration of

5

Formatted: Font: Not Bold

such marks with a "k" and or the numeral "4" at the expense of K4K, including but not limited to providing a written consent to the registration of K4K's application for and registration of the KARS 4 KIDS Marks and any such mark containing the word "kars" with a "k," including but not limited to those" orand with the numeral "4" (so long as the mark does not also contain the word "for") to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.38.4  Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

8.48.5  Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.     **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.

10.     **Avoidance of Confusion.**  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.     **Settlement Payment By K4K.**  In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.1     Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.2     On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

11.3     On or before August 30, 2016, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

11.4     Each payment, or a portion of each payment, shall be in the form of a grant, as determined by K4K's auditors, and shall be in the form of a grant and made pursuant to the following instructions:

6

~~America Can! Draft   9/30/15~~K4K Draft 11/13/15

| | |
|---|---|
| Wire to: | T.I.B. (The Independent Bankers Bank)<br>P.O. Box 5605285<br>Dallas, Texas  75356 |
| ABA No.: | 111 010 170 |
| Beneficiary: | Grand Bank of Texas<br>2341 S. Beltline Road<br>Grand Prairie, Texas  75051 |
| Account No.: | 1011378 |
| Further Credit to: | Account Name: America Can! Cars For Kids<br>Account No.:    1061704 |

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall render, subject to the provisions of Section 16, Sections 3.2(b), 3.3(c), 3.4(d)-(e), and 4(b) of this Agreement null and void to the extent that such provisions prohibit America Can! from advertising, promoting, or marketing its CARS FOR KIDS Mark outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the State of Texas.

~~11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, without any requirement of notice, render Sections 3.2(b), 3.3(c), 3.4(d)-(e) and 4(b) of this Agreement immediately null and void to the extent that such provisions prohibit America Can! from advertising, promoting or marketing its CARS FOR KIDS Marks or any Marks that may be confusingly similar to the KARS 4 KIDS Marks outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the state of Texas.  America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity including, without limitation, relief sought through the immediate commencement of an action against K4K for breach of this Agreement.  All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS FOR KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.~~

12.    **Others First, Inc. Dispute.**  America Can! agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can further agrees that it will not: (a) transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark as part of any settlement or resolution of the Opposition Proceeding; (b) affirmatively consent to Others First's right to use the designation "Cars to Help Kids" anywhere; and/or (c) concede, in any settlement agreement or otherwise with Others First, that the designation "Cars to Help Kids" is not confusingly similar to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.~~.~~

7

America Can! Draft   9/30/15K4K Draft 11/13/15

13.   **Enforcement.**

13.1   Enforcement Rights of America Can!.  Subject to the procedure set forth below, the parties acknowledge and agree that America Can! shall have the sole and exclusivefirst  right to enforce its CARS FOR KIDS Mark within the State of Texas, as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks.  Should K4K discover any potentially infringing use of either its KARS FOR KIDS Marks or the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 1460 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 1460 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

13.2   Enforcement Rights of K4K.  Subject to the procedure set forth below, the Parties acknowledge and agree that K4K shall have the sole and exclusivefirst right to enforce its KARS FOR 4 KIDS Marks outside throughout the world. of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark.  Should America Can! discover any potentially infringing use of either its CARS FOR KIDS Mark or the KARS FOR 4 KIDS Marks originating or occurring outside inside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 1460 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 1460 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity."

14.   **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties.

15.   **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.   **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, excluding the payment obligations of K4K detailed in Paragraphs 11.1-11.3 hereof (the remedy for which is set forth in Paragraph 11.5), the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make

8

reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within thirty fourteen (1430) days after the non-breaching Party has sent written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 15, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, provided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  The filing of a suit prior to the applicable deadlines in this Paragraph , apart from any suit to collect any amounts due and owing from K4K in connection with the mandatory Installment Payments set forth in Paragraphs 11.1-11.3 hereof, shall constitute a violation of this Agreement.  For sake of clarity, nothing in this Paragraph 16 shall prohibit America Can! from immediately taking action in response to K4K's breach of its payment obligations set forth in Paragraphs 11.1-11.3.

17.    **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement would cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.    **Mutual General Releases.**

18.1    Release of America Can! bBy K4K.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, as of the Effective Date of this Agreement against America Can!, may have had, now has, or otherwise may have against America Can!, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.1 shall be deemed to release America Can! from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

18.2    Release of K4K By America Can!  Release of America Can! By K4K.  Upon K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1-11.3 hereofexecution of this Agreement by both Parties, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had against K4K, as of the Effective Date of this Agreement, may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in

9

the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits. However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

19.     **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.     **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto. Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.     **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.     **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions. Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.     **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.     **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon. Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter. The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

~~America Can! Draft   9/30/15~~K4K Draft 11/13/15

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon delivery.  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

    30.1    If to Kars 4 Kids:
                Kars 4 Kids
                1805 Swarthmore Avenue
                Lakewood, New Jersey 08701
                ATTN: Ben Turin

            With a concurrent copy to:
                Orrick, Herrington & Sutcliffe LLP
                51 West 52nd Street
                New York, NY 10019
                ATTN: Peter D. Vogl

    30.2    If to America Can!:
                America Can!
                 325 W. 12th Street
                Suite 250
                Dallas, Texas  75208
                ATTN: Malcolm Wentworth

            With a concurrent copy to:
                Haynes and Boone LLP
                30 Rockefeller Plaza, 26th  Floor

11

~~America Can! Draft   9/30/15~~K4K Draft 11/13/15

New York, New York 10014
ATTN: Jonathan D. Pressment

31.   **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.   **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.   **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.   **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.   **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter.

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____        By: _____

                                      Name: _____

                                      Title: _____

**AMERICA CAN!**

Date: _____        By: _____

12

~~America Can! Draft   9/30/15~~K4K Draft 11/13/15

Name: _____

Title: _____

**AMERICA CAN! CARS FOR KIDS**

Date: _____   By: _____

_____   Name: _____

_____   Title: _____

13

# EXHIBIT O

~~America Can! Draft   9/30/15~~America Can!K4K Draft 11/16~~3~~/15

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with America Can! Cars for Kids, a 501(c)(3) non-profit organized under the laws of the State of Texas with a principal place of business located at 7100 Marvin D. Love Freeway, Dallas, Texas 75237, and each of their ~~its~~ subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K ~~has objected to America Can!'s use and registration of the CARS FOR KIDS Mark and~~ filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the

1

America Can! Draft   9/30/15America Can!K4K Draft 11/163/15

Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, on September 29, 2015, the Court entered an Order granting the Parties' request made on September 25, 2015 to extend the deadline whereby any party may reopen the Litigation for good cause by fourteen (14) days to October 12, 2015;

WHEREAS, on October 8, 2015, the Court entered an Order granting the Parties' request made on October 6, 2015 to further extend the deadline whereby any party may reopen the Litigation for good cause to November 13, 2015;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.      **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.      **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.      **Covenants.**

   3.1      **Covenants of K4K.**

      (a)      K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any other mark incorporating the derivatives or formatives of the words "car(s)" or "kars" (in the singular or plural form) in conjunction with the word "kid(s)" or any marks utilizing the derivatives or formatives of the words "cars," "kars" and/or "kids" in advertising, promotion, marketing or in any other manner whatsoever including, but not limited to, whatsoever including, without limitation, in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national or regional advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas or, any regional or state-specific advertising so long as such advertising or promotion does not include advertising or promotion in the State

~~America Can! Draft   9/30/15~~America Can!K4K ~~Draft 11/1~~63/15

of Texas and is ~~that does not include the State of Texas, or any "super regional" advertising or promotion as defined in Section 3.3(b) below, in a manner~~ consistent with the provisions of Paragraph 3.3(a) and (b) hereof~~.   Notwithstanding this Paragraph, nothing shall prohibit K4K from using any phrases incorporating the words "car(s)" or "kar(s)" descriptively~~.

~~(a)~~ (b)   K4K agrees not to use the slogan "Write O~~o~~ff the C~~c~~ar, N~~n~~ot the K~~k~~id," (with initial capital letters or otherwise) or~~or~~ alternative spellings thereof, in connection with any goods, services, and/or charitable activities anywhere in the world ~~in the United States~~.

3.2   **Covenants of America Can!.**

(a)   America Can! has the right, and may continue~~,~~ to use the CARS FOR KIDS Mark and the "Write Off the Car, Not the Kid" slogan or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids" ~~or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids"~~ in commerce throughout the State of Texas.

(b)   America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "car(s)" or "kar(s)" in conjunction with the word ~~and/or~~ "kid(s)" in ~~except the mark "Write off the car, not the kid" in~~ connection with any goods, services and/or charitable activities outside of the State of Texas.

(c)   America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating the word "kid(s)" in conjunction with the word ~~"car(s)" or~~ "kar(s)" spelled with a "k" anywhere in the world, including in the State of Texas.

~~(b)~~ (d)   America Can! agrees not to use the numeral "4" in conjunction with the words "cars" or "kars" and the word "kids" as part of any mark or domain name, anywhere in the world, including in the State of Texas.

3.3   **Advertising, Promotion, and Marketing.**

(a)   K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or reasonably likely ~~or likely~~ to be seen by the public ~~in the United States~~anywhere in the world.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" "for" and/or "kids" descriptively so long as the words are not used in immediate succession (~~i.e.,~~e.g., "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

(b)   K4K shall be permitted to engage in any national or international advertising or promotion using the KARS 4 KIDS Marks so long as such promotion or advertising is not directed or reasonably likely to be directed at residents, businesses or individuals located in the State of Texas; and ~~of the following: national or international advertising using the KARS 4 KIDS Marks other than advertising directed specifically at residents of, or businesses or individuals located in, the State of Texas~~ (1) ~~national advertising or promotion using the KARS 4 KIDS Marks that is not specifically directed at residents or individuals located in the State of Texas;~~ (2) state-specific or regional advertising or promotion, so long as the state or region targeted does not include the State of Texas and the advertising

3

America Can! Draft - 9/30/15 America Can! K4K Draft 11/16 3/15

employed does not emanate from the State of Texas.; or (3) "super regional" advertising which is defined to mean advertising or promotion directed at _____ [TO BE DISCUSSED] or more states, which may or may not include the State of Texas.  However, with respect to any national radio advertising, radio promotion and/or radio marketing reaching the State of Texas, K4K agrees that it will emphasize and expressly reference expressly reference the use of the letter "k" in the word "kars." so as to be seen and, if applicable, heard.

(c)     America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such use.  However, America Can! agrees to cease all advertising, promotion, marketing of its CARS FOR KIDS Mark, or any phonetically equivalent mark, or any confusingly similar mark using the derivatives or formatives of the words "cars'" or "kars," and or any mark or phrase incorporating both the words "car(s)" or "kar(s)" and "kid(s)" with the exception of the Mark "Write off the car, not the kid," (subject to the provisions of Paragraph 3.4) including, but not limited to, through national advertising on radio, television stations outside of the State of Texas, non-Texas based newspapers and non-Texas based publications.  America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

(c) (d)     Nothing in this Agreement shall prohibit either party from using phrases incorporating the words "car(s)" or "kids" descriptively although K4K agrees not to use any descriptive language in internet content, promotions or advertisements in which a city located in Texas appears adjacent to the word "can" (e.g., "our Kars4Kids crew in **Fort Worth can** pick up virtually any car donation . . . .")

3.4     **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of in the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

(a)     K4K shall and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain maintain ownership and control of, but shall and hereby does convey back any and all rights it possesses, ownership or otherwise, cease use of in the domain www.carsforkids.com to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date unless and until technology makes it possible for K4K to deny access to United States internet users in the United States to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date of this Agreement.

(b)     K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

4

~~America Can! Draft - 9/30/15~~America Can!~~K4K~~ Draft 11/16~~3~~/15

(c)     K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

~~(c)~~ (d)     K4K shall not purchase or bid on and will cease any use of the terms "America Can," "America Can!" "Can Academy," "Dallas Can," "Houston Can," "Ft. Worth Can," "Texans Can," "Academy," "Academies," "Write Off the Car, Not the Kid" (with or without initial capitalization and regardless of whether the word "cars" is spelled with a "c" or a "k") or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

~~(d)~~ (e)     America Can! shall not purchase or bid on any car donation search terms, including, but not limited to, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

(f)     America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere in the world.

(g)     America Can! shall and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain names: car4kids.org; cars44kids.com; cars44kids.net; kar4kids.com; and kar4kids.org.

~~(e)~~ (h)     America Can! Shall not register, purchase or bid on any domain name or marks utilizing the numeral "4" in conjunction with the words "car(s)" or "kar(s)" and "kids" anywhere in the world, including in the State of Texas.

