## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KARS 4 KIDS INC., | : | Civil Action No. 14-7770 (PGS/LHG) |
| Plaintiff, | : | |
| v. | : | *Electronically Filed* |
| AMERICA CAN!, | : | **ORAL ARGUMENT REQUESTED** |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF KARS 4 KIDS INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING AMERICA CAN'S BUSINESS REGISTRATIONS**

Liza M. Walsh
Marc D. Haefner
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
(973) 757-1100

Peter D. Vogl
David Litterine-Kaufman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

*Attorneys for Plaintiff*
*KARS 4 KIDS INC.*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   LEGAL STANDARD............................................................................................ 2

III.  BACKGROUND .................................................................................................. 2

IV.   ARGUMENT........................................................................................................ 3

     A.    America Can's Business Registrations Are Irrelevant and Should be
          Excluded Pursuant to Federal Rule of Evidence 402............................................ 3

     B.    America Can's Business Registrations Pose Substantial Risk of Unfair
          Prejudice, Jury Confusion, and Waste of Time and Should be Excluded
          Pursuant to Federal Rule of Evidence 403.............................................. 4

V.    CONCLUSION..................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Argush v. LPL Fin., LLC*,
  No. 17-1969, 2018 WL 6828420 (3d Cir. Dec. 28, 2018)..........................................................2

*Ebenhoech v. Koppers Indus., Inc.*,
  239 F. Supp. 2d 455 (D.N.J. 2002) .........................................................................................2

*McNulty v. Citadel Broad. Co.*,
  58 F. App'x 556 (3d Cir. 2003) ...............................................................................................4

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994)........................................................................................................5

*Presley's Estate v. Russen*,
  513 F. Supp. 1339 (D.N.J. 1981) .............................................................................................3

*Three Rivers Confections, LLC v. Warman*,
  660 F. App'x 103 (3d Cir. 2016) .............................................................................................3

*United States v. Caldwell*,
  760 F.3d 267 (3d Cir. 2014).....................................................................................................4

*Waters v. Pennsylvania Human Relations Comm'n*,
  No. 1:13-CV-2652, 2017 WL 24670 (M.D. Pa. Jan. 3, 2017)..................................................5

**Other Authorities**

Fed. R. Evid. 104(a)......................................................................................................................2

Fed. R. Evid. 402 ..................................................................................................................1, 2, 4

Fed. R. Evid. 403 .........................................................................................................................2, 4

## I.      INTRODUCTION

Plaintiff Kars 4 Kids, Inc. ("Kars 4 Kids") respectfully submits this memorandum of law in support of its motion *in limine* to exclude evidence of Defendant America Can!'s ("America Can") business registrations.

Priority of use will be one of the central issues in this trademark infringement trial. Evidence of when and in what geographic regions Kars 4 Kids used its KARS 4 KIDS and 1-877-KARS-4-KIDS marks (the "KARS 4 KIDS Marks") and of when and in what geographic regions America Can used its "Cars for Kids" designation will decide this critical issue.

America Can proposes to argue to the jury that certain business registrations filed by America Can and other entities constitute evidence of prior use by America Can.  But they do not as a matter of law.  Authorities recognized in this District make clear that mere registration of a business under a designation does not establish trademark rights in that designation because a business registration is not actual use of the designation in commerce.  Accordingly, the business registrations are irrelevant and should be excluded under Federal Rule of Evidence 402.

Alternatively, even if the business registrations were not irrelevant as a matter of law, as a matter of fact they do not demonstrate use of the designation by America Can in interstate commerce.  At most they could give rise to an inferential leap that if America Can registered a business under a designation, it also may have advertised under that designation.  But America Can offers no evidence that it in fact used the designation in interstate commerce contemporaneously with the business registrations—it has produced no documents showing such advertising and none of its witnesses are aware of any such advertising.  Whatever slight probative value the business registrations might have would be outweighed by the substantial risk of unfair prejudice, their tendency to confuse and mislead the jury, and waste of time at trial.

1

Accordingly, the business registrations should respectfully be excluded under Federal Rule of Evidence 403.

## II.      LEGAL STANDARD

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). Irrelevant evidence is not admissible. Fed. R. Evid. 402; *see also Argush v. LPL Fin., LLC*, No. 17-1969, 2018 WL 6828420, at *3 (3d Cir. Dec. 28, 2018). Even if evidence is relevant, a court may exclude the evidence if its probative value is substantially outweighed by, among other things, unfair prejudice, confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403. In deciding such questions, the Court must "shield the jury from unfairly prejudicial or irrelevant evidence." *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002).

## III.     BACKGROUND

In its motion for summary judgment, America Can argued that certain business registrations it obtained served as evidence that it operated its business with the designation "Cars for Kids." Brief in Support of Defendant America Can!'s Motion for Summary Judgment ("America Can's Motion"), D.E. 118 at 5. The evidence at issue consists of assumed name certificates filed with the Office of the Secretary of State of Texas by predecessor Texans Can! for the assumed names "Cars for Kids" and "Kars for Kids". Declaration of Briggs M. Wright ("Wright Decl.") Ex. 1.

