UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARS 4 KIDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICA CAN!, <br><br> Defendant. | **MEMORANDUM AND ORDER** <br><br> Civil Action No. <br> 3:14-cv-7770 (PGS) (DEA) |
| AMERICA CAN! Cars for Kids, <br><br> Plaintiff, <br><br> v. <br><br> KARS 4 KIDS, INC., <br><br> Defendant. | Civil Action No. <br> 3:16-cv-4232 (PGS) (DEA) |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Plaintiff/Defendant Kars 4 Kids, Inc.'s (hereinafter "Kars 4 Kids") *in limine* motion to exclude evidence, testimony, and references to Plaintiff/Defendant America Can! Cars for Kids' (hereinafter "America Can!") unpleaded marks. (ECF No. 195). Specifically, Kars 4 Kids seeks to bar America Can! from asserting a new claim or theory of infringement based on the phrase "Write Off the Car, Not the Kid" ("WOTCNTK"), which it argues has been presented for the first time by America Can! in its proposed jury instructions and proposed verdict form. In response, America Can! argues that WOTCNTK has always been recognized to be a relevant mark because it relates to the one or more of the affirmative or defensive issues in this case. For the reasons set forth herein, Kars 4 Kids' motion

1

is granted, and America Can!'s request to amend the final pretrial order under Fed. R. Civ. P. 16(e) or 15(a)(2) is denied.

Kars 4 Kids argues that it first learned of America Can!'s plan to assert claims for the WOTCNTK mark in America Can!'s proposed verdict sheet and proposed jury instructions. In response, America Can! argues Kars 4 Kids has acknowledged the existence of this mark, and thereby the existence of this claim, in: (1) its initial complaint, (ECF No. 1, at ¶ 22 [14-7770]); (2) its Second Set of Requests for Production of Documents (Confoy Decl., Exs. 1-2, ECF Nos. 197-2 and 197-2); (3) Deposition notices, (*Id.* at Ex. 3, ECF No. 197-4); (4) Questions during depositions, (*Id.* at Exs. 4-6, ECF No. 197-5, 197-6, 197-7); and (4) comments in the summary judgment papers, (ECF No. 116). Even more, according to America Can!, the WOTCNTK mark is properly before this Court by way of the Final Pretrial Order.

Under Rule 16(e), when a final pretrial order is entered, it "limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." *Bornstein v. Cnty. of Monmouth*, No. 11-5336, 2015 U.S. Dist. LEXIS 59183, at *26 (D.N.J. May 6, 2015) (quoting *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965)). "The court may only modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). "It is well established that departure from or adherence to the pretrial order is a matter peculiarly within the discretion of the trial judge." *Beissel v. Pittsburgh & L.E.R. Co.*, 801 F.2d 143, 150 (3d Cir. 1986).

"Courts 'do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order'" because this practice "deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice, and the laudable purpose of the Rule is to

avoid surprise, not foment it." *Israel v. Smith*, No. 13-cv-0097, 2018 U.S. Dist. LEXIS 64042, at *5 (D.N.J. Apr. 16, 2018) (quoting *Bornstein*, 2015 U.S. Dist. LEXIS 59183, at *27). Moreover,

> [i]n the few instances where a party has sought to inject some new element into the case by way of the final pretrial order, courts have not blindly or automatically applied the rule that final pretrial orders supersede the pleadings. Instead, courts have carefully assessed the prejudice to the opposing party and, where prejudice exists, the newly asserted claim or defense has been rejected despite its inclusion in the final pretrial order.

*Id.* (quoting *Bornstein*, 2015 U.S. Dist. LEXIS 59183, at *29). If a new claim or defense is presented for the first time in the final pretrial order, opposing counsel must "meticulously examine the order, taking exception, if necessary, to the additions, and recording their objection in the pretrial order." *Bornstein*, 2015 U.S. Dist. LEXIS 59183, at *28 (quoting *In re AT&T Sec. Litig.*, Civil Action No. 00-5364, 2004 U.S. Dist. LEXIS 28452, at *16 (D.N.J. Apr. 6, 2004)). The party that is seeking to add a claim or defense through the final pretrial order "should do so with specificity and clarity so as to minimize the ill effects of that practice. Specificity and clarity provide the trial court with a fair opportunity to consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date." *Id.* (quoting *In re AT&T Sec. Litig.*, 2004 U.S. Dist. LEXIS 28452, at *16).

First, the Court notes that in its Complaint filed in the Northern District of Texas, and its counterclaims filed in the District of New Jersey, America Can! has not asserted the WOTCNTK mark. In fact, in both its complaint and counterclaim, America Can! mentions the WOTCNTK mark once, where it discusses that this "related marketing slogan . . . [has] received widespread recognition and value in the United States." (*See* ECF No. 1, at ¶ 14 [16-4232] and ECF NO. 16, at ¶ 12 [14-7770]). Even more, the complaint and counterclaim only discuss Kars 4 Kids alleged infringement of America Can!'s "CARS FOR KIDS" mark, and not any alleged infringement of the WOTCNTK mark. (*See* ECF No. 1, at ¶ 14 [16-4232] and ECF NO. 16, at ¶ 12 [14-7770]).

