UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARS 4 KIDS INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICA CAN!, <br><br> Defendant. | MEMORANDUM AND ORDER <br><br> Civil Action No. <br> 3:14-cv-7770 (PGS) (DEA) |
| AMERICA CAN! Cars for Kids, <br><br> Plaintiff, <br><br> v. <br><br> KARS 4 KIDS INC., <br><br> Defendant. | Civil Action No. <br> 3:16-cv-4232 (PGS) (DEA) |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Kars 4 Kids Inc.'s (hereinafter "Kars 4 Kids") motion to present disgorgement evidence outside the presence of the jury. Kars 4 Kids argues that America Can! Cars for Kids (hereinafter "America Can!") is seeking disgorgement of Kars 4 Kids' profits, an equitable remedy for which no right to a jury trial attaches, therefore, any disgorgement evidence should be presented only before the Court, and not the jury. (Kars 4 Kids Br., ECF No. 201, at 3). According to America Can!, it seeks an award of Kars 4 Kids' profits as a rough proxy of its own damages, and thus argues that it is seeking disgorgement of Kars 4 Kids' profits as compensatory damages. (Cars for Kids Br., ECF No. 202, at 6). America Can! argues that a jury should determine compensatory damages. (*Id.* at 7).

1

Under the Lanham Act, after showing a violation, a "plaintiff shall be entitled, . . . and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction." 15 U.S.C. § 1117(a). "The remedy of damages seeks to compensate the victim for its loss, whereas the remedy of an accounting [seeks] disgorgement of ill-gotten profits." *Hard Candy, Ltd. Liab. Co. v. Anastasia Beverly Hills, Inc.*, 2019 U.S. App. LEXIS 11877, at *9 (11th Cir. Apr. 23, 2019) (quoting *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954 (2017)). "[A]n accounting of the infringer's profits is available if the defendant is unjustly enriched, if the plaintiff sustained damages, or if an accounting is necessary to deter infringement." *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 178 (3d Cir. 2005). "[A]n award of the trademark infringer's profits originated in the law as a way of compensating the plaintiff for sales lost to the infringer . . . when the parties are in competition with each other." 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:59 (5th ed. 2019).

In situations where parties compete, it is not appropriate to award both plaintiff's damages *and* defendant's profits because defendant's profits are an attempt to measure a plaintiff's actual loss. 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:73 (5th ed. 2019). Moreover, "damages and profits cannot be awarded simultaneously if it would result in over-compensation . . . where the parties directly compete, over-compensation may result if plaintiff seeks both damages for lost profits on sales diverted to the infringer *and* the profits made on those sales by the infringer." *Id.*

Here, America Can! frames its theory of damages as a claim for its own lost profits as damages, and in order to calculate those lost profit damages, proposes an award of Kars 4 Kids'

2

profits as a rough proxy measure of its own damages. America Can! argues that "the parties are direct competitors, and a donation to [Kars 4 Kids] precluded a donation to [America Can!]," and this supports a claim for compensatory damages, because were parties are "direct competitors, an award of defendant's profits has served as a rough proxy measure of plaintiff's damages." ((America Can! Br. at 6). However, this is more appropriately considered a claim for disgorgement of Kars 4 Kids' profits:

> Because of the difficulties of proving an actual diversion of sales, the courts often assumed or presumed that the infringer's profits consisted entirely of profits on sales that would have been made by plaintiff but for the infringing actions. In competitive relationships, the courts continue to use this method of measuring plaintiff's losses . . .[t]he assumption that every sale by the infringer is a sale that would have been made by plaintiff but for the illegal acts is only an approximation . . . The courts find the accounting of profits remedy a rough, but reasonable measure of plaintiff's loss in competitive relationships. This is because as between the victim and the wrongdoer, the burden should be and is placed on the wrongdoer to prove, if it can, that some sales were not caused by the infringement, or would not have gone to the plaintiff or that the infringer is more efficient and has lower costs than the plaintiff.

3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:59 (5th ed. 2019). Here, America Can! is seeking Kars 4 Kids' profits, because it argues that any donation to Kars 4 Kids was actually a donation America Can! should have received. However, this is exactly the type of situation described above: a party (America Can!) is seeking a defendant's profits (Kars 4 Kids' profits) where the party (America Can!) argues it would have received those profits but for the infringement of that defendant (Kars 4 Kids). This is plainly a claim for disgorgement of profits, and not a claim for America Can!'s own damages. Thus, the Court determines that America Can!'s claim for an award of Kars 4 Kids' profits as a rough proxy measure of its own damages is actually a claim for Kars 4 Kids' profits.

The Court also determines that this claim is equitable in nature, and for which no right to a jury exists. Under the Seventh Amendment, "[i]n Suits at common law, where the value in

controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. The Eleventh Circuit recently addressed whether the recovery of a defendant's profits as "proxy" for a plaintiff's damages suffered due to infringement was a legal remedy that "carrie[d] with it a right to a jury trial" or an equitable remedy, which does not entitled a party to a jury trial. *Hard Candy, Ltd. Liab. Co.*, 2019 U.S. App. LEXIS 11877, at *2-3. There, the plaintiff did not seek actual damages, but instead sought an accounting and disgorgement of profits. The court focused on the nature of the remedy sought, and explained that historically, disgorgement of profits were matters for courts of equity. *Id.*; *see also* 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:59 (5th ed. 2019) ("[a]n accounting of profits has traditionally been classified as an "equitable remedy," which means that there is no right to trial by a jury."). Accordingly, the court held that "[t]he remedy of an accounting and disgorgement of profits for trademark infringement is equitable in nature and has long been considered that way, so . . . a plaintiff seeking the defendant's profits in lieu of actual damages is not entitled to a jury trial." *Id.*; *accord Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (determining there is no Seventh Amendment right to have a jury calculate profits because "[a] claim for disgorgement of profits under § 1117(a) is equitable, not legal."); *Ferrari S.P.A. Esercizio Fabriche Automobili E Corse v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991) (finding that a party was not entitled to a jury trial where it requested only equitable relief, "an injunction and disgorgement of profits.").

Though America Can! argues that this Court should empanel the jury as an advisory jury on damages, the Court declines to do so, and instead determines that trying disgorgement and liability separately conserves judicial resources. Depending on how the jury determines liability, the Court may not need to determine disgorgement of Kars 4 Kids' profits, and any time spent

4

presenting that evidence could possibly serve no purpose. The Court also determines that trying disgorgement separately will enhance jury comprehension of the issues to be presented in the case, as the jury will not be presented with evidence that is not relevant to any issue it will need to decide. For these reasons, Kars 4 Kids' motion to present disgorgement evidence outside the presence of the jury is granted.

## ORDER

This matter having come before the Court on Kars 4 Kids Inc.'s Motion to Present Disgorgement Evidence Outside the Presence of the Jury (ECF No. 201), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

**IT IS** on this 9 day of May, 2019,

**ORDERED** that Kars 4 Kids Inc.'s Motion to Present Disgorgement Evidence Outside the Presence of the Jury (ECF No. 201) is **GRANTED**.

PETER G. SHERIDAN, U.S.D.J.