# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARS 4 KIDS INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICA CAN!, <br><br> Defendant. | Civil Action No. 3:14-cv-7770 (PGS/LHG) |
| AMERICA CAN! CARS FOR KIDS, <br><br> Plaintiff, <br><br> v. <br><br> KARS 4 KIDS INC., <br><br> Defendant. | Civil Action No. 3:16-cv-4232 (PGS/LHG) |

## KARS 4 KIDS INC.'S MEMORANDUM OF LAW REGARDING POST-TRIAL REMEDIES

Liza M. Walsh
Marc D. Haefner
Eleonore Ofosu-Antwi
WALSH PIZZI O'REILLY
FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

Peter D. Vogl
David Litterine-Kaufman
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
(212) 506-5000

*Attorneys for*
*KARS 4 KIDS INC.*

# **TABLE OF CONTENTS**

Page

I. Introduction ...................................................................................................1

II. Factual Background ......................................................................................2

III. Argument – America Can Is Not Entitled to Injunctive Relief or Damages ........................................................................................................5

    A. Kars 4 Kids Is Entitled to a Presumption of Laches ............................5

    B. America Can Cannot Carry Its Burden in Overcoming a Presumption of Laches ........................................................................8

IV. Conclusion ....................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anheuser-Busch, Inc. v. Du Bois Brewing Co.*,
  175 F.2d 370 (3d Cir. 1949) ................................................................................9

*Beauty Time, Inc. v. VU Skin Sys.*,
  118 F.3d 140, 144 (3d Cir. 1997) ........................................................................6

*D'Agostino v. Appliances Buy Phone, Inc.*,
  633 Fed. Appx. 88 (3d Cir. 2015) ........................................................................6

*Fruit Industries, Ltd. v. Bisceglia Bros. Corp.*,
  101 F.2d 752 (3d Cir. 1939) ................................................................................9

*Gruca v. United States Steel Corp.*,
  495 F.2d 1252, 1258–59 (3d Cir.1974) ...............................................................7

*Joint Stock Soc'y v. UDV N. Am., Inc.*,
  53 F. Supp. 2d 692 (D. Del. 1999), *aff'd*, 266 F.3d 164 (3d Cir. 2001) ...................................................................................................... 7, 8, 9

*Kaufhold v. Caiafa*,
  872 F. Supp. 2d 374 (D.N.J. 2012) ......................................................................6

*Kelly v. Estate of Arnone*,
  No. 08-cv-6046, 2009 WL 2392108 (D.N.J. Aug. 3, 2009) .........................6, 7, 8

*New Reflections Plastic Surgery, LLC v. Reflections Ctr. for Skin & Body, PC*,
  No. 16-cv-8523, 2018 WL 6716105 (D.N.J. Dec. 20, 2018) ...........................5, 6

*Procter & Gamble Co. v. J.L. Prescott Co.*,
  102 F.2d 773 (3d Cir. 1939) ................................................................................8

*Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*,
  401 F.3d 123 (3d Cir. 2005) .......................................................................*passim*

*Univ. of Pittsburgh v. Champion Prod. Inc.*, 686 F.2d 1040 (3d Cir. 1982) ...................................................................................................5

*Zinn v. Seruga*,
   No. 05-cv-372, 2009 WL 6044806 (D.N.J. Sep. 28, 2009).................................6

**Statutes**

N.J.S.A. § 2A:14-1 ................................................................................................6

## I. INTRODUCTION

America Can Cars for Kids' ("America Can") claims for injunctive and monetary relief against Kars 4 Kids Inc. ("Kars 4 Kids"), based upon the Lanham Act and New Jersey statutory and common law, are barred by the equitable doctrine of laches. The evidence presented at trial leaves no doubt that America Can knew of Kars 4 Kids' advertising in Texas and America Can's potential legal claims at least as early as 2003, when it sent Kars 4 Kids a cease and desist letter. But despite this knowledge, America Can did not assert any claims against Kars 4 Kids until 2015. America Can waited *twelve years* to bring its claims—nearly *twice* the amount of time allowed under the relevant statute of limitations. America Can is not entitled to any remedy after sitting on its hands for over a decade and watching while Kars 4 Kids built its brand both inside and outside Texas using the KARS 4 KIDS and 1-877-KARS-4-KIDS marks (the "KARS 4 KIDS Marks").

