# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARS 4 KIDS INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICA CAN!, <br><br> Defendant. | Civil Action No. 14-7770 (PGS/LHG) <br><br> *Electronically Filed* <br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF KARS 4 KIDS INC.'S MOTION *IN LIMINE* EXCLUDE ANY OPINIONS ON DAMAGES**

Liza M. Walsh
Marc D. Haefner
Eleonore Ofosu-Antwi
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

Peter D. Vogl
David Litterine-Kaufman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

*Attorneys for Plaintiff*
*KARS 4 KIDS INC.*

## TABLE OF CONTENTS

                                                            **Page**

I. INTRODUCTION ...................................................................................................1
II. LEGAL STANDARD ............................................................................................2
III. ARGUMENT .........................................................................................................4
IV. CONCLUSION ......................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ace Pallet Corp. v. Conrail*,
   764 F. App'x 197 (3d Cir. 2019) ................................................................ 2, 3, 4, 5

*Bayer AG & Bayer Corp. v. Schein Pharm.*,
   129 F. Supp. 2d 705 (D.N.J. 2001) ..................................................................... 5

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
   350 F.3d 316 (3d Cir. 2003) ................................................................................ 2

*Covertech Fabricating, Inc. v. TVM Building Products, Inc.*,
   855 F.3d 163 (3d Cir. 2017) ................................................................................ 4

*Crowley v. Chait*,
   No. 85-2441(HAA), 2005 U.S. Dist. LEXIS 2741 (D.N.J. Feb. 18, 2005) .......... 3

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ........................................................................................ 2, 3

*O.R. v. Hutner*,
   No. 10-1711(AET), 2012 U.S. Dist. LEXIS 9933 (D.N.J. Jan. 27, 2012) ............ 5

*Oddi v. Ford Motor Co.*,
   234 F.3d 136 (3d Cir. 2000) ................................................................................ 3

*Reed v. Binder*,
   165 F.R.D. 424, 429 (D.N.J.1996) ...................................................................... 4

**Rules and Regulations**

Civ.R. 7.1(d)(6)) ........................................................................................................ 5

Fed. R. Civ. P. 26(a)(2) ............................................................................................ 3

Fed. R. Civ. P. 26(a)(2)(B)(i) .................................................................................... 3

Fed. R. Civ. P. 26(e)(2) ............................................................................................ 3

Fed. R. Civ. P. 37(c)(1) ............................................................................................ 4

Fed. R. Evid. 702 .................................................................................................. 2, 3

## I.   INTRODUCTION

Plaintiff Kars 4 Kids, Inc. ("Kars 4 Kids") respectfully submits this memorandum of law in support of its motion *in limine* to exclude the proffered opinions of Bryce R. Cook on the amount of America Can!'s ("America Can") alleged damages. As the Court is aware, America Can obtained a jury verdict finding that its trademark rights were infringed solely in Texas. Thus, American Can, if it were entitled to damages at all, would only be entitled to damages for that Texas-based infringement.

Mr. Cook, however, offered no opinion on the scope of America Can's putative Texas-only injury. Instead, Mr. Cook's report asserts that the appropriate measure of damages from Kars 4 Kids' use of the KARS 4 KIDS Marks is disgorgement of ***all of Kars 4 Kids' profits*** (measured as revenue less related expenses) from all 50 states from 2008 through 2017. America Can's claim for damages calculated using Kars 4 Kids' revenues in all 50 states is not, however, an issue relevant in this case. For example, donations in New Jersey, New Hampshire, or New Mexico – or any other state for that matter – are irrelevant when the Jury limited America Can's rights solely to Texas. Thus, Mr. Cook's offered opinion on America Can's alleged injury in all 50 states should be barred because it does not "fit" the issue before the Court.

1

Further, having provided no expert opinion in any report on the scope of an alleged Texas-only injury, America Can may not, at this late date, offer Mr. Cook to testify before Your Honor on the issue of Texas-only injury. Thus, Mr. Cook should not be permitted to testify at all.

## II. LEGAL STANDARD

The Third Circuit recognizes that Federal Rule of Evidence 702 codifies a "trilogy of restrictions on expert testimony: qualification, reliability and fit." *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (internal quotations omitted). To "fit" the case the testimony "must be 'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" *Columbia Gas Transmission, LLC v. An Easement to Construct Operate & Maintain a 20 Inch Gas Transmission Pipeline*, 745 F. App'x 446, 450 (3d Cir. 2018) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)). Thus, an opinion on the value of real property if that were real property were subdivided and developed was properly barred as not "fitting" the facts of the case where the facts showed that the owners had not subdivided the property and did not plan to develop it. *Id.* Thus, for "fit" to be found, the facts examined in the expert report issue must comport with the facts proved or sought to be proved. *Ace Pallet Corp. v. Conrail*, 764 F. App'x 197, 198 (3d Cir. 2019).