4.     **Internet Donations.**

(a)     K4K shall have the right to accept any vehicle donations over the Internet so long as ~~; (1)~~ the vehicle is located outside of Texas ~~. (2) the donor resides or is located outside the State of Texas~~.   K4K shall take the necessary steps to ensure that vehicle donations where ~~the donor resides or is otherwise located in the State of Texas and~~ the vehicle is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

(b)     America Can! shall have the right to accept vehicle donations over the Internet so long as ~~; (1)~~ the vehicle is located inside the State of Texas~~; and (2) the donor either resides or is located in the State of Texas~~.   America Can! shall take the necessary steps to ensure that donations where ~~the both~~ the vehicle is located outside of the State of Texas ~~and the donor resides outside of the State of Texas~~ cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.     **Telephone Donations.**

(a)     The Parties agree that each Party shall use best efforts to ensure that its operations with respect to telephone donations are consistent with the provisions of Section 4 hereof pertaining to internet donations.  For the sake of clarity, K4K shall use best efforts to ensure that it does not accept vehicle donations of cars located in the State of Texas by phone or otherwise.  America Can! Shall use its best efforts to ensure that it does not accept vehicle

5

America Can! Draft  9/30/15America Can!K4K Draft 11/163/15

donations of cars located outside of the State of Texas by phone or otherwise. be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.

5.          (b)    The Parties further agree that K4K shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents of the State of Texas to solicit donations. The Parties agree that America Can! shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents located outside the State of Texas to solicit donations.

**Formatted:** No bullets or numbering
**Formatted:** Font: Not Bold

6.      **Transition Period.**  K4K's shall continue to have the right to use the KARS 4 KIDS Marks in the State of Texas and America Can!'s right shall continue to have the right to use the CARS FOR KIDS Mark throughout the United States through shall expire on November 25, 2015 sixty (60) days of the Effective Date, but by no later than January 12, 2016 October 31, 2015.   After that period of time, the Parties use of their respective marks shall be consistent with the terms of this Agreement.

7.      **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be entered by the District Court under seal and shall remain confidential unless disclosure is necessary to enforce its terms.

7.      **Dismissal Order.**  The Parties agree to seek an Order of Dismissal, which shall include language sufficient to indicate that the Parties may coexist in terms not inconsistent with this Agreement.

**Formatted:** Font: Not Bold

8.      **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

8.1    K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of the CARS FOR KIDS Mark with the USPTO , any such mark to be filed with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.2    K4K agrees never to seek to register the slogan "Write Ooff the Ccar, Nnot the Kkid," or any alternative spellings or capitalizations thereof, with any trademark office worldwide or to utilize the slogan "Write Off the Car, Not the Kid" or alternative spellings or capitalizations thereof in connection with any goods, services, and/or charitable activities anywhere in the world.the USPTO.

8.28.3  America Can! agreeswill not to oppose, seek to cancel or otherwise challenge K4K's use.application for and registration of the KARS 4 KIDS Marks  or any other trademarks containing the word "kars" with a "k," and or theincluding but not limited to those with the numeral "4," (so long as the mark does not also contain the word "for") (as opposed to "for"), and agrees to provide any reasonably necessary assistance to effectuate the K4K's registration of such marks with a "k" and or the numeral "4" at the expense of K4K, including but not limited to

6

providing a written consent to the registration of K4K's application for and registration of the KARS 4 KIDS Marks and any such mark containing the word "kars" with a "k," including but not limited to those" or and with the numeral "4" (so long as the mark does not also contain the word "for") to be filed with the USPTO so long as the use of any such marks is, and would be, consistent with the terms of this Agreement.

      8.3 8.4  Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

      8.4 8.5  Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.     **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.

10.    **Avoidance of Confusion**.  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.    **Settlement Payment By K4K.**  In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

      11.1   Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

      11.2   On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

      11.3   On or before August 30, 2016, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

      11.4   Each payment, or a portion of each payment, shall be in the form of a grant, as determined by K4K's auditors, and shall be in the form of a grant and made pursuant to the following instructions:

America Can! Draft   9/30/15America Can!K4K Draft 11/163/15

| | |
|---|---|
| Wire to: | T.I.B. (The Independent Bankers Bank) |
| | P.O. Box 5605285 |
| | Dallas, Texas  75356 |
| | |
| ABA No.: | 111 010 170 |
| | |
| Beneficiary: | Grand Bank of Texas |
| | 2341 S. Beltline Road |
| | Grand Prairie, Texas  75051 |
| | |
| Account No.: | 1011378 |
| | Further Credit to: Account Name: America Can! Cars For Kids |
| | Account No.:   1061704 |

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall render, subject to the notice and informal dispute resolution provisions of Section 16, render the restrictions on America Can!'s activities set forth under Sections 3.2(b), 3.3(c), 3.4(cd)-(he), and 4(b) of this Agreement null and void but only to the extent that such provisions prohibit America Can! from advertising, promoting, or marketing its CARS FOR KIDS Mark or any similar mark utilizing the derivatives or formatives of the words "cars" and/or "kids" outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the State of Texas.

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, without any requirement of notice, render Sections 3.2(b), 3.3(c), 3.4(d) (e) and 4(b) of this Agreement immediately null and void to the extent that such provisions prohibit America Can! from advertising, promoting or marketing its CARS FOR KIDS Marks or any Marks that may be confusingly similar to the KARS 4 KIDS Marks outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the state of Texas. America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity including, without limitation, relief sought through the immediate commencement of an action against K4K for breach of this Agreement.  All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS 4FOR KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.

> Formatted: Underline, Font color: Dark Red

> Formatted: Font color: Dark Red

> Formatted: Underline, Font color: Dark Red

12.    **Others First, Inc. Dispute.**  America Can! agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can! further agrees that it will not: (a) transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark as part of any settlement or resolution of the Opposition Proceeding; (b) affirmatively consent to Others First's right to use the designation "Cars to Help Kids" anywhere; and/or (c) concede, in any settlement agreement or otherwise

8

America Can! Draft – 9/30/15America Can!K4K Draft 11/163/15

with Others First, that the designation "Cars to Help Kids" is not confusingly similar to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.:

13.     **Enforcement.**

        13.1    <u>Enforcement Rights of America Can!.</u>  Subject to the procedure set forth below, the parties acknowledge and agree that America Can! shall have the sole and exclusivefirst  right to enforce its CARS FOR KIDS Mark within the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include any use of the KARS 4 KIDS Marks or any marks which are confusingly similar to the KARS 4 KIDS Marks.as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks.  Should K4K discover any potentially infringing use of either its KARS FOR KIDS Marks or the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 1460 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 1460 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time, and only at such time, K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

        13.2    <u>Enforcement Rights of K4K.</u>  Subject to the procedure set forth below, the Parties acknowledge and agree that K4K shall have the sole and exclusivefirst right to enforce its KARS FOR 4 KIDS Marks outside throughout the world excluding in the State of Texas, of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark.  Should America Can! discover any potentially infringing use of either its CARS FOR KIDS Mark or the KARS FOR 4 KIDS Marks originating or occurring outside of outside inside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 1460 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 1460 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time, and only at such time, America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity."

14.     **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties consistent with the provisions of Paragraph 7 of this Agreement.

15.     **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners,

9

America Can! Draft – 9/30/15America Can!K4K Draft 11/163/15

volunteers, or brands in any communications, marketing, or advertising material, or on any
websites including any social media, such as Twitter, Facebook, and Instagram.

16.     **Breach of Agreement.**  If either Party believes that the other Party has breached the
terms of this Agreement, excluding the payment obligations of K4K detailed in Paragraphs 11.1-
11.3 hereof (the remedy for which is set forth in Paragraph 11.5), the non-breaching Party will
give written notice to the breaching Party detailing the breach.  The Parties shall confer
telephonically or in person in good faith upon receipt of the written notice and shall make
reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot
resolve, the dispute within thirty sevenfourteen (71430) days after the non-breaching Party has
sent written notice, the non-breaching Party may, without further notice, pursue any remedy
available under local, state, or federal law.  Notwithstanding the foregoing and in accordance
with Paragraph 15, if a Party reasonably believes that it has a legitimate need for expedited relief,
it may seek a temporary restraining order or a preliminary injunction, provided that the filing is
followed promptly by the Parties conferring in good faith to make reasonable informal efforts to
resolve the dispute, in all other cases t. The filing of a suit prior to the applicable deadlines in
this Paragraph , apart from any suit to collect any amounts due and owing from K4K in
connection with the mandatory Installment Payments set forth in Paragraphs 11.1-11.3 hereof,
shall constitute a violation of this Agreement.  For sake of clarity, nothing in this Paragraph 16
shall prohibit America Can! from immediately taking action in response to K4K's breach of its
payment obligations set forth in Paragraphs 11.1-11.3.  Further, the Parties agree that in any suit
to enforce the provisions of this agreement in which a party is found in breach of the agreement,
the non-breaching party shall be entitled to all costs and expenses of such action including an
award of reasonable attorneys' fees.

17.     **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this
Agreement would cause irreparable harm that cannot be adequately compensated by money
damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary
and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as
set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the
non-breaching Party shall have the right to pursue and obtain all equitable relief, including,
without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.     **Mutual General Releases.**

        18.1     Release of America Can! bBy K4K.  Upon the execution of this Agreement by
both Parties, K4K shall be deemed to have, and hereby does release and forever discharge
America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents
and partners from any and all claims, demands, costs, proceedings and/or actions of any kind
whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, as of
the Effective Date of this Agreement against America Can!. may have had, now has, or
otherwise may have against America Can!, from the beginning of time until the end of the world,
arising out of, concerning, resulting from, or relating in any way to the claims and allegations
asserted in the Litigation and its subject matter, including, without limitation, any and all claims
for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.1
shall be deemed to release America Can! from its obligations under this Agreement or any
claims or causes of action based on or arising out of or in connection with this Agreement.

10

~~America Can! Draft – 9/30/15~~America Can! ~~K4K~~ Draft 11/1~~6~~3/15

18.2   ~~Release of K4K By America Can!~~ Release of America Can! By K4K.  Upon ~~K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1–11.3 hereof~~execution of this Agreement by both Parties, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had against K4K, as of the Effective Date of this Agreement, ~~may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world~~, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.  Further, nothing in this Paragraph 18.2 shall be deemed to release or otherwise discharge K4K from any claims, demands, costs, proceedings and/or actions of any kind whatsoever that America Can! may have or bring by operation or as a result of the provisions of Section 11.5 pertaining to the nullification or voidance of certain provisions in the case of a breach of this Agreement by K4K.

19.      **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.      **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.      **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.      **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.      **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

11

America Can! Draft - 9/30/15America Can!K4K Draft 11/163/15

24.     **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon deliveryat the time it is sent.  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

30.1   If to Kars 4 Kids:
        Kars 4 Kids
        1805 Swarthmore Avenue
        Lakewood, New Jersey 08701
        ATTN: Ben Turin

        With a concurrent copy to:
        Orrick, Herrington & Sutcliffe LLP

12

America Can! Draft   9/30/15America Can!K4K Draft 11/163/15

51 West 52nd Street
New York, NY 10019
ATTN: Peter D. Vogl

30.2    If to America Can!:
America Can!
325 W. 12th Street
Suite 250
Dallas, Texas  75208
ATTN: Malcolm Wentworth

With a concurrent copy to:
Haynes and Boone LLP
30 Rockefeller Plaza, 26th  Floor
New York, New York 10014
ATTN: Jonathan D. Pressment

31.    **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.    **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.    **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.    **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.    **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter except as provided for by Section 16 hereof in the event of a breach.

13

America Can! Draft   9/30/15America Can!K4K Draft 11/163/15

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____     By: _____

                                   Name: _____

                                   Title: _____

**AMERICA CAN!**

Date: _____     By: _____

                                   Name: _____

                                   Title: _____

**AMERICA CAN! CARS FOR KIDS**

Date: _____     By: _____

                                   Name: _____

                                   Title: _____

14

# EXHIBIT P

~~K4K 11/16/15 Draft~~~~America Can! Draft – 9/30/15~~<u>America Can!6</u>

**CONFIDENTIAL SETTLEMENT AGREEMENT**

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with <u>America Can! Cars for Kids, a 501(c)(3) non-profit organized under the laws of the State of Texas with a principal place of business located at 7100 Marvin D. Love Freeway, Dallas, Texas 75237, and</u> each of <u>their</u> ~~its~~ subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K ~~has~~ ~~objected to America Can!'s use and registration of the CARS FOR KIDS Mark and~~ filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the

1

**K4K 11/16/15 Draft**America Can! Draft   9/30/15America Can!6

Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, on September 29, 2015, the Court entered an Order granting the Parties' request made on September 25, 2015 to extend the deadline whereby any party may reopen the Litigation for good cause by fourteen (14) days to October 12, 2015;

WHEREAS, on October 8, 2015, the Court entered an Order granting the Parties' request made on October 6, 2015 to further extend the deadline whereby any party may reopen the Litigation for good cause to November 13, 2015;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.     **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.     **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.     **Covenants.**

3.1     **Covenants of K4K.**

(a)     K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any other mark incorporating derivatives or formatives of the words "car(s)" or "kars" (in the singular or plural form or misspellings) in conjunction with the word "kid(s)" or any marks utilizing the derivatives or formatives of the words "cars," "kars" and/or "kids" in advertising, promotion, marketing or in any other manner whatsoever including, but not limited to, whatsoever including, without limitation, in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national or regional advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas or any regional or state-specific advertising so long as such advertising or promotion does not include advertising or promotion in the State

> **Commented [MMB1]:** The language "derivatives or formatives" is unclear and are litigated terms.  We would like more specificity.  We propose adding "misspellings," but are open to any additional suggestions you may have.