America Can produced no evidence that it actually operated its business with those assumed names, much less that it advertised in interstate commerce with those names. In fact, America Can admitted that it does not know when it began using "Cars for Kids" in connection with advertising. Specifically, America Can's CEO testified:

2

Q. . . . To the best of your knowledge, when did America Can first use the phrase "cars for kids" to advertise its car-donation program?
A.  I couldn't tell you.

. . . .

Q.  Do you know when America Can first distributed an advertisement that used the phrase "cars for kids"?
A.  No.

Wright Decl. Ex. 2 at 82:21-24, 84:19-21.

IV.     **ARGUMENT**

     A.      **America Can's Business Registrations Are Irrelevant and Should be Excluded Pursuant to Federal Rule of Evidence 402**

Third Circuit precedent holds that merely registering to do business under a particular trade name is insufficient to qualify as public use of the type that establishes trademark rights in that trade name.  *See Three Rivers Confections, LLC v. Warman*, 660 F. App'x 103, 108 (3d Cir. 2016) (unpublished) (holding documentary evidence in the form of business registrations is insufficient to establish priority of mark use).  The USPTO also has cautioned, "***a state's authorization to form a business with a particular name does not also give you trademark rights*** and other parties could later try to prevent your use of the business name if they believe a likelihood of confusion exists with their trademarks."  U.S. Patent and Trademark Office, Protecting Your Trademark:  Enhancing Your Rights Through Federal Registration at 3, *available at* https://www.uspto.gov/sites/default/files/documents/BasicFacts.pdf.  Additionally, "[t]he mere act of incorporation alone does not establish priority of use of the corporate name as a mark."  2 McCarthy on Trademarks and Unfair Competition § 16:12 (5th ed.).

The reason is simple.  An entity can obtain trademark rights in a service mark if the service mark is "adopted and used ***in the sale or advertising of services*** to identify the service of the entity and distinguish them from the services of others."  *Presley's Estate v. Russen*, 513 F.

3

Supp. 1339, 1362 (D.N.J. 1981) (internal quotation marks omitted) (emphasis added).  Use *in sale or advertising* is crucial to determining whether a designation qualifies as a service mark. "Whether or not a company name is being used as a service mark . . . can be determined only by careful scrutiny of the exact manner in which the term is used by the applicant ***in its advertising media***." 3 McCarthy on Trademarks and Unfair Competition § 19:88 (5th ed.) (emphasis added).

Accordingly, America Can's registration of assumed names does not show that America Can actually *used the mark in commerce* and therefore cannot establish that America Can has priority of use. The business registrations therefore are not relevant to any issue to be tried in this case and should be excluded pursuant to Federal Rule of Evidence 402.

**B.      America Can's Business Registrations Pose Substantial Risk of Unfair Prejudice, Jury Confusion, and Waste of Time and Should be Excluded Pursuant to Federal Rule of Evidence 403**

America Can's business registrations also pose a significant risk of unfair prejudice to Kars 4 Kids and jury confusion.  The jury is not likely to appreciate the legal distinction between registering to do business under a designation and public use of a designation in advertising sufficient to acquire trademark rights.  Rule 403 thus requires that this evidence be excluded. *See McNulty v. Citadel Broad. Co.*, 58 F. App'x 556, 564 (3d Cir. 2003) (unpublished) (affirming exclusion of prejudicial evidence prohibited under Rule 403).  This is especially true because any probative value the business registrations may have would be vanishingly small, such that even a moderate risk of unfair prejudice or jury confusion provides sufficient grounds for exclusion. *United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014) (noting the requirement of balancing of the probative value of proffered evidence with its prejudicial effect and finding the district court erred in allowing evidence where prejudicial effect substantially outweighed probative value).

Admission of the business registrations would also waste time and resources at trial. If

the business registrations were admitted, Kars 4 Kids would have to present evidence to correct

the inevitable misimpressions and confusion by the jury. *In re Paoli R.R. Yard PCB Litig.*, 35

F.3d 717, 734 (3d Cir. 1994) (affirming exclusion of evidence on grounds of wasting time);

*Waters v. Pennsylvania Human Relations Comm'n*, No. 1:13-CV-2652, 2017 WL 24670, at *4

(M.D. Pa. Jan. 3, 2017) (excluding evidence that would "undoubtedly waste time"). Because the

business registrations do not show use in interstate commerce, nothing would be gained by this

expenditure of time and resources.

## V.    CONCLUSION

For the reasons set forth above, Kars 4 Kids respectfully requests that the Court exclude

any evidence, testimony, or argument regarding America Can's business name registrations in

their entirety.


Dated: February 14, 2019          By:  *s/ Liza M. Walsh*
                                       Liza M. Walsh
                                       Marc D. Haefner
                                       WALSH PIZZI O'REILLY FALANGA LLP
                                       One Riverfront Plaza
                                       1037 Raymond Blvd., Suite 600
                                       Newark, New Jersey 07102
                                       (973) 757-1100

                                       Peter D. Vogl
                                       David Litterine-Kaufman
                                       ORRICK, HERRINGTON & SUTCLIFFE LLP
                                       51 West 52nd Street
                                       New York, New York 10019-6142
                                       (212) 506-5000

                                       *Attorneys for Plaintiff*
                                       *KARS 4 KIDS INC.*