3

America Can! points to part five of the Final Pretrial Order which contains its contested facts. Therein, it alleges that it has been using the WOTCNTK mark and has gained goodwill through that mark, that Kars 4 Kids began to use the WOTCNTK mark in or around 2008, and Kars 4 Kids use of that mark has caused actual confusion and has lead to Kars 4 Kids obtaining donations that would have otherwise been provided to America Can!. (Final Pretrial Order, ECF No. 187, at part 5, ¶¶ 111-119). America Can! argues that these allegations, in combination with part twelve of the Final Pretrial Order which outlines America Can!'s legal issues, makes clear that this mark "and other marks are encompassed in legal issues to be decided in this action . . . ." (America Can!'s br., ECF No. 197, at 6). However, these legal issues make no mention of the WOTCNTK mark, and instead, America Can! argues that paragraph eleven of this section encompasses that mark, which reads:

> [w]hether Kars 4 Kids' conduct willfully, deliberately, and intentionally caused confusion, mistake, or deception as to the source or origin of Kars 4 Kids' services such that consumers may believe that Kars 4 Kids or Kars 4 Kids' services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Cars for Kids.

(Final Pretrial Order, ECF No. 187, at part 12, ¶11).

While America Can! argues that it has properly asserted this claim in the final pretrial order, the Court disagrees. Clearly, these are new claims that, for the first time, America Can! is raising through the final pretrial order. However, America Can's! claim for the WOTCNTK mark has not been made with any specificity or clarity, as it is not clearly stated in the final pretrial order's legal issues, and is only briefly mentioned in America Can's! contested fact section. America Can! would have the Court piece together separate sections of the final pretrial order to come up with its claim for the WOTCNTK mark. The Court declines to do so, in what is an attempt unfairly create a new claim to be tried at trial.

4

America Can! argues that it should be permitted to either amend the final pretrial order under Rule 16(e) to add such claims, or allowed to amend under Rule 15(a)(2). Under Rule 16(e), the court may only modify the order to prevent manifest injustice. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend the pleadings is granted freely "when justice so requires." *Id.* Courts may deny leave to amend where "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or the amendment fails to cure the jurisdictional defect." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, under both 16(e) and 15(a)(2), the Court considers the prejudice to Kars 4 Kids. *Id.*; *see also Israel*, 2018 U.S. Dist. LEXIS 64042, at *5. Clear notice of this claim to Kars 4 Kids, and to the Court, came only upon submission of America Cans! proposed jury instructions and proposed jury verdict. America Can! argues that Kars 4 Kids will not be prejudiced with inclusion of this claim, as it has previously conducted discovery on that topic and deposed witnesses regarding the WOTCNTK mark. However, upon review of those deposition transcripts, it appears to the Court that Kars 4 Kids deposed witnesses regarding America Can!'s use of the "TM" symbol with the mark, and whether that mark was its "primary marketing message" or if it was the company name. (*See, e.g.*, Confoy Decl., Ex. 4 Dep. Of Malcolm Wentworth, at T31:16-32:14, 155:21-25, 162:3-23; Ex. 5. Dep. Of Richard Marquez, at T120:19-122:25, 126:5-22; Ex. 6 Dep. Of Cheryl Poldrugach, at T42:11-43:7). According to Kars 4 Kids, it would have conducted additional discovery on this mark, including depositions, and may have conducted a survey to determine if the mark has attained secondary meaning or whether there was any likelihood of confusion.

Permitting America Can! to proceed with this claim would prejudice Kars 4 Kids, as they have been deprived of fair notice, a chance to conduct discovery specifically on this issue, and

the opportunity for motion practice specifically related to the WOTCNTK mark. *In re AT&T Sec. Litig.*, 2004 U.S. Dist. LEXIS 28452, at *16. For these reasons, Kars 4 Kids' Motion is granted, America Can! may not present any evidence, testimony, and references to unpleaded marks, including the WOTCNTK mark, and America Can!'s request to amend the final pretrial order is denied.

## ORDER

This matter having come before the Court on Kars 4 Kids, Inc.'s Motion *in limine* (ECF No. 195), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

**IT IS** on this 9 day of May, 2019,

**ORDERED** that Kars 4 Kids, Inc.'s Motion *in limine* (ECF No. 195) to exclude evidence, testimony, and references to Plaintiff/Defendant America Can! Cars for Kids' unpleaded marks is **GRANTED**; and it is further

**ORDERED** that America Can! Cars for Kids' request to amend the final pretrial order is **DENIED**.

PETER G. SHERIDAN, U.S.D.J.