During America Can's twelve-year delay, Kars 4 Kids invested significant resources in developing the reputation and recognition of the KARS 4 KIDS Marks. Kars 4 Kids dedicated millions of dollars to promoting its charitable services using those marks, both inside and outside of Texas, in the twelve-year period after America Can indisputably became aware of Kars 4 Kids' use of the marks. Kars 4 Kids' success enabled it to devote even more resources to advertising and promotion, which in turn further developed its reputation, value, and goodwill associated with

the KARS 4 KIDS Marks among the consumer public. To now grant America Can relief would be to reward its undue delay and severely prejudice Kars 4 Kids. Kars 4 Kids spent significant resources investing in a brand it sought to develop *nationwide*, including in Texas. Had America Can not unduly delayed, Kars 4 Kids could have avoided some or all of the costs it incurred in developing its reputation in the KARS 4 KIDS Marks nationwide.

Under Third Circuit precedent Kars 4 Kids is entitled to a presumption that America Can's claims for injunctive and monetary relief are barred by laches because the statute of limitations on those claims has expired. It is America Can's burden to overcome that presumption. America Can cannot do so, and its claims for relief must be denied.

## II. FACTUAL BACKGROUND

As established by the testimony of Kars 4 Kids' witness Rabbi Eliyohu Mintz at trial, Kars 4 Kids first adopted the KARS 4 KIDS Marks in 1995:

> Q. Did the OKR fund advertise the Kars 4 Kids car donation program at the time it was founded in 1995?
>
> A. Yes.
>
> Q. And what was the car donation program called at that time?
>
> A. Kars 4 Kids.

Declaration of Briggs M. Wright ("Wright Decl."), Ex. 1 at 260:15-17.

As Kars 4 Kids' witnesses further testified, by 1998, those marks were included in advertisements that were distributed throughout the United States, including in Texas. *Id.* at 262:7-263:17; 485:17-18; 486:3-7.

At least as early as 2003, America Can first had knowledge of Kars 4 Kids' use of the KARS 4 KIDS Marks in Texas. In August of that year, America Can sent Kars 4 Kids a letter claiming rights in CARS FOR KIDS in Texas. Wright Decl. Ex. 2. That letter did not specify rights in any other geographic region in the United States. *Id.*; Ex. 1 at 274:5-7. Kars 4 Kids did not respond to the letter, because it believed that it had superior nationwide rights in the KARS 4 KIDS Marks. Nonetheless, at that time America Can did not follow up on the letter or make any further attempt to contact Kars 4 Kids, with respect to its use of the KARS 4 KIDS Marks in Texas or elsewhere. Most importantly, America Can did not initiate any claims against Kars 4 Kids. *Id.* Ex. 1 at 274:8-25.

Nor did America Can bring any claims against Kars 4 Kids in the twelve years following its 2003 letter, despite being aware of Kars 4 Kids' continued use of KARS 4 KIDS Marks. As America Can's former head of marketing Cheryl R. Poldrugach testified:

> Q.   When did you first become aware of the plaintiff Kars 4 Kids?
>
> A.   [2006, 2007] timeframe when I went over to [the car donation program at America Can]?

*Id.* Ex. 1 at 681:8-10.

3

Kars 4 Kids continued its advertising campaigns utilizing the KARS 4 KIDS Marks, and those advertisements, which appeared in print, on the radio, and online, reached consumers throughout the country, including in Texas. *Id.* Ex. 1 at 355:16-356:1; 363:4-18; 366:14-378:14. Kars 4 Kids' nationwide success in generating donations enabled it to increase its expenditures on advertising using the KARS 4 KIDS Marks. Those advertising expenditures grew from $1,159,377 in 2004 (a year after it received the letter from America Can) to $13,076,547 in 2014, and totaled $75,318,266 in that period. Wright Decl. Ex. 3.