For example, in *Ace Pallet*, the Third Circuit affirmed the district court's decision to bar expert testimony because the expert, in assessing damages, had improperly presumed that damages should be figured as if defendant's actions had caused a complete cessation of the plaintiff's business. *Id.* The plaintiff, however, was actually prevented from operating for only a few weeks, thus the expert had measured the wrong time period in calculating damages. *Id.* The expert's opinion thus failed to fit the facts of the case.

Further, under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose an expert report containing "a **complete** statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i)) (emphasis added). Changes to the "expert report must be disclosed by the time the party's pretrial disclosures are due." Fed. R. Civ. P. 26(e)(2)). These rules "are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts." *Crowley v. Chait*, No. 85-2441 (HAA), 2005 U.S. Dist. LEXIS 2741, at *16-17 (D.N.J. Feb. 18, 2005) (citations omitted). Full disclosure of all opinions is necessary so that the responding party can determine whether the proffering party has established "by a preponderance of proof" that the expert's disclosed opinions meet the requirements of Federal Rule of Evidence 702. *Oddi v. Ford Motor Co.*, 234 F.3d 136, 144 (3d Cir. 2000) (quoting *Daubert*, 509 U.S. at 593 n.10). Further, disclosure of all the

expert's opinions eliminates "unfair surprise to the opposing party." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J.1996). Failure to disclose an opinion in an expert report may, if the failure is not harmless, be sanctioned by barring the newly-minted opinion. *Id.* (quoting Fed. R. Civ. P. 37(c)(1)).

### III.   ARGUMENT

Any opinion by Mr. Cook must be barred. America Can's current plan, based on their papers, is to have Mr. Cook testify on America Can's putative injury based on Kars 4 Kids revenues from all 50 states from 2008-2017. Op. Mem. at 7. But, as argued at length in Kars 4 Kids opposition to America Can's request for disgorgement, the Third Circuit's recent opinion in *Covertech Fabricating, Inc. v. TVM Building Products, Inc.*, 855 F.3d 163 (3d Cir. 2017), forecloses America Can from seeking to prove revenues and profits from infringement in a limited geographic area (here Texas) with evidence of nationwide revenues. *See* Opp. Mem., 17-20.

Thus, Mr. Cook's testimony and opinions on alleged injury in all 50 states should be barred because that issue does not fit the facts of this case. The single relevant fact, as determined by the Jury, was that infringement only occurred in Texas. Thus, a report that opines on revenue in all 50 states is, on its face, examining the wrong thing. This case is thus on point with *Ace Pallet*, where the scope of the expert's examination and opinion was broader than the facts at issue. *Ace Pallet*

4

*Corp.*, 764 F. App'x at 198.  This Court, like the district court in *Ace Pallet*, should bar the expert from testifying on matters that are wholly at odds with the relevant facts.

Further, Mr. Cook's failure to offer any opinion on alleged Texas-based damages should bar him from offering a new opinion on that issue at the hearing on remedies.  First, this failure is not harmless.  Indeed, the very harm the Rules seek to avoid – that one would be a victim of surprise – would be present here.[1]  Kars 4 Kids is unable to prepare its own expert to respond if Mr. Cook presents a Texas-only damages opinion because Mr. Cook has, in fact, never offered any such opinion.  Kars 4 Kids should not be subjected to a new Texas-only damages opinion, if Mr. Cook intends to offer one at all, for the first time when Mr. Cook takes the stand.[2]

---

[1] Further, it was always a likely outcome that America Can would only be victorious on its infringement claims in Texas because it is Texas charity without any presence outside of Texas.  Thus, any argument that the Jury's verdict surprised America Can and it should now be permitted to obtain a new expert report is not credible.

[2] Similarly, if it is America Can's intention to offer a new Texas-only opinion in its reply papers in anticipation of the Court hearing, that too is impermissible as it "is axiomatic in federal practice that arguments raised for the first time in a reply brief should be disregarded. This is so because the local rules do not permit the filing of sur-reply briefs and thus the non-moving party has 'no opportunity to respond to newly minted arguments contained in reply briefs.'" *O.R. v. Hutner*, No. 10-1711 (AET), 2012 U.S.Ist. LEXIS 9933, at *5 n.2 (D.N.J. Jan. 27, 2012) (citing *Bayer AG & Bayer Corp. v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd* 301 F.3d 1306 (3d Cir. 2002); L.Civ.R. 7.1(d)(6)).

## IV. CONCLUSION

For the reasons set forth above, Kars 4 Kids respectfully requests that the Court exclude any opinion from Mr. Cook and bar him from testifying.

Dated: July 12, 2019

By: *s/ Liza M. Walsh*
Liza M. Walsh
Marc D. Haefner
Eleonore Ofosu-Antwi
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

Peter D. Vogl
David Litterine-Kaufman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

*Attorneys for Plaintiff*
*KARS 4 KIDS INC.*