2

K4K 11/16/15 Draft~~America Can! Draft   9/30/15~~~~America Can!6~~

~~of Texas and is~~ that does not include the State of Texas, or any "super regional" advertising or promotion as defined in Section 3.3(b) below, in a manner consistent with the provisions of Paragraph 3.3(a) and (b) hereof. ~~Notwithstanding this Paragraph, nothing shall prohibit K4K from using any phrases incorporating the words "car(s)" or "kar(s)" descriptively.~~

> **Commented [MMB2]:** Is there a specific number of states short of 50 that your client would be willing to accept?

~~(a)~~ (b)   K4K agrees not to use the slogan "Write O~~o~~ff the C~~c~~ar, N~~n~~ot the K~~k~~id," (with initial capital letters or otherwise) ~~or~~ or alternative spellings thereof, in connection with any goods, services, and/or charitable activities anywhere in the world ~~in the United States~~.

> **Formatted:** Normal, Indent: First line: 0.5"

### 3.2   Covenants of America Can!~~.~~

(a)   America Can! has the right, and may continue~~,~~ to use the CARS FOR KIDS Mark and the "Write Off the Car, Not the Kid" slogan or any mark utilizing ~~the derivatives or formatives of~~ the words "cars" and/or "kids" ~~or any mark utilizing the derivatives or formatives of the words "cars" and/or "kids"~~ in commerce throughout the State of Texas.

> **Commented [MMB3]:** The use of "derivatives or formatives" is unclear and could be interpreted to include "kars" with a "k," which contradicts Section 3.2(c) below.  Therefore we propose deleting "derivatives or formatives."

(b)   America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "car(s)" or "kar(s)" in conjunction with the word ~~and/or~~ "kid(s)" in ~~except the mark "Write off the car, not the kid" in~~ connection with any goods, services and/or charitable activities outside of the State of Texas.

(c)   America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating the word "kid(s)" in conjunction with the word ~~"car(s)" or~~ "kar(s)" spelled with a "k" anywhere in the world, including in the State of Texas.

> **Formatted:** Normal, Indent: First line: 0.5"

~~(b)~~ (d)   America Can! agrees not to use the numeral "4" in conjunction with the words "cars" or "kars" or ~~and~~ the word "kids" as part of any mark or domain name, anywhere in the world, including in the State of Texas.

### 3.3   Advertising, Promotion, and Marketing.

(a)   K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or reasonably likely ~~or likely~~ to be seen by the public ~~in the United States~~anywhere in the world in the United States.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" "for" and/or "kids" descriptively so long as the words are not used in immediate succession (i.e.~~,~~~~e.g., i.e.,~~ "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

> **Commented [MMB4]:** What else could "immediate succession" mean other than "cars for kids?"  If you have any specific examples, we are willing to consider them.

(b)   K4K shall be permitted to engage in any of the following: (1) national or international advertising or promotion using the KARS 4 KIDS Marks so long as such promotion or advertising is not ~~specifically directed or reasonably likely to be~~ directed at residents, businesses or individuals located in the State of Texas; ~~and of the following: national or international advertising using the KARS 4 KIDS Marks other than advertising directed specifically at residents of, or businesses or individuals located in, the State of Texas (1) national advertising or promotion using the KARS 4 KIDS Marks that is not specifically directed at residents or individuals located in the State of Texas;~~ (2) state-specific or regional advertising or promotion, so long as the state or region targeted does not include the State of Texas ~~and the~~

> **Commented [MMB5]:** This is inconsistent with our understanding.  All national advertising would be reasonably likely to be directed at residents of Texas.  We believe the language "specifically directed" is more appropriate.

3

K4K 11/16/15 DraftAmerica Can! Draft   9/30/15America Can!6

advertising employed does not emanate from the State of Texas; or (3) "super regional" advertising which is defined to mean advertising or promotion directed at ____ or more states, which may or may not include the State of Texas.; or (3) "super regional" advertising which is defined to mean advertising or promotion directed at _____ [TO BE DISCUSSED] or more states, which may or may not include the State of Texas.  However, with respect to any national radio radio advertising, radio radio promotion and/or radio radio marketing reaching the State of Texas, K4K agrees that it will emphasize and expressly reference  expressly emphasizereference the use of the letter "k" in the word "kars." so as to be seen and, if applicable, heard.

**Commented [MMB6]:** We are unclear as to the meaning of this phrase.

**Commented [MMB7]:** Is there a number short of all 50 states that your client would accept?

**Commented [MMB8]:** It is unclear to us how K4K could "expressly reference" the k in a print ad.

(c)        America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such use.  However, America Can! agrees to cease all advertising, promotion, and marketing of its CARS FOR KIDS Mark, or any phonetically equivalent mark, or any confusingly similar mark using the derivatives or formatives of the words "cars'" or "kars," any word or phrase incorporating the words "car(s)" or "kar(s)" in conjunction with the word and "kid(s)". with the exception of the Mark "Write off the car, not the kid," outside of the State of Texas (subject to the provisions of Paragraph 3.4) including, but not limited to, through national advertising on radio, television stations outside of the State of Texas, non-Texas based newspapers and non-Texas based publications.  America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

**Commented [MMB9]:** We changed the language for consistency.

(c)   (d)    Nothing in this Agreement shall prohibit either party from using phrases incorporating the words "car(s)" or "kids" descriptively although K4K agrees not to use any descriptive language in internet content, promotions or advertisements in which a city located in Texas appears adjacent to the word "can" (e.g., "our Kars4Kids crew in **Fort Worth can** pick up virtually any car donation . . . .")

**Formatted:** Normal, Indent: First line:  0.5"

**Formatted:** Font: (Default) Times New Roman

**Formatted:** Font: (Default) Times New Roman, Not Highlight

**Formatted:** Font: (Default) Times New Roman

**Formatted:** Font: (Default) Times New Roman, Not Bold

**Formatted:** Font: (Default) Times New Roman

3.4    **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of in the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

(a)    K4K shall maintain ownership and control of, but shall cease use of the domain www.carsforkids.com to America Can! within thirty (30) days of the Effective Date of this Agreement, unless and until technology makes it possible for K4K to deny access to United States internet users and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domainmaintain ownership and control of, but shall and hereby does convey back any and all rights it possesses, ownership or otherwise, cease use of in the domain www.carsforkids.comto America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date unless and until technology makes it possible for K4K to deny access to United States internet users in the United States to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date of this Agreement.

**Formatted:** Default Paragraph Font

**Commented [MMB10]:** We understood the agreement to reflect the discontinuance of use in the parties' respective territories.  Once K4K disables the website, it will no longer be accessible to anyone.

4

K4K 11/16/15 DraftAmerica Can! Draft – 9/30/15America Can!6

(b)     K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

(c)     K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

(c) (d)     K4K shall not purchase or bid on and will cease any use of the terms "America Can," "America Can!" "Can Academy," "Dallas Can," "Houston Can," "Ft. Worth Can," "Texans Can," "Academy," "Academies," "Write Off the Car, Not the Kid" (with or without initial capitalization and regardless of whether the word "cars" is spelled with a "c" or a "k") or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

Formatted: Indent: First line: 0.56", Space Before: 12 pt, No bullets or numbering

Commented [MMB11]: We cannot agree broadly never to use the words "academy" or "academies" in any form.

(d) (e)     America Can! shall not purchase or bid on any car donation search terms, including, but not limited to, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

Formatted: Indent: First line: 0.5", No bullets or numbering

(f)     America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere in the world.

(g)     America Can! shall and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain names: car4kids.org; cars44kids.com; cars44kids.net; kar4kids.com; and kar4kids.org.

Formatted: Normal, Indent: First line: 0.5"

(e) (h)     America Can! Shall not register, purchase or bid on any domain name or marks utilizing the numeral "4" in conjunction with the words "car(s)" or "kar(s)" and "kids" anywhere in the world, including in the State of Texas.

4.     **Internet Donations.**

(a)     K4K shall have the right to accept any vehicle donations over the Internet so long as : (1) the vehicle is located outside of Texas .; (2) the donor resides or is located outside the State of Texas.   K4K shall take the necessary steps to ensure that vehicle donations where the donor resides or is otherwise located in the State of Texas and the vehicle is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

(b)     America Can! shall have the right to accept vehicle donations over the Internet so long as : (1) the vehicle is located inside the State of Texas; and (2) the donor either resides or is located in the State of Texas.   America Can! shall take the necessary steps to ensure that donations where the both the vehicle is located outside of the State of Texas and the donor resides or is located outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.     **Telephone Donations.**

(a)     The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the

Formatted: Legal2_L3, Tab stops: Not at 0.5"

**K4K 11/16/15 Draft**~~America Can! Draft   9/30/15~~**America Can!6**

~~donor.~~  ~~use best efforts to ensure that its operations with respect to telephone donations are consistent with the provisions of Section 4 hereof pertaining to internet donations.  For the sake of clarity, K4K shall use best efforts to ensure that it does not accept vehicle donations of cars located in the State of Texas by phone or otherwise.  America Can! Shall use its best efforts to ensure that it does not accept vehicle donations of cars located outside of the State of Texas by phone or otherwise.~~  ~~be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.~~

> **Commented [MMB12]:** Your revisions are inconsistent with our understanding.

~~5.~~        (b)        The Parties ~~further~~ agree that K4K shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents of the State of Texas to solicit donations. The Parties agree that America Can! shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents located outside the State of Texas to solicit donations.

> **Formatted:** No bullets or numbering
>
> **Formatted:** Font: Not Bold

6.        **Transition Period.**  K4K's ~~shall continue to have the~~ right to use the KARS 4 KIDS Marks in the State of Texas and America Can!'s right ~~shall continue to have the right~~ to use the CARS FOR KIDS Mark throughout the United States shall expire sixty (60) days after the Effective Date of this Agreement. ~~through~~~~shall expire on November 25, 2015~~ ~~sixty (60) days of the Effective Date, but no later than January 12, 2016~~ ~~October 31, 2015~~.   After that period of time, the Parties' use of their respective marks shall be consistent with the terms of this Agreement.

~~7.        **Consent Judgment.**  The Parties agree to seek a confidential consent judgment, attached hereto as Exhibit A.  The consent judgment shall be entered by the District Court under seal and shall remain confidential unless disclosure is necessary to enforce its terms.~~

7.        **Dismissal Order.**  The Parties agree to seek an Order of Dismissal, which shall include language sufficient to indicate that the Parties may coexist in terms not inconsistent with this Agreement.

> **Formatted:** Font: Not Bold

8.        **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

        8.1        K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of the CARS FOR KIDS Mark with the USPTO ~~with the USPTO~~ ~~,any such mark to be filed with the USPTO~~ so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

        8.2        K4K agrees never to seek to register the slogan "Write Ooff the Ccar, Nnot the Kkid," or any alternative spellings or capitalizations thereof, with any trademark office worldwide or to utilize the slogan "Write Off the Car, Not the Kid" or alternative spellings or capitalizations thereof in connection with any goods, services, and/or charitable activities anywhere in the world.~~the USPTO.~~

6

<u>K4K 11/16/15 Draft</u>~~America Can! Draft – 9/30/15~~America Can!6

~~8.~~28.3  America Can! agrees~~will~~ not to oppose, seek to cancel or otherwise challenge K4K's ~~use,~~ application for and registration of the KARS 4 KIDS Marks, or any other trademarks containing the word "kars" with a "k," including but not limited to those with the numeral "4," (as opposed to the word "for")~~or any other trademarks containing the word "kars" with a "k," and or the~~including but not limited to those with the numeral "4,"~~(so long as the mark does not also contain the word "for") (as opposed to "for")~~. ~~and~~ America Can! further agrees to provide any reasonably necessary assistance to effectuate ~~the~~ K4K's registration of such marks with a "k" and/or the numeral "4" ~~with a "k" and or the numeral "4"~~at the expense of K4K, including but not limited to providing a written consent to the registration of K4K's application for and registration of the KARS 4 KIDS Marks and any such mark containing the word "kar(s)" with a "k," including but not limited to those with the numeral "4" (as opposed to the word "for") to be filed with the USPTO, ~~and any such mark containing the word "kars" with a "k," including but not limited to those~~ ~~or~~and with the numeral "4" ~~(so long as the mark does not also contain the word "for") to be filed with the USPTO~~ so long as the use of any mark~~s~~ is, and would be, consistent with the terms of this Agreement.