During Kars 4 Kids' increased growth and continued expansion of the scope of its nationwide advertising, America Can did not contact Kars 4 Kids to challenge its use of the KARS 4 KIDS Marks, inside Texas or out. As America Can's COO Malcolm Wentworth testified, while Kars 4 Kids invested in developing its reputation throughout the United States, including in Texas, America Can did not contact Kars 4 Kids at all:

> Q. So, Mr. Wentworth, do you recall yesterday we talked about a letter that your organization wrote to [Kars 4 Kids] in 2003[?] Do you recall that?
>
> A. The cease and desist letter?
>
> Q. Yes, sir.
>
> A. Yes, sir.
>
> Q. And America Can[] didn't write [Kars 4 Kids] again until 2013, correct?

> A. Correct.
>
> Q. So, to be clear, America Can[] didn't write [Kars 4 Kids] to ask or demand that they stop using Kars 4 Kids with a K in 2004, correct?
>
> A. No, sir.
>
> Q. In fact, they didn't write to [Kars 4 Kids] at any time between 2006 and 2012 to ask them to demand – to ask them to stop using Kars 4 Kids, correct?
>
> A. Correct.

Wright Decl. Ex. 1 at 994:3-22.

In fact, America Can did not assert its claims against Kars 4 Kids' use of the KARS 4 KIDS Marks—use that it had known about since at least as early as 2003—until it filed its counterclaims in this litigation on February 5, 2015, nearly ***twelve full years*** after America Can first learned of Kars 4 Kids' use of the KARS 4 KIDS Marks in Texas.  D.E. 16.

### III. ARGUMENT – AMERICA CAN IS NOT ENTITLED TO INJUNCTIVE RELIEF OR DAMAGES

#### A. Kars 4 Kids Is Entitled to a Presumption of Laches

Under Third Circuit law, the doctrine of laches bars a claim when there is "(1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay." *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3d Cir. 2005); *Univ. of Pittsburgh v. Champion Prod. Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982); *New Reflections Plastic Surgery, LLC v. Reflections Ctr. for Skin & Body, PC*, No. 16-cv-8523, 2018 WL 6716105, at *6 (D.N.J. Dec. 20, 2018).  Since

the Lanham does not have a statute of limitations, when claims are brought under the Lanham Act, "inexcusable delay" for purposes of laches is measured by looking to the most analogous state statute of limitations. *Santana*, 401 F.3d at 135; *New Reflections* 2018 WL 6716105, at *6 (D.N.J. Dec. 20, 2018).

For Lanham Act claims, the most analogous state statute of limitations is New Jersey's six-year fraud statute. *Santana*, 401 F.3d at 135; *see also Kaufhold v. Caiafa*, 872 F. Supp. 2d 374, 379 (D.N.J. 2012) ("Claims under the Lanham Act are properly analogized to New Jersey's six year fraud statute."); *D'Agostino v. Appliances Buy Phone, Inc.*, 633 Fed. Appx. 88, 91 n.3 (3d Cir. 2015); *Zinn v. Seruga*, No. 05-cv-372, 2009 WL 6044806 (D.N.J. Sep. 28, 2009); N.J.S.A. § 2A:14-1. The New Jersey six-year statute of limitations similarly applies to common law claims for trademark infringement and both common and state law unfair competition claims. *Kelly v. Estate of Arnone*, No. 08-cv-6046, 2009 WL 2392108, at *7 (D.N.J. Aug. 3, 2009). The six-year statute of limitations begins to run at the time "the right to institute and maintain the suit arises." *Beauty Time, Inc. v. VU Skin Sys.*, 118 F.3d 140, 144 (3d Cir. 1997); *New Reflections*, 2018 WL 6716105, at *6. Accordingly, allegedly "aggrieved parties must . . . bring their claim within [the applicable statute of limitations] when they learned or should have learned, through the exercise of due diligence, that they have a cause of action." *Beauty Time*, 118

6

F.3d at 148; *see also Kelly*, 2009 WL 2392108 at *7 (holding that statute of limitations began to run when plaintiff had constructive notice).

The Third Circuit has squarely held that "[o]nce the statute of limitations has expired, the defendant enjoys the benefit of a presumption of inexcusable delay and prejudice." *Santana*, 401 F.3d at 138-39 (*quoting EEOC v. The Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984)); *Gruca v. United States Steel Corp.*, 495 F.2d 1252, 1258–59 (3d Cir.1974); *see also Joint Stock Soc'y v. UDV N. Am., Inc.*, 53 F. Supp. 2d 692, 713 (D. Del. 1999), *aff'd*, 266 F.3d 164 (3d Cir. 2001). When this presumption of laches applies, the burden shifts **to the plaintiff** to prove **both** that its delay in bringing its claims was excusable **and** that the delay did not prejudice the defendant. *Santana*, 401 F.3d at 138-39; *Joint Stock Soc'y* 53 F. Supp. 2d 692 at 713.