~~8.3~~8.4  Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

~~8.4~~8.5  Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9. **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.  America Can! also grants to K4K a right of first refusal to purchase any rights from America Can! in any domain names incorporating "kar(s)" or the number "4," including, but not limited to car4kids.org, cars44kids.com, cars44kids.net, kar4kids.net and kar4kids.org, if and when America Can! desires to sell or otherwise convey its rights to any domain names incorporating "kar(s)" or the number "4."  K4K also grants to America Can! a right of first refusal to purchase any rights from K4K in the carsforkids.com domain name, if and when K4K desires to sell or otherwise convey its rights to the carsforkids.com domain name.

10. **Avoidance of Confusion.**  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

7

K4K 11/16/15 DraftAmerica Can! Draft   9/30/15America Can!6

11.     **Settlement Payment By K4K.**  In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.1    Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.2    On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

11.3    On or before August 30, 2016, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

11.4    Each payment, or a portion of each payment, shall be in the form of a grant, as determined by K4K's auditors, and shall be in the form of a grant and made pursuant to the following instructions:

Wire to:        T.I.B. (The Independent Bankers Bank)
                P.O. Box 5605285
                Dallas, Texas  75356

ABA No.:        111 010 170

Beneficiary:    Grand Bank of Texas
                2341 S. Beltline Road
                Grand Prairie, Texas  75051

Account No.:    1011378

Further Credit to: Account Name: America Can! Cars For Kids
                Account No.:    1061704

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall render, subject to the notice and informal dispute resolution provisions of Section 16, render the restrictions on America Can!'s activities set forth under Sections 3.2(b), 3.3(c), 3.4(cd) (he), and 4(b) of this Agreement null and void but only to the extent that such provisions prohibit America Can! from advertising, promoting, or marketing its CARS FOR KIDS Mark or any similar mark utilizing the derivatives or formatives of the words "cars" and/or "kids" outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the State of Texas.

11.5    K4K's failure to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, without any requirement of notice, render Sections 3.2(b), 3.3(c), 3.4(d) (e) and 4(b) of this Agreement immediately null and void to the extent that such provisions prohibit America Can! from advertising, promoting or marketing its CARS FOR KIDS Marks or any Marks that may be confusingly similar to the KARS 4 KIDS Marks outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles

**Commented [MMB13]:** At no point, should America Can be permitted to use the KARS 4 KIDS Marks.

8

K4K 11/16/15 Draft~~America Can! Draft – 9/30/15~~America Can!6

~~located outside the state of Texas.  America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity including, without limitation, relief sought through the immediate commencement of an action against K4K for breach of this Agreement.  All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS 4 KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.~~

12.   **Others First, Inc. Dispute.**  America Can! agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can!~~!~~ further agrees that it will not: (a) transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark or the "Write Off the Car, Not the Kid" slogan, or any other marks including the word "car(s)" in conjunction with the word "kid(s)," as part of any settlement or resolution of the Opposition Proceeding; (b) affirmatively consent to Others First's right to use the designation "Cars to Help Kids" or any mark incorporating the word "car(s)" in conjunction with the word "kid(s)" anywhere; and/or (c) concede, in any settlement agreement or otherwise with Others First, that the designation "Cars to Help Kids" is not confusingly similar to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

13.   **Enforcement.**

13.1   Enforcement Rights of America Can!.  Subject to the procedure set forth below, the parties acknowledge and agree that America Can! shall have the ~~sole and exclusive~~first right to enforce its CARS FOR KIDS Mark within the State of Texas ~~as to, among other things, any confusingly similar variations thereof, which shall specifically include any use of the KARS 4 KIDS Marks or any marks which are confusingly similar to the KARS 4 KIDS Marks  as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks~~.  Should K4K discover any potentially infringing use of ~~either its KARS FOR KIDS Marks or~~ the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 14~~60~~ days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 14~~60~~ days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time, and only at such time, K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

13.2   Enforcement Rights of K4K.  Subject to the procedure set forth below, the Parties acknowledge and agree that K4K shall have the ~~sole and exclusive~~first right to enforce its KARS ~~FOR 4~~ KIDS Marks ~~outside~~ throughout the world excluding the State of Texas~~, of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark~~.  Should America Can! discover any potentially infringing use of ~~either its CARS FOR KIDS Mark or~~ the KARS ~~FOR 4~~ KIDS

9

K4K 11/16/15 DraftAmerica Can! Draft - 9/30/15America Can!6

Marks originating or occurring outside of outside inside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 1460 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 1460 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time, and only at such time, America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.".

14.    **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties consistent with the provisions of Paragraph 7 of this Agreement.

15.    **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.    **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, excluding the payment obligations of K4K detailed in Paragraphs 11.1-11.3 hereof (the remedy for which is set forth in Paragraph 11.5), the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within thirty-seven ten (10 71430) days after the non-breachingallegedly breaching Party has sent received written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 175, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, provided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute, in.  In all other cases t  The filing of a suit prior to the applicable deadlines in this Paragraph , apart from any suit to collect any amounts due and owing from K4K in connection with the mandatory Installment Payments set forth in Paragraphs 11.1-11.3 hereof, shall constitute a violation of this Agreement.  For sake of clarity, nothing in this Paragraph 16 shall prohibit America Can! from immediately taking action in response to K4K's breach of its payment obligations set forth in Paragraphs 11.1-11.3. Further, the Parties agree that in any suit to enforce the provisions of this agreement in which a party is found in breach of the agreement, the non-breaching party shall be entitled to all costs and expenses of such action including an award of reasonable attorneys' fees.

17.    **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement would cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as

10

set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.    **Mutual General Releases.**

18.1    <u>Release of America Can! b~~B~~y K4K</u>.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, <u>as of the Effective Date of this Agreement against America Can!</u>. ~~may have had, now has, or otherwise may have against America Can!, from the beginning of time until the end of the world~~, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.1 shall be deemed to release America Can! from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

18.2    <u>Release of K4K By America Can! Release of America Can! By K4K</u>.  Upon ~~K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1-11.3 hereof~~<u>execution of this Agreement by both Parties</u>, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had <u>against K4K</u>, <u>as of the Effective Date of this Agreement,</u> ~~may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world~~, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement. ~~ Further, nothing in this Paragraph 18.2 shall be deemed to release or otherwise discharge K4K from any claims, demands, costs, proceedings and/or actions of any kind whatsoever that America Can! may have or bring by operation or as a result of the provisions of Section 11.5 pertaining to the nullification or voidance of certain provisions in the case of a breach of this Agreement by K4K.~~

19.    **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.    **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

11

K4K 11/16/15 DraftAmerica Can! Draft - 9/30/15America Can!6

21.     **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.     **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.     **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.     **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

12

**K4K 11/16/15 Draft**~~America Can! Draft   9/30/15~~America Can!6

29.      **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.      **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon receipt ~~upon delivery~~~~at the time it is sent.~~  Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

> 30.1    If to Kars 4 Kids:
> > Kars 4 Kids
> > 1805 Swarthmore Avenue
> > Lakewood, New Jersey 08701
> > ATTN: Ben Turin
>
> > With a concurrent copy to:
> > Orrick, Herrington & Sutcliffe LLP
> > 51 West 52nd Street
> > New York, NY 10019
> > ATTN: Peter D. Vogl
>
> 30.2    If to America Can!:
> > America Can!
> > 325 W. 12th Street
> > Suite 250
> > Dallas, Texas  75208
> > ATTN: Malcolm Wentworth
>
> > With a concurrent copy to:
> > Haynes and Boone LLP
> > 30 Rockefeller Plaza, 26th  Floor
> > New York, New York 10014
> > ATTN: Jonathan D. Pressment

31.      **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.      **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to

13

セ

submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.     **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.     **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.     **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter except as provided for by Section 16 hereof in the event of a breach.

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____          By: _____

                                        Name: _____

                                        Title: _____

**AMERICA CAN!**

Date: _____          By: _____

                                        Name: _____

                                        Title: _____

**AMERICA CAN! CARS FOR KIDS**

Date: _____          By: _____

_____                 Name: _____

_____                 Title: _____

14

K4K 11/16/15 DraftAmerica Can! Draft—9/30/15America Can!6

# EXHIBIT Q

**K4K 11/18/15 Draft**

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with America Can! Cars for Kids, a 501(c)(3) non-profit organized under the laws of the State of Texas with a principal place of business located at 7100 Marvin D. Love Freeway, Dallas, Texas 75237, and each of their subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the

1

Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, on September 29, 2015, the Court entered an Order granting the Parties' request made on September 25, 2015 to extend the deadline whereby any party may reopen the Litigation for good cause by fourteen (14) days to October 12, 2015;

WHEREAS, on October 8, 2015, the Court entered an Order granting the Parties' request made on October 6, 2015 to further extend the deadline whereby any party may reopen the Litigation for good cause to November 13, 2015;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.   **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.   **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.   **Covenants.**

  3.1   **Covenants of K4K.**

      (a)      K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any other mark incorporating the words "car(s)" or "kars" (in the singular or plural form or misspellings) in conjunction with the word "kid(s)" in advertising, promotion, marketing or in any other manner whatsoever including, but not limited to, in connection with any goods, services and/or charitable activities in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national advertising or promotion that is not specifically directed at residents or individuals located in the State of Texas in a manner consistent with the provisions of Paragraph 3.3(a) and (b) hereof.  For purposes of this Agreement, "national" advertising shall include any advertising that is heard in at least ___ states.

**Commented [MMB1]:** We believe this language reflects our discussion on the phone, but understand that you still need to confirm with AC.  Your proposal on the phone was 34 states, which we will discuss with K4K.

K4K 11/18/15 Draft

(b)     K4K agrees not to use the slogan "Write Off the Car, Not the Kid" (with initial capital letters or otherwise) or alternative spellings thereof, in connection with any goods, services, and/or charitable activities anywhere in the world.

3.2     **Covenants of America Can!.**

(a)     America Can! has the right, and may continue to use the CARS FOR KIDS Mark and the "Write Off the Car, Not the Kid" slogan or any mark utilizing the words "cars" and/or "kids" in commerce throughout the State of Texas.

(b)     America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "car(s)" or "kar(s)" in conjunction with the word "kid(s)" in connection with any goods, services and/or charitable activities outside of the State of Texas.

(c)     America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating the word "kid(s)" in conjunction with the word "kar(s)" spelled with a "k" anywhere in the world, including in the State of Texas.

(d)     America Can! agrees not to use the numeral "4" in conjunction with the words "cars" or "kars" or and the word "kids" as part of any mark or domain name, anywhere in the world, including in the State of Texas.

**Commented [MMB2]:** All sections regarding domain names are still in dispute.

3.3     **Advertising, Promotion, and Marketing.**

(a)     K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or reasonably likely to be seen by the public in the United States anywhere in the world in the United States.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" "for" and/or "kids" descriptively so long as the words are not used in immediate succession (i.e., e.g., "cars for kids") with or without initial capital letters; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

**Commented [MMB3]:** Restrictions on K4K's use outside the US still in dispute.

(b)     K4K shall be permitted to engage in any of the following: (1) national or international advertising or promotion using the KARS 4 KIDS Marks so long as such promotion or advertising is not specifically directed at residents, businesses or individuals located in the State of Texas; (2) state-specific or regional advertising or promotion, so long as the state or region targeted does not include the State of Texas.  For purposes of this Agreement, "national" advertising shall include any advertising that is heard in at least _____ states.  and the advertising employed does not emanate from the State of Texas.  —However, with respect to any national radio radio advertising, radio radio promotion and/or radio radio marketing reaching the State of Texas, K4K agrees that it will emphasize and expressly reference expressly emphasize reference the use of the letter "k" in the word "kars." so as to be seen and, if applicable, heard.  With respect to any national television or print advertising, promotion, or marketing as described above in this Section 3.3(b), the "k" in "kars" will be visible.

**Commented [MMB4]:** Language subject to discussion with AC and K4K.

**Commented [MMB5]:** We have attempted to address the ambiguity here, but note that according to the agreement, K4K can only use "kars" spelled with a "k." If it is your position, as stated on the phone, that a print or television ad will necessarily "expressly reference" the "k," we're not sure why any additional language is required.  We are open to other suggestions.