Here, Kars 4 Kids is entitled to a presumption that America Can's claims are barred by laches. America Can knew of Kars 4 Kids' use of the KARS 4 KIDS Marks, and its potential claims arising out of that use, at least as early as 2003. Wright Decl. Ex. 2. But America Can did not assert any claims until **twelve years** later, **twice** the length of the **six-year** statute of limitations period. In *Kelly*, a court in this District found that the *Santana* presumption of inexcusable delay and prejudice applied—and the plaintiff's claims were barred by laches—when the plaintiff had mere **constructive** knowledge of its cause of action and did not bring

7

suit within six years of that constructive knowledge. *Kelly*, 2009 WL 2392108 at *7. Here, America Can had ***actual*** knowledge of the alleged infringement at least as early as 2003, as evidenced by the cease and desist letter it sent to Kars 4 Kids, Wright Decl. Ex. 2, yet it did not bring its claims until ***12 years*** later, and only after Kars 4 Kids had initiated litigation to assert its trademark claims, D.E. 16.

America Can therefore bears the burden of proving that its delay in bringing suit was excusable and did not prejudice Kars 4 Kids.

### B.   America Can Cannot Carry Its Burden In Overcoming a Presumption of Laches

America Can cannot carry its burden of proving ***either*** that its delay was excusable or that its delay did not prejudice Kars 4 Kids.

First, America Can presented absolutely no evidence that excused—or even explained—why it waited twelve years to bring its claims. The Third Circuit has long held that such extreme delay in asserting a claim will bar injunctive and all other relief. *Procter & Gamble Co. v. J.L. Prescott Co.*, 102 F.2d 773, 781 (3d Cir. 1939) (barring claim for injunctive relief after eight-year delay in filing suit); *Santana*, 40 F.3d at 140 (finding that laches bars all recovery for Lanham Act claim); *Joint Stock Soc'y*, 53 F. Supp. 2d at 722 (D. Del. 1999) (similar).

Second, Kars 4 Kids' prejudice as a result of America Can's delay is self-evident. During America Can's delay, Kars 4 Kids undertook significant investment in developing its reputation ***nationwide***, including in Texas, through the use of the

KARS 4 KIDS Marks, spending over $75 million dollars on advertising utilizing the KARS 4 KIDS Marks in an eleven-year period. Year after year, America Can continued to sit idly by while Kars 4 Kids spent millions of dollars each year building its good name throughout the country, inside and outside of Texas. Had America Can brought its claims earlier, Kars 4 Kids might have avoided sinking costs into the KARS 4 KIDS Marks in favor of other marks that it could use ***nationwide***. Alternatively, Kars 4 Kids might have modified its advertising in such a way that reduced its advertising exposure in Texas and proportionally increased its brand presence in the rest of the country. The Third Circuit has long recognized the underlying prejudice and denied injunctive and all other relief where such investment in a mark has taken place. *Fruit Industries, Ltd. v. Bisceglia Bros. Corp.*, 101 F.2d 752, 755 (3d Cir. 1939) (injunctive relief denied); *Anheuser-Busch, Inc. v. Du Bois Brewing Co.*, 175 F.2d 370, 374-75 (3d Cir. 1949) (similar); *see also Joint Stock Soc'y*, 53 F. Supp. 2d at 722 (D. Del. 1999) (similar).

Clearly, America Can cannot show either that its delay in bringing suit is excusable or that its delay did not prejudice Kars 4 Kids.

## IV. CONCLUSION

For the aforementioned reasons, Kars 4 Kids respectfully requests that the Court deny all of America Can's claims for injunctive and monetary relief as barred by laches.

Dated: June 28, 2019

By: *s/ Liza M. Walsh*
Liza M. Walsh
Marc D. Haefner
Eleonore Ofosu-Antwi
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

Peter D. Vogl
David Litterine-Kaufman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
(212) 506-5000

*Attorneys for*
*KARS 4 KIDS INC.*