(c)     America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such

3

K4K 11/18/15 Draft

use.  However, America Can! agrees to cease all advertising, promotion, and marketing of its CARS FOR KIDS Mark, any phonetically equivalent mark, and any mark or phrase incorporating the words "car(s)" or "kar(s)" in conjunction with the word "kid(s)" outside of the State of Texas including, but not limited to, through national advertising on radio, television stations outside of the State of Texas, non-Texas based newspapers and non-Texas based publications.  America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

(d)    Nothing in this Agreement shall prohibit either party from using phrases incorporating the words "car(s)" or "kids" descriptively although K4K agrees not to use any descriptive language in internet content, promotions or advertisements in which a city located in Texas appears adjacent to the word "can" (e.g., "our Kars4Kids crew in Fort Worth can pick up virtually any car donation . . . .").

3.4    **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of in the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

(a)    K4K shall maintain ownership and control of, but shall cease use of the domain www.carsforkids.com to America Can! within thirty (30) days of the Effective Date of this Agreement, unless and until technology makes it possible for K4K to deny access to United States internet users and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domainmaintain ownership and control of, but shall and hereby does convey back any and all rights it possesses, ownership or otherwise, cease use of in the domain www.carsforkids.comto America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date unless and until technology makes it possible for K4K to deny access to United States internet users in the United States to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date of this Agreement.

(b)    K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

(c)    K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

(c) (d)    K4K shall not purchase or bid on and will cease any use of the terms "America Can," "America Can!" "Can Academy," "Dallas Can," "Houston Can," "Ft. Worth Can," "Texans Can," "Academy," "Academies," "Write Off the Car, Not the Kid" (with or without initial capitalization and regardless of whether the word "cars" is spelled with a "c" or a "k"), the word "Academy" or "Academies" in conjunction with the name of any cities in the

4

**K4K 11/18/15 Draft**

State of Texas, or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

> **Commented [MMB7]:** Our proposed language to address AC's concerns.

(e)     America Can! shall not purchase or bid on any car donation search terms, including, but not limited to, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

(f)     America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere in the world.

(g)     America Can! shall and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain names: car4kids.org; cars44kids.com; cars44kids.net; kar4kids.com; and kar4kids.org.

> **Formatted:** Normal, Indent: First line:  0.5"

(d)     (h)     America Can! Shall not register, purchase or bid on any domain name or marks utilizing the numeral "4" in conjunction with the words "car(s)" or "kar(s)" and "kids" anywhere in the world, including in the State of Texas.

> **Commented [MMB8]:** Domain names are still in dispute.

4.     **Internet Donations.**

(a)     K4K shall have the right to accept any vehicle donations over the Internet so long as the vehicle is located outside of Texas.   K4K shall take the necessary steps to ensure that vehicle donations where the vehicle is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

(b)     America Can! shall have the right to accept vehicle donations over the Internet so long as the vehicle is located inside the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the vehicle is located outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.     **Telephone Donations.**

(a)     The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.  use best efforts to ensure that its operations with respect to telephone donations are consistent with the provisions of Section 4 hereof pertaining to internet donations.  For the sake of clarity, K4K shall use best efforts to ensure that it does not accept vehicle donations of cars located in the State of Texas by phone or otherwise.  America Can! Shall use its best efforts to ensure that it does not accept vehicle donations of cars located outside of the State of Texas by phone or otherwise. be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.

> **Commented [MMB9]:** Your revisions are inconsistent with our understanding. Per our discussion, however, we will discuss a limitation for legacy donors with K4K.

(b)     The Parties further agree that K4K shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents of the State of Texas to solicit donations.  The Parties agree that America Can! shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents located outside the State of Texas to solicit donations.

5

6.      **Transition Period.**  K4K's ~~shall continue to have the~~ right to use the KARS 4 KIDS Marks in the State of Texas and America Can!~~'s right~~ ~~shall continue to have the right~~ to use the CARS FOR KIDS Mark throughout the United States shall expire sixty (60) days after the Effective Date of this Agreement. ~~through~~shall expire on November 25, 2015 ~~sixty (60) days of the Effective Date, but by no later than January 12, 2016~~ ~~October 31, 2015~~.   After that period of time, the Parties' use of their respective marks shall be consistent with the terms of this Agreement.

> **Commented [MMB10]:** Transition period is still in dispute, but we will discuss the possibility of phased transition, with a longer period for online activities.

7.      **Dismissal Order.**  The Parties agree to seek an Order of Dismissal, which shall include language sufficient to indicate that the Parties may coexist in terms not inconsistent with this Agreement.

8.      **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

    8.1    K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of the CARS FOR KIDS Mark with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

    8.2    K4K agrees never to seek to register the slogan "Write Off the Car, Not the Kid," or any alternative spellings or capitalizations thereof, with any trademark office worldwide or to utilize the slogan "Write Off the Car, Not the Kid" or alternative spellings or capitalizations thereof in connection with any goods, services, and/or charitable activities anywhere in the world.

    8.3    America Can! agrees~~will~~ not to oppose, seek to cancel or otherwise challenge K4K's ~~use,~~ application for and registration of the KARS 4 KIDS Marks, or any other trademarks containing the word "kar(s)" with a "k" or the number "4," so long as such mark does not also include the word "for"~~, or any other trademarks containing the word "kars" with a "k,"~~ and or the~~including but not limited to those with the numeral "4," (so long as the mark does not also contain the word "for") (as opposed to "for"),~~. ~~and~~ America Can! further agrees to provide any reasonably necessary assistance to effectuate ~~the K4K's~~ registration of such marks with a "k" and/or the numeral "4," so long as such mark does not also include the word "for," ~~with a "k" and or the numeral "4"~~ at the expense of K4K, including but not limited to providing a written consent to the registration of K4K's application for and registration of the KARS 4 KIDS Marks, or any other trademarks containing the word "kar" with a "k" or the number "4," so long as such mark does not also include the word "for," and so long as the use of any such marks is, and would be, consistent with the terms of this Agreement.

> **Commented [MMB11]:** We believe this language reflects your concerns, but we are open to additional suggestions.

    8.4    Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

8.5     Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.      **Right of First Refusal.**  America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.  America Can! also grants to K4K a right of first refusal to purchase any rights from America Can! in any domain names incorporating "kar(s)" or the number "4," including, but not limited to car4kids.org, cars44kids.com, cars44kids.net, kar4kids.com, and kar4kids.org, if and when America Can! desires to sell or otherwise convey its rights to any domain names incorporating "kar(s)" or the number "4."  K4K also grants to America Can! a right of first refusal to purchase any rights from K4K in the carsforkids.com domain name, if and when K4K desires to sell or otherwise convey its rights to the carsforkids.com domain name.

> **Commented [MMB12]:** Domain names are still in dispute.

10.     **Avoidance of Confusion**.  The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.     **Settlement Payment By K4K.**  In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.1    Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.2    On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

11.3    On or before August 30, 2016, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

11.4    Each payment shall be made pursuant to the following instructions:

|  |  |
|---|---|
| Wire to: | T.I.B. (The Independent Bankers Bank) |
|  | P.O. Box 5605285 |
|  | Dallas, Texas  75356 |
| ABA No.: | 111 010 170 |

7

**K4K 11/18/15 Draft**

Beneficiary:   Grand Bank of Texas
2341 S. Beltline Road
Grand Prairie, Texas  75051

Account No.:   1011378

Further Credit to: Account Name: America Can! Cars For Kids
Account No.:   1061704

11.5   K4K's failure to make any of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, subject to the notice and informal dispute resolution provisions of Section 16, render the restrictions on America Can!'s activities set forth under Sections 3.2, 3.3(c), 3.4(e)-(h), and 4(b) of this Agreement null and void but only to the extent that such provisions prohibit America Can! from advertising, promoting, or marketing its CARS FOR KIDS Mark outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the State of Texas.  America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity against K4K for breach of this Agreement. All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS 4 KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect.  Nothing in this Paragraph shall be construed to mean that America Can! shall be permitted to use the KARS 4 KIDS Marks, or any other marks spelling "kars" with a "k," even in the event that K4K fails to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3.

> **Formatted:** No underline, Font color: Auto

> **Commented [MMB13]:** We believe this language is consistent with our discussion.

12.   **Others First, Inc. Dispute.**  America Can! agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can! further agrees that it will not: (a) transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark or the "Write Off the Car, Not the Kid" slogan, or any other marks containing the word "car(s)" in conjunction with the word "kid(s)," as part of any settlement or resolution of the Opposition Proceeding; (b) affirmatively consent to Others First's right to use the designation "Cars to Help Kids" or any mark incorporating the word "car(s)" in conjunction with the word "kid(s)" anywhere; and/or (c) concede, in any settlement agreement or otherwise with Others First, that the designation "Cars to Help Kids" is not confusingly similar to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks

8

K4K 11/18/15 Draft

13.    **Enforcement.**

13.1    Enforcement Rights of America Can!.  Subject to the procedure set forth below, the parties acknowledge and agree that America Can! shall have the ~~sole and exclusive~~first  right to enforce its CARS FOR KIDS Mark and K4K's KARS 4 KIDS Marks within the State of Texas ~~as to, among other things, any confusingly similar variations thereof, which shall specifically include any use of the KARS 4 KIDS Marks or any marks which are confusingly similar to the KARS 4 KIDS Marks,~~ ~~as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks~~.  Should K4K discover any potentially infringing use of ~~either its KARS FOR KIDS Marks or~~ the CARS FOR KIDS Mark originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 14 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 14 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time, and only at such time, K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

13.2    Enforcement Rights of K4K.   Subject to the procedure set forth below, the Parties acknowledge and agree that K4K shall have the ~~sole and exclusive~~first right to enforce its KARS ~~FOR 4~~ KIDS Marks and America Can!'s CARS FOR KIDS Mark ~~outside~~ throughout the world excluding in the State of Texas, ~~of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark~~.  Should America Can! discover any potentially infringing use of ~~either its CARS FOR KIDS Mark or~~ the KARS ~~FOR 4~~ KIDS Marks originating or occurring outside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 14 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 14 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time, and only at such time, America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

14.    **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties consistent with the provisions of Paragraph 7 of this Agreement.

15.    **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

9

**Formatted:** Normal

**Commented [MMB14]:** We believe this language reflects our discussion.

K4K 11/18/15 Draft

16.     **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within ten (10) days after the allegedly breaching Party has received written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 17, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, provided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  In all other cases the filing of a suit prior to the applicable deadlines in this Paragraph shall constitute a violation of this Agreement. Further, the Parties agree that in any suit to enforce the provisions of this agreement in which a party is found in breach of the agreement, the non-breaching party shall be entitled to all costs and expenses of such action including an award of reasonable attorneys' fees.

> **Commented [MMB15]:** We understand you are considering this point pending your research.

17.     **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement would cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.     **Mutual General Releases.**

        18.1    Release of America Can! by K4K.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, as of the Effective Date of this Agreement against America Can!, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.1 shall be deemed to release America Can! from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

        18.2    Release of K4K By America Can!  Release of America Can! By K4K.  Upon K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1-11.3 hereof execution of this Agreement by both Parties, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had against K4K, as of the Effective Date of this Agreement, may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world, arising

10

K4K 11/18/15 Draft

out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement. In the event that K4K fails to satisfy its obligation to make the Installment Payments as set forth in Paragraph 11, however, nothing in this Section 18.2 shall be deemed to release K4K against any infringement claims from the date of the breach of this Agreement.  Further, nothing in this Paragraph 18.2 shall be deemed to release or otherwise discharge K4K from any claims, demands, costs, proceedings and/or actions of any kind whatsoever that America Can! may have or bring by operation or as a result of the provisions of Section 11.5 pertaining to the nullification or voidance of certain provisions in the case of a breach of this Agreement by K4K.

> **Commented [MMB16]:** We believe this addresses your concerns, but are open to other suggestions.

19.     **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.     **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.     **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.     **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements, and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.     **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.     **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

11

K4K 11/18/15 Draft

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon receipt Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

     30.1    If to Kars 4 Kids:
               Kars 4 Kids
               1805 Swarthmore Avenue
               Lakewood, New Jersey 08701
               ATTN: Ben Turin

               With a concurrent copy to:
               Orrick, Herrington & Sutcliffe LLP
               51 West 52nd Street
               New York, NY 10019

12

K4K 11/18/15 Draft

        ATTN: Peter D. Vogl

30.2    If to America Can!:
        America Can!
        325 W. 12th Street
        Suite 250
        Dallas, Texas  75208
        ATTN: Malcolm Wentworth

        With a concurrent copy to:
        Haynes and Boone LLP
        30 Rockefeller Plaza, 26th  Floor
        New York, New York 10014
        ATTN: Jonathan D. Pressment

31.    **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.    **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.    **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.    **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.    **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter~~, except as provided for by Section 16 hereof in the event of a breach.~~

> **Commented [MMB17]:** We understand you are considering this point pending your research.

13

**K4K 11/18/15 Draft**

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____     By: _____

                                  Name: _____

                                  Title: _____

**AMERICA CAN!**

Date: _____     By: _____

                                  Name: _____

                                  Title: _____

**AMERICA CAN! CARS FOR KIDS**

Date: _____     By: _____

                                  Name: _____

                                  Title: _____

14

# EXHIBIT R

**K4K 11/18/15 Draft**

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and between Kars 4 Kids Inc., a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business located at 1805 Swarthmore Avenue, Lakewood, New Jersey 08701, along with each of its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "K4K"), and America Can!, a non-profit corporation organized under the laws of the State of Texas with a principal place of business at 325 W. 12th Street, Suite 250, Dallas, Texas 75208, along with America Can! Cars for Kids, a 501(c)(3) non-profit organized under the laws of the State of Texas with a principal place of business located at 7100 Marvin D. Love Freeway, Dallas, Texas 75237, and each of their subsidiaries, affiliates, parents, officers, directors, employees, agents and partners (collectively, "America Can!" and collectively with K4K, the "Parties").

WHEREAS, K4K uses the trademarks KARS 4 KIDS and 1-877-KARS-4-KIDS (together, the "KARS 4 KIDS Marks") in connection with charitable fundraising services by means of collecting and reselling used automobiles and owns the federal trademark Registration Number 4,130,622 for 1-877-KARS-4-KIDS for these services (the "1-877-KARS-4-KIDS Registration");

WHEREAS, America Can! uses certain trademarks including, but not limited to, CARS FOR KIDS (the "CARS FOR KIDS Mark") in connection with charitable fundraising services by means of collecting and reselling used automobiles and watercraft and arranging and carrying out auctions of used automobile and watercrafts;

WHEREAS, America Can! owns the federal trademark application Serial Number 85/796,733 for use of the CARS FOR KIDS Mark in connection with the charitable fundraising services detailed above (the "CARS FOR KIDS Application");

WHEREAS, K4K filed a Notice of Opposition against the CARS FOR KIDS Application on May 30, 2014, Opposition No. 91216638 (the "CARS FOR KIDS Opposition");

WHEREAS, America Can! filed an answer in the CARS FOR KIDS Opposition on August 7, 2014 asserting a counterclaim seeking cancellation of the 1-877-KARS-4-KIDS Registration;

WHEREAS, K4K filed a complaint (the "Complaint") in the District of New Jersey on December 12, 2014 against America Can!, Civ. Action No. 3:14-cv-07770-PGS-LHG (the "Litigation") by which K4K asserted claims for, *inter alia*, trademark infringement and dilution as a result of America Can!'s use of its CARS FOR KIDS Mark;

WHEREAS, America Can! answered the Complaint filed by K4K in the Litigation and asserted certain affirmative defenses and counterclaims for, *inter alia*, priority, trademark infringement and dilution as a result of K4K's use of its KARS 4 KIDS Marks;

WHEREAS, the parties agreed to resolve the Litigation as to all claims and all parties pursuant to terms agreed upon at the conclusion of a confidential mediation held before the

1

**K4K 11/18/15 Draft**

Honorable Lois H. Goodman, United States Magistrate Judge, District of New Jersey, on July 28, 2015;

WHEREAS, on July 30, 2015, the Court entered an Order dismissing the Litigation with prejudice as to all claims and all parties which Order further provided that "any party may reopen for good cause shown within sixty days" in order to provide the parties with time in which to memorialize their agreement in writing;

WHEREAS, on September 29, 2015, the Court entered an Order granting the Parties' request made on September 25, 2015 to extend the deadline whereby any party may reopen the Litigation for good cause by fourteen (14) days to October 12, 2015;

WHEREAS, on October 8, 2015, the Court entered an Order granting the Parties' request made on October 6, 2015 to further extend the deadline whereby any party may reopen the Litigation for good cause to November 13, 2015;

WHEREAS, the Parties now desire to memorialize their agreement to settle the Litigation in writing in order to fully and completely resolve their dispute amicably and without the need for further litigation in accordance with the terms set forth herein;

NOW THEREFORE, in consideration of the mutual covenants herein, the recitals of which are hereby incorporated into this Agreement, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties agree as follows:

1.    **Incorporation of Recitals.**  Each of the foregoing recitals is incorporated by reference.

2.    **Effective Date.**  This Agreement is effective as of the date last signed by each of the Parties (the "Effective Date").

3.    **Covenants.**

      3.1    **Covenants of K4K.**

             (a)    K4K may use its KARS 4 KIDS Marks, or any other mark in a manner consistent with the terms of this Agreement, anywhere in the world, excluding the State of Texas.  K4K acknowledges and agrees that it is prohibited from using, and therefore will not use, its KARS 4 KIDS Marks or any other mark incorporating the words "car(s)" or "kars" (in the singular or plural form or misspellings) in conjunction with the word "kid(s)" (in the singular or plural form or misspellings) in advertising, promotion, marketing or in any other manner whatsoever including, but not limited to, in connection with any goods, services and/or charitable activities, in the State of Texas or in such a manner as to be directed at residents, individuals or businesses located in the State of Texas.  For the sake of clarity, nothing in this Paragraph 3.1(a) shall be deemed to prohibit K4K from use of its KARS 4 KIDS Marks in connection with national advertising or promotion that is not specifically directed at residents, or individuals or businesses located in the State of Texas in a manner consistent with the provisions of Paragraph 3.3(a) and (b) hereof.  For purposes of this Agreement, "national" advertising shall include any advertising that is heard in at least 34 ____ states.  Except that nothing in this Agreement,

2

**Commented [MMB1]:** We believe this language reflects our discussion on the phone, but understand that you still need to confirm with AC.  Your proposal on the phone was 34 states, which we will discuss with K4K.

K4K 11/18/15 Draft

including, but not limited to this Section 3.1(a) shall be deemed to prohibit Kars from continuing to operate its website www.kars4kids.com.

(b)     K4K agrees not to use the slogan "Write Off the Car, Not the Kid" (with initial capital letters or otherwise) or alternative spellings thereof, in connection with any goods, services, and/or charitable activities anywhere in the world.

3.2     **Covenants of America Can!.**

(a)     America Can! has the right, and may continue to use the CARS FOR KIDS Mark and the "Write Off the Car, Not the Kid" slogan or any mark utilizing the words "cars" and/or "kids" in commerce throughout the State of Texas.

(b)     America Can! shall cease all use of the CARS FOR KIDS Mark and any mark utilizing the derivatives or formatives of the words "car(s)" or "kar(s)" in conjunction with the word "kid(s)" in connection with any goods, services and/or charitable activities in the United States outside of the State of Texas. Except that nothing in this Agreement, including, but not limited to, this Section 3.2(b), shall be deemed to prohibit America Can! from operating the website www.carsforkids.com.

(c)     America Can! agrees not to use the KARS 4 KIDS Marks, or any marks incorporating the word "kid(s)" in conjunction with the word "kar(s)" spelled with a "k" anywhere in the world, including in the State of Texas.

(d)     America Can! agrees not to use the numeral "4" in conjunction with the words "cars" or "kars" or and the word "kids" as part of any mark or domain name, anywhere in the world, including in the State of Texas.

3.3     **Advertising, Promotion, and Marketing.**

(a)     K4K agrees not to use the CARS FOR KIDS Mark on any consumer facing material intended or reasonably likely to be seen by the public in the United States anywhere in the world in the United States.  The prohibitions of this Paragraph are not intended to limit K4K's rights to use: (1) the words "cars" (in the singular or plural form) "for" and/or "kids" (in the singular or plural form) descriptively so long as the words are not used in immediate succession (i.e., e.g., "cars for kids") with or without initial capital letters and would otherwise be in compliance with the terms of this Agreement; or (2) in website meta tags or keyword advertising (subject to the restrictions set forth in Paragraph 3.4 hereof).

(b)     K4K shall be permitted to engage in any of the following: (1) national or international advertising or promotion using the KARS 4 KIDS Marks so long as such promotion or advertising is not specifically directed at residents, businesses or individuals located in the State of Texas; (2) state-specific or regional advertising or promotion, so long as the state or region targeted does not include the State of Texas. For purposes of this Agreement, "national" advertising shall include any advertising that is heard in at least   34   states.  and the advertising employed does not emanate from the State of Texas.  However, with respect to any national radio radio advertising, radio radio promotion and/or radio radio marketing reaching the State of Texas, K4K agrees that it will emphasize and expressly reference  expressly reference

3

**Commented [HNB2]:** This is linked to the website domain issue and the to be discussed

**Commented [HNB3]:** Consistent with 3.1(a) obviously the domain name is to be discussed

**Formatted:** Default Paragraph Font

**Commented [MMB4]:** All sections regarding domain names are still in dispute.

**Commented [MMB5]:** Restrictions on K4K's use outside the US still in dispute.

**Commented [MMB6]:** Language subject to discussion with AC and K4K.

K4K 11/18/15 Draft

~~emphasize reference~~ the use of the letter "k" in the word "kars." ~~so as to be seen and, if applicable, heard.~~ With respect to any national television or print advertising, promotion, or marketing ~~as described above in this Section 3.3(b),~~ the parties acknowledge and agree that the requirements of this Section 3.3(b) shall be satisfied so long as the letter "k" in the word "kars" ~~will be~~ is clearly visible.

> **Commented [MMB7]:** We have attempted to address the ambiguity here, but note that according to the agreement, K4K can only use "kars" spelled with a "k." If it is your position, as stated on the phone, that a print or television ad will necessarily "expressly reference" the "k," we're not sure why any additional language is required. We are open to other suggestions.

(c)     America Can! may engage in any advertising, promotion, and marketing of its CARS FOR KIDS Mark throughout the State of Texas without any restrictions on such use.  However, America Can! agrees to cease all advertising, promotion, and marketing of its CARS FOR KIDS Mark, any phonetically equivalent mark, and any mark or phrase incorporating the words "car(s)" or "kar(s)" in conjunction with the word "kid(s)" outside of the State of Texas including, but not limited to, through national advertising on radio ~~and,~~ television stations outside of the State of Texas, and in publications outside of the State of Texas ~~non-Texas based newspapers and non-Texas based publications~~.  America Can! shall specifically cease all advertising, promotion, and marketing of the CARS FOR KIDS Mark, or any confusingly similar mark, through satellite radio channels, including, but not limited to, SiriusXM Radio.

(d)     Nothing in this Agreement shall prohibit either party from using phrases incorporating the words "car(s)" or "kids" descriptively although K4K agrees not to use any descriptive language in internet content, promotions or advertisements in which a city located in Texas appears adjacent to the word "can" (e.g., "our Kars4Kids crew in Fort Worth can pick up virtually any car donation . . . .")~~.~~

> **Formatted:** Font color: Auto
> **Formatted:** Font: Not Bold, Font color: Auto
> **Formatted:** Font color: Auto

3.4     **Internet Activity.**  The Parties agree that K4K may purchase "Cars For Kids" (with or without initial capitalization) and any other car donation words or phrases as keywords throughout the United States with the exception of in the State of Texas.  The Parties agree that K4K may use "cars for kids," and any other similar phrases as a meta tag to any website owned or operated by K4K so long as the website otherwise abides by the restrictions of this Agreement.

(a)     K4K shall maintain ownership and control of, but shall cease use of the domain www.carsforkids.com to America Can! within thirty (30) days of the Effective Date of this Agreement, unless and until technology makes it possible for K4K to deny access to United States internet users ~~and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain~~ maintain ownership and control of, but shall ~~and hereby does convey back any and all rights it possesses, ownership or otherwise,~~ cease use of ~~in~~ the ~~domain www.carsforkids.com~~ to America Can!, ~~at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date~~ unless and until technology makes it possible for K4K to deny access to United States internet users in the United States ~~to America Can!, at no cost, and further agrees to provide any and all documentation and/or assistance needed to effectuate such transfer within thirty (30) days of the Effective Date~~ of this Agreement.

> **Formatted:** Default Paragraph Font

> **Commented [MMB8]:** The domain name provisions are still in dispute, but AC and K4K will consider the idea of a license back for use outside the US.

(b)     K4K shall not purchase or bid on any car donation search terms as keywords directed at Internet users located in the State of Texas.

4

K4K 11/18/15 Draft

(c)     K4K shall not purchase or bid on "Cars For Kids" or any confusingly similar marks as a keyword in the State of Texas.

(c) (d)     K4K shall not purchase or bid on and will cease any use of the terms "America Can," "America Can!" "Can Academy," "Dallas Can," "Houston Can," "Ft. Worth Can," "Texans Can," "Academy," "Academies," "Write Off the Car, Not the Kid" (with or without initial capitalization and regardless of whether the word "cars" is spelled with a "c" or a "k"), the word "Academy" or "Academies" in conjunction with the name of any cities in the State of Texas, or any geographic search terms relating to the State of Texas as a keyword anywhere in the world.

> **Formatted:** Indent: First line: 0.56", Space Before: 12 pt, No bullets or numbering

> **Commented [MMB9]:** Our proposed language to address AC's concerns.

(e)     America Can! shall not purchase or bid on any car donation search terms, including, but not limited to, "cars for kids," as keywords directed at Internet users outside of the State of Texas.

(f)     America Can! shall not purchase or bid on "Kars 4 Kids" or any other marks spelling "kars" with a "k" as a keyword, anywhere in the world.

(g)     America Can! shall and hereby does convey back any and all rights it possesses, ownership or otherwise, in the domain names: car4kids.org; cars44kids.com; cars44kids.net; kar4kids.com; and kar4kids.org.

> **Formatted:** Normal, Indent: First line: 0.5"

(d) (h)     America Can! Shall not register, purchase or bid on any domain name or marks utilizing the numeral "4" in conjunction with the words "car(s)" or "kar(s)" and "kids" anywhere in the world, including in the State of Texas.

> **Commented [MMB10]:** Domain names are still in dispute.

4.     **Internet Donations.**

(a)     K4K shall have the right to accept any vehicle donations over the Internet so long as the vehicle is located outside of Texas.   K4K shall take the necessary steps to ensure that vehicle donations where the vehicle is located in the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

(b)     America Can! shall have the right to accept vehicle donations over the Internet so long as the vehicle is located inside the State of Texas.  America Can! shall take the necessary steps to ensure that donations where the vehicle is located outside of the State of Texas cannot be effectuated via the Internet and will include a statement on its website(s) conveying that limitation.

5.     **Telephone Donations.**

(a)     The Parties agree that each Party shall be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.  use best efforts to ensure that its operations with respect to telephone donations are consistent with the provisions of Section 4 hereof pertaining to internet donations.  For the sake of clarity, K4K shall use best efforts to ensure that it does not accept vehicle donations of cars located in the State of Texas by phone or otherwise.  America Can! Shall use its best efforts to ensure that it does not accept vehicle donations of cars located outside of the State of Texas by

> **Commented [MMB11]:** Your revisions are inconsistent with our understanding. Per our discussion, however, we will discuss a limitation for legacy donors with K4K.

5

K4K 11/18/15 Draft

~~phone or otherwise, be able to accept vehicle donations over the telephone, regardless of the location of the vehicle being donated or the location of the donor.~~

(b)      The Parties further agree that K4K shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents of the State of Texas to solicit donations.  The Parties agree that America Can! shall not be permitted to make unsolicited telephone calls, or "cold calls," to residents located outside the State of Texas to solicit donations.

6.      **Transition Period.**  K4K's ~~shall continue to have the~~ right to use the KARS 4 KIDS Marks in the State of Texas and America Can!'s right ~~shall continue to have the right~~ to use the CARS FOR KIDS Mark throughout the United States shall expire sixty (60) days after the Effective Date of this Agreement. ~~through~~shall expire on ~~November 25, 2015~~ sixty (60) days of the Effective Date, but by no later than ~~January 12, 2016~~ ~~October 31, 2015~~.  After that period of time, the Parties' use of their respective marks shall be consistent with the terms of this Agreement.

> **Commented [MMB12]:** Transition period is still in dispute, but we will discuss the possibility of phased transition, with a longer period for online activities.

7.      **Dismissal Order.**  The Parties agree to seek an Order of Dismissal, which shall include language sufficient to indicate that the Parties may coexist in terms not inconsistent with this Agreement.

8.      **Trademark Applications and Registrations.**  Each Party agrees not to oppose, seek to cancel, or otherwise challenge the use and/or registration of a mark anywhere in the world where such use and/or registration is consistent with this Agreement.

8.1      K4K agrees not to oppose, seek to cancel, or otherwise challenge America Can!'s use and/or registration of the CARS FOR KIDS Mark and agrees to provide any reasonably necessary assistance to effectuate America Can!'s registration of such mark at the expense of America Can!, including but not limited to providing a written consent to the registration of America Can!'s application for and registration of the CARS FOR KIDS Mark with the USPTO so long as the use of any such mark is, and would be, consistent with the terms of this Agreement.

8.2      K4K agrees never to seek to register the slogan "Write Off the Car, Not the Kid," or any alternative spellings or capitalizations thereof, with any trademark office worldwide or to utilize the slogan "Write Off the Car, Not the Kid" or alternative spellings or capitalizations thereof in connection with any goods, services, and/or charitable activities anywhere in the world.

8.3      America Can! agrees~~will~~ not to oppose, seek to cancel or otherwise challenge K4K's ~~use,~~ application for and registration of the KARS 4 KIDS Marks, or any other trademarks containing the word "kar(s)" with a "k" in conjunction with~~or~~ the number "4," so long as such mark does not also include the word "for"~~or any other trademarks containing the word "kars" with a "k," or the~~including but not limited to those with the numeral "4," (so long as the mark does not also contain the word "for") (as opposed to "for").~~,~~ and  America Can! further agrees to provide any reasonably necessary assistance to effectuate the K4K's registration of such marks pursuant to the terms of this paragraph ~~with a "k" and/or the numeral "4," so long as such mark does not also include the word "for,"~~ ~~with a "k" and or the numeral "4"~~at the

6

**K4K 11/18/15 Draft**

expense of K4K, including but not limited to providing a written consent to the registration of such marks ~~K4K's application for and registration of the KARS 4 KIDS Marks, or any other~~ ~~trademarks containing the word "kar" with a "k" or the number "4," so long as such mark does~~ ~~not also include the word "for," and~~ so long as the use of any such marks is, and would be, consistent with the terms of this Agreement.

> **Commented [MMB13]:** We believe this language reflects your concerns, but we are open to additional suggestions.

8.4   Within ten (10) business days of the Effective Date, K4K shall withdraw its opposition to the CARS FOR KIDS Application with prejudice.

8.5   Within ten (10) business days of the Effective Date, America Can! shall withdraw its counterclaim for cancellation of the 1-877-KARS-4-KIDS Registration with prejudice.

9.   **Right of First Refusal.**   America Can! grants to K4K a right of first refusal to purchase any trademark rights from America Can! in the CARS FOR KIDS Mark if and when America Can! desires to sell or otherwise convey its rights in the CARS FOR KIDS Mark.  K4K grants to America Can! a right of first refusal to purchase any trademark rights from K4K in the KARS 4 KIDS Marks if and when K4K desires to sell or otherwise convey its rights in the KARS 4 KIDS Marks.  America Can! also grants to K4K a right of first refusal to purchase any rights from America Can! in any domain names incorporating "kar(s)" or the number "4," including, but not limited to car4kids.org, cars44kids.com, cars44kids.net, kar4kids.com, and kar4kids.org, if and when America Can! desires to sell or otherwise convey its rights to any domain names incorporating "kar(s)" or the number "4."  K4K also grants to America Can! a right of first refusal to purchase any rights from K4K in the carsforkids.com domain name, if and when K4K desires to sell or otherwise convey its rights to the carsforkids.com domain name.

> **Commented [MMB14]:** Domain names are still in dispute.

10.   **Avoidance of Confusion.**   The Parties represent and warrant that they will use their best efforts to avoid creating, fostering, or promoting confusion with respect to the source, origin, sponsorship, or approval of their respective goods and services under the CARS FOR KIDS Mark and KARS 4 KIDS Marks, and will take all appropriate precautions to prevent such confusion.  The Parties agree to inform each other of any instance(s) of actual confusion with respect to the Parties' respective marks.  In the event any actual confusion arises, the Parties will negotiate in good faith and make appropriate adjustments with regard to advertising, marketing, and use of their respective marks to avoid confusion, and will take such steps as are reasonably necessary to eliminate or minimize confusion with respect to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks.

11.   **Settlement Payment By K4K.**   In recognition of the rights conveyed by America Can! to K4K herein and in settlement of the Litigation, K4K agrees to make a payment to America Can! in the amount of $3.1 million (the "Settlement Amount") as follows:

11.1   Within ten (10) business days of the Effective Date, K4K shall make a lump sum payment in the amount of $1.8 million to America Can! (the "First Installment Payment").

11.2   On or before January 1, 2016, K4K shall make an additional lump sum payment of $850,000 (the "Second Installment Payment") to America Can! $850,000.

7

K4K 11/18/15 Draft

11.3    On or before August 30, 2016, K4K shall make a lump sum payment to America Can! in the amount of $450,000 (the "Third Installment Payment" and together with the First and Second Installment Payments, the "Installment Payments").

11.4    Each payment shall be made pursuant to the following instructions:

| | |
|---|---|
| Wire to: | T.I.B. (The Independent Bankers Bank)<br>P.O. Box 5605285<br>Dallas, Texas  75356 |
| ABA No.: | 111 010 170 |
| Beneficiary: | Grand Bank of Texas<br>2341 S. Beltline Road<br>Grand Prairie, Texas  75051 |
| Account No.: | 1011378 |
| Further Credit to: | Account Name: America Can! Cars For Kids<br>Account No.:    1061704 |

11.5    K4K's failure to make any of the Installment Payments by the deadlines set forth in Sections 11.1-11.3 shall, subject to the notice and informal dispute resolution provisions of Section 16, render the restrictions on America Can!'s activities set forth under Sections 3.2, 3.3(c), 3.4(e)-(h), and 4(b) of this Agreement null and void but only to the extent that such provisions prohibit America Can! from advertising, promoting, or marketing its CARS FOR KIDS Mark outside of the State of Texas and/or accepting donations from individuals or with respect to vehicles located outside the State of Texas.  America Can! shall further be entitled to retain any and all amounts previously paid to it by K4K pursuant to the terms of this Agreement and may seek any and all additional relief to which it may be entitled under law or equity against K4K for breach of this Agreement. All other provisions of this Agreement including, without limitation, those provisions prohibiting K4K from marketing, promoting and/or advertising its KARS 4 KIDS Marks in the State of Texas or accepting donations of vehicles located in Texas or from individuals who reside or are otherwise located in the State of Texas shall remain in full force and effect. Nothing in this Paragraph shall be construed to mean that America Can! shall be permitted to use the KARS 4 KIDS Marks, or any other marks spelling "kars" with a "k," even in the event that K4K fails to make any one of the Installment Payments by the deadlines set forth in Sections 11.1-11.3.

> **Formatted:** No underline, Font color: Auto

> **Commented [MMB15]:** We believe this language is consistent with our discussion.

12.    **Others First, Inc. Dispute.**  America Can! agrees to settle or resolve  Opposition Proceeding Number 91215705 (the "Opposition Proceeding") before the Trademark Trial and Appeal Board with Others First, Inc. on terms that are consistent with its rights under this Agreement.  America Can! further agrees that it will not: (a) transfer or otherwise convey any rights to Others First in its CARS FOR KIDS Mark or the "Write Off the Car, Not the Kid" slogan, or any other marks containing the word "car(s)" in conjunction with the word "kid(s)," as part of any settlement or resolution of the Opposition Proceeding; (b) affirmatively consent to Others First's right to use the designation "Cars to Help Kids" or any mark incorporating the

8

K4K 11/18/15 Draft

word "car(s)" in conjunction with the word "kid(s)" anywhere; and/or (c) concede, in any settlement agreement or otherwise with Others First, that the designation "Cars to Help Kids" is not confusingly similar to the CARS FOR KIDS Mark or the KARS 4 KIDS Marks

13.    **Enforcement.**

13.1    Enforcement Rights of America Can!.  Subject to the procedure set forth below, the parties acknowledge and agree that America Can! shall have the ~~sole and exclusive~~first  right to enforce against any third parties using marks containing the words "car" or "kar" (in the singular or plural form or misspellings) in conjunction with the word "kid" (in the singular or plural form or misspellings) ~~its CARS FOR KIDS Mark and K4K's KARS 4 KIDS Marks~~ within the State of Texas ~~as to, among other things, any confusingly similar variations thereof, which shall specifically include any use of the KARS 4 KIDS Marks or any marks which are confusingly similar to the KARS 4 KIDS Marks, as to, among other things, any confusingly similar variations thereof, which shall specifically include the KARS FOR KIDS Marks~~.  Should K4K discover any potentially infringing use of ~~either its KARS FOR KIDS Marks or~~ the aforementioned terms ~~CARS FOR KIDS Mark~~ originating or occurring in the State of Texas, K4K shall have the right but not the obligation to advise America Can! in writing of the potentially infringing activity (a "Notice of Infringement").  America Can! shall have 14 days from its receipt of any Notice of Infringement from K4K, to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If America Can! fails to initiate any such action within 14 days of receiving a Notice of Infringement from K4K it shall inform K4K of this inaction in writing, at which time, and only at such time, K4K shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

13.2    Enforcement Rights of K4K.  Subject to the procedure set forth below, the Parties acknowledge and agree that K4K shall have the ~~sole and exclusive~~first right to enforce against any third parties using marks containing the words "car" or "kar" (in the singular or plural form or misspellings) in conjunction with the word "kid" (in the singular or plural form or misspellings) ~~its KARS 4 KIDS Marks and America Can!'s CARS FOR KIDS Mark~~ ~~outside~~ throughout the world excluding in the State of Texas ~~of the State of Texas as to, among other things, any confusingly similar variations thereof, which shall specifically include America Can!'s CARS FOR KIDS Mark~~.  Should America Can! discover any potentially infringing use of the aforementioned terms ~~either its CARS FOR KIDS Mark or the KARS FOR 4 KIDS Marks~~ originating or occurring outside of the State of Texas, America Can! shall have the right but not the obligation to advise K4K in writing of the potentially infringing activity by sending K4K a Notice of Infringement.  K4K shall have 14 days from its receipt of any Notice of Infringement from America Can! to initiate action aimed at ceasing the alleged infringing activity which action may include, but is not limited to, the sending of a cease and desist letter.  If K4K fails to initiate any such action within 14 days of receiving a Notice of Infringement from America Can! it shall inform America Can! of this inaction in writing, at which time, and only at such time, America Can! shall have the right, but not the obligation, to initiate action aimed at ceasing any alleged infringing activity.

14.    **Dismissal of the Litigation.**  The Parties agree to execute any and all additional papers and pleadings required to be filed with the Court in the District of New Jersey as may be

9

K4K 11/18/15 Draft

necessary to cause the Court to dispose of any remaining issues pending before it and to effectuate a complete dismissal of the Litigation with prejudice as to all claims and all parties consistent with the provisions of Paragraph 7 of this Agreement.

15.     **Non-disparagement.**  The Parties agree not to directly or indirectly disparage the other Party, their affiliates, parents, subsidiaries, officers, directors, employees, agents, partners, volunteers, or brands in any communications, marketing, or advertising material, or on any websites including any social media, such as Twitter, Facebook, and Instagram.

16.     **Breach of Agreement.**  If either Party believes that the other Party has breached the terms of this Agreement, the non-breaching Party will give written notice to the breaching Party detailing the breach.  The Parties shall confer telephonically or in person in good faith upon receipt of the written notice and shall make reasonable informal efforts to resolve the dispute.  If the Parties have not resolved, or cannot resolve, the dispute within ten (10) days after the allegedly breaching Party has received written notice, the non-breaching Party may, without further notice, pursue any remedy available under local, state, or federal law.  Notwithstanding the foregoing and in accordance with Paragraph 17, if a Party reasonably believes that it has a legitimate need for expedited relief, it may seek a temporary restraining order or a preliminary injunction, provided that the filing is followed promptly by the Parties conferring in good faith to make reasonable informal efforts to resolve the dispute.  In all other cases the filing of a suit prior to the applicable deadlines in this Paragraph shall constitute a violation of this Agreement. Further, the Parties agree that in any suit to enforce the provisions of this agreement in which a party is found in breach of the agreement, the non-breaching party shall be entitled to all costs and expenses of such action including an award of reasonable attorneys' fees.

> **Commented [MMB16]:** We understand you are considering this point pending your research.

17.     **Injunctive Relief.**  The Parties agree and acknowledge that any material breach of this Agreement would cause irreparable harm that cannot be adequately compensated by money damages and shall entitle the non-breaching Party, upon the showing of a breach, to preliminary and permanent injunctive relief to enforce such provisions.  Subject to the obligation to confer as set forth in Paragraph 16, the Parties agree that, in the event of any breach of this Agreement, the non-breaching Party shall have the right to pursue and obtain all equitable relief, including, without limitation, any temporary restraining order and/or preliminary injunctive relief.

18.     **Mutual General Releases.**

        18.1     Release of America Can! by K4K.  Upon the execution of this Agreement by both Parties, K4K shall be deemed to have, and hereby does release and forever discharge America Can!, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which K4K ever had, as of the Effective Date of this Agreement against America Can!, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.1 shall be deemed to release America Can! from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement.

10

K4K 11/18/15 Draft

18.2    Release of K4K By America Can!  Release of America Can! By K4K.   Upon ~~K4K's satisfaction of its obligation to make payment to America Can! of the full Settlement Amount pursuant to the terms of Paragraphs 11 and 11.1 11.3 hereof~~execution of this Agreement by both Parties, America Can! shall be deemed to have, and hereby does release and forever discharge K4K, as well as its subsidiaries, affiliates, parents, officers, directors, employees, agents and partners from any and all claims, demands, costs, proceedings and/or actions of any kind whatsoever, whether known or unknown, whether in law or in equity, which America Can! ever had against K4K, as of the Effective Date of this Agreement, ~~may have had, now has, or otherwise may have against K4K, from the beginning of time until the end of the world~~, arising out of, concerning, resulting from, or relating in any way to the claims and allegations asserted in the Litigation and its subject matter, including, without limitation, any and all claims for equitable relief, damages, royalties and/or lost profits.  However, nothing in this Section 18.2 shall be deemed to release K4K from its obligations under this Agreement or any claims or causes of action based on or arising out of or in connection with this Agreement. In the event that K4K fails to satisfy its obligation to make the Installment Payments as set forth in Paragraph 11, however, nothing in this Section 18.2 shall be deemed to release K4K against any ~~infringement~~ claims, demands, costs, proceedings and/or actions of any kind, including, but not limited to, any claims for infringement, arising on or after ~~from~~ the date of such~~the~~ breach ~~of this Agreement~~. K4K acknowledges and agrees that in any action for infringement brought by America Can! pursuant to the terms of this Section 18.2, it shall be no defense that the mark or marks from which the claim arises existed as of the Effective Date of this Agreement. ~~Further, nothing in this Paragraph 18.2 shall be deemed to release or otherwise discharge K4K from any claims, demands, costs, proceedings and/or actions of any kind whatsoever that America Can! may have or bring by operation or as a result of the provisions of Section 11.5 pertaining to the nullification or voidance of certain provisions in the case of a breach of this Agreement by K4K.~~

**Commented [MMB17]:** We believe this addresses your concerns, but are open to other suggestions.

19.    **Entire Agreement.**  This Agreement supersedes any and all other agreements, either oral or in writing, between K4K and America Can! with respect to the contents hereof.

20.    **Modification and Waiver.**  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of the Parties hereto.  Any waiver of any right hereunder must be in writing and executed by authorized representatives of the Party to be charged to waive its rights under this Agreement.

21.    **Binding Effect.**  This Agreement is binding on the Parties, their officers, directors, agents, employees, attorneys, successors, assigns, subsidiaries, parent companies, related companies, partners, representatives, and other persons acting by, through, under, or in concert with any of them.

22.    **Confidentiality.**  The provisions of this Agreement and all preceding communications regarding settlement shall be held in the strictest confidence by the Parties and their attorneys, and shall not be publicized or disclosed in any manner whatsoever, other than as necessary to carry out its provisions.  Notwithstanding the foregoing restrictions, the Parties may confidentially disclose this Agreement as necessary to their respective officers, directors, partners, employees, attorneys, accountants, auditors, lenders, investors, and as otherwise necessary to fulfill standard or legally required corporate reporting or disclosure requirements,

11

K4K 11/18/15 Draft

and insofar as such disclosure may be necessary to enforce this Agreement's terms or as may otherwise be required by law.

23.     **Severability.**  In the event any portion of this Agreement is held invalid or unenforceable by a court of law, the remainder of this Agreement shall remain in full force and effect, and the affected provision shall be modified by the court to the minimum extent necessary to bring such provision into compliance with the law while still carrying out the intention of the Parties.

24.     **Effectuate Agreement.**  The Parties agree to execute such documents and take such actions as may be reasonably necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

25.     **Construction of Ambiguities.**  Each Party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon.  Accordingly, no part of this Agreement is to be construed for or against either Party because of the identity of the drafter.  The Parties thereby waive the application of any law, regulation, or rule of construction providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or documents.

26.     **No Admission of Liability.**  This Agreement does not constitute any admission of liability by any Party with respect to the Litigation or any claims or disputes in connection therewith.

27.     **Anti-Circumvention and Prevailing Party.**  Each Party agrees to take no action that is intended to frustrate, circumvent, or attempt to frustrate or circumvent, the protections granted to the other Party under this Agreement.  The prevailing Party in any action to enforce this Agreement shall be entitled to recover reasonable attorneys' fees and costs.

28.     **Authority.**  Each Party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the Party and is therefore empowered to bind the Party to the terms of this Agreement.  The Parties agree that they have provided a copy of this Agreement to the officers and/or those otherwise having authority over the corporate decisions of their respective businesses and that such person(s) have authorized that Party's entrance into this Agreement.  Each Party represents and warrants that it has the right to enter into this Agreement and that it has not previously entered into any other agreement that is inconsistent herewith.

29.     **Voluntary Execution.**  Each Party represents and warrants that this Agreement is being voluntarily executed by such Party without any duress or undue influence of any kind on the part of any person, firm, or entity.

30.     **Notice.**  All notices, demands and other communications required or permitted to be given or made pursuant to this Agreement shall be given in writing, and shall be personally delivered, or sent by nationally recognized overnight delivery service (such as, but not limited to, Federal Express and United Parcel Service).  Such notice shall be effective upon receipt Each such notice shall be sent to such Party at the address set forth below or to such change of address as such Party shall specify in written notice sent to the other Party hereto pursuant to this Agreement.

12

**K4K 11/18/15 Draft**

30.1   If to Kars 4 Kids:
      Kars 4 Kids
      1805 Swarthmore Avenue
      Lakewood, New Jersey 08701
      ATTN: Ben Turin

      With a concurrent copy to:
      Orrick, Herrington & Sutcliffe LLP
      51 West 52nd Street
      New York, NY 10019
      ATTN: Peter D. Vogl

30.2   If to America Can!:
      America Can!
      325 W. 12th Street
      Suite 250
      Dallas, Texas  75208
      ATTN: Malcolm Wentworth

      With a concurrent copy to:
      Haynes and Boone LLP
      30 Rockefeller Plaza, 26th  Floor
      New York, New York 10014
      ATTN: Jonathan D. Pressment

31.   **Execution in Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and which together shall constitute one and the same instrument.  This Agreement may be executed by signature delivered via facsimile or via digital file attached to an email.

32.   **Jurisdiction and Venue.**  This Agreement shall be governed by, construed and interpreted in accordance with the laws of the State of New Jersey, without regard to conflicts or choice of laws principles.  The parties further agree that the United States District Court for the District of New Jersey shall have sole, exclusive and continuing jurisdiction over any action arising out of this Agreement.  Accordingly, each Party hereby agrees to submit any case or controversy arising from this Agreement to the exclusive jurisdiction of the United States District Court for the District of New Jersey, in Trenton, for adjudication and further agrees that it shall indicate that any such action is related to the Litigation and shall immediately request assignment of the action to the Honorable Peter G. Sheridan, U.S.D.J., and the Honorable Lois H. Goodman, U.S.M.J.

33.   **Failure to Enforce.**  The failure of either Party to enforce at any time any of the provisions of this Agreement, or to exercise any right that is herein provided, or to require at any time performance by the other Party of any provision hereof, shall in no way be construed to be a waiver of such provision, or in any way affect the validity of this Agreement or any part thereof, or the right of such Party thereafter to enforce each and every

13

**K4K 11/18/15 Draft**

such provision.  All remedies afforded to a Party in this Agreement shall be taken and construed as cumulative, that is, in addition to every other remedy provided herein or by law.

34.     **Headings.**  The paragraph headings in this Agreement are for convenience only and in no way limit or affect the terms or conditions of this Agreement.

35.     **Costs and Attorneys' Fees.**  Each Party shall pay its own costs and attorneys' fees associated with this matter~~, except as provided for by Section 16 hereof in the event of a breach.~~

**Commented [MMB18]:** We understand you are considering this point pending your research.

IN WITNESS WHEREOF, the Parties being fully authorized and empowered to bind themselves to this Agreement, have authorized and executed this Agreement on the date set forth opposite their respective signatures.

**KARS 4 KIDS INC.**

Date: _____          By: _____

Name: _____

Title: _____

**AMERICA CAN!**

Date: _____          By: _____

Name: _____

Title: _____

**AMERICA CAN! CARS FOR KIDS**

Date: _____          By: _____

Name: _____

Title: _____

14

# EXHIBIT S

# CARS FOR KIDS



If you have any questions, feel free to contact us using any of the methods listed below. We will be happy to answer any questions or concerns you may have about your donation or the donation process.

**CARS FOR KIDS**

service@carsforkids.com

**CALL US**

866.CARSFORKIDS
866.227.7367

If you donated a car before February 1 you will need to contact:

**KEISHA WRIGHT FOUNDATION Contact:**
carsforkids07@yahoo.com and
510-305-3723 or
510-305-3335

Welcome
Donating
Online Donation
Why Donate?
FAQs
Tax Information
Your Car's Value
Contact Us



