IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARS 4 KIDS INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICA CAN!, <br><br> Defendant. | Civil Action No. 14-7770 (PGS/LHG) <br><br> **KARS 4 KIDS INC.'S** <br> **SEALING ORDER** <br><br> *Filed Electronically* |
| AMERICA CAN! CARS FOR KIDS, <br><br> Plaintiff, <br><br> v. <br><br> KARS 4 KIDS, INC., <br><br> Defendant. | Civil Action No. 16-4232 (PGS/LHG) |

[321]

**THIS MATTER** having been opened to the Court by the joint application of Kars 4 Kids, Inc. ("Kars 4 Kids") and counsel for America Can! Cars for Kids ("America Can! Cars for Kids"), by and through their undersigned counsel, in connection with the parties' Motion to Seal, pursuant to Local Civil Rule 5.3(c), portions of the transcript, dated November 21, 2019 at DE No. 316 (referred to herein as "Confidential Transcript"). The Court having considered the papers submitted by the parties in support of the Motion; and any papers in reply thereto; and the Court having considered and adopted the Proposed Findings of Fact and Conclusions of Law, the Declaration of Liza M. Walsh, counsel for Kars 4 Kids, the Declaration of Robert Moskovits, President of Kars 4 Kids, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

A. Through discovery in this case, the parties have produced confidential information and documents, the public disclosure of which would affect legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any materials produced pursuant to the Discovery Confidentiality Order ("DCO"), dated May 20, 2015 at DE No. 29.

B. The DCO allows the parties to designate information as "Confidential" or "Highly Confidential." The DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access to these documents. The DCO further provides that a party wishing to use material designated as "Confidential" or "Highly Confidential" must move pursuant to Local Civil Rule 5.3(c) to seal the submission.

C. Pursuant to the DCO and Local Civil Rule 5.3(c), the parties move to seal portions of the proposed Confidential Transcript relating to Kars 4 Kids' non-public and proprietary commercial and business interests, which contain reference and discuss information designated by Kars 4 Kids as "Confidential" or "Highly Confidential."

D. Specifically, the following portions of the Confidential Transcript contain confidential information:
   - 70:14, dollar amount;
   - 77:2, dollar amount;
   - 78:19, dollar amount;
   - 78:22, dollar amount;

- 79:4, dollar amount;
- 79:5, dollar amount;
- 79:9, dollar amount;
- 79:12, dollar amount;
- 79:15, dollar amount;
- 79:18, dollar amount;
- 80:11, dollar amounts;
- 81:15, dollar amount;
- 84:1, dollar amount;
- 85:24, dollar amount;
- 85:25, dollar amounts;
- 87:12-14, dollar amounts;
- 87:18, dollar amount;
- 88:5, dollar amount;
- 89:6, dollar amount;
- 89:7-8, dollar amount;
- 89:13, dollar amount;
- 89:15, dollar amount;
- 89:18, dollar amount;
- 99:13, dollar amount;
- 100:2, dollar amount;
- 100:6, dollar amount;

- 100:15-18, dollar amounts;
- 100:23, dollar amount;
- 101:2, dollar amount;
- 101:3, dollar amounts;
- 114:21, dollar amount;
- 115:5, dollar amount;
- 120:3, dollar amount;
- 138:3, number;
- 138:5, number;
- 138:6, dollar amount;
- 152:1, dollar amount;
- 152:5, dollar amount;
- 152:7-8, dollar amount;
- 160:7, dollar amounts;
- 163:25, dollar amount;
- 167:19, dollar amounts;
- 168:9, dollar amount;
- 168:11, dollar amount;
- 173:20, dollar amount;
- 173:22, dollar amount;
- 177:3, dollar amount;
- 177:5, dollar amount;

- 177:9, dollar amount;
- 177:10, dollar amount;
- 177:17, dollar amount;
- 179:15, dollar amount;
- 179:17, dollar amount;
- 180:4, dollar amount;
- 180:6, dollar amount;
- 184:19-23, dollar amounts;
- 186:7, dollar amount;
- 186:12, dollar amount;
- 186:19, dollar amount;
- 187:24, dollar amount;
- 188:8, dollar amount;
- 188:14, dollar amount;
- 188:18, dollar amount;
- 188:20, dollar amount;
- 189:10, dollar amount;
- 189:12, dollar amount;
- 189:14, dollar amount;
- 189:16, dollar amount;
- 189:17, dollar amount;
- 189:19, dollar amount;

- 189:21-22, dollar amounts;
- 189:23, dollar amount;
- 189:25, dollar amount;
- 197:7, dollar amount;
- 198:2, dollar amount;
- 198:9, dollar amount;
- 199:7, dollar amounts;
- 203:9, dollar amount;
- 204:5, dollar amount;
- 204:6, dollar amount;
- 204:21-22, dollar amounts;
- 205: 9, dollar amount;
- 205:15, dollar amount;
- Page 219, all entries under "$";
- Page 219, all entries under "100 [1] - 4:14" and above "101 [1] - 3:8";
- Page 219, all entries under "12 [1] - 208:7" and above "122 [1] - 3:9";
- Page 219, all entries under "14-7770 [1] - 1:6" and above "15 [5] - 4:3, 7:23,";
- Page 219, all entries under "15th [2] - 57:16, 57:19" and above "161.3 [1] - 119:13";
- Page 219, all entries under the beginning of column 3 and above "183212 [1] - 214:16";
- Page 219, last column, all entries under "208:22, 218:16" and above "21 [2] - 1:10, 70:12";

- Page 219, all entries under "25 [1] - 38:12" and above "26 [1] - 218:16";
- Page 220, first column, all entries under "167:5, 195:21" and above "399 [1] - 9:23";
- Page 220, all entries under "5,850,330 [1] - 188:14" and above "50 [10] - 14:20, 80:15,";
- Page 220, fourth column, all entries under "181:20, 210:11" and above "62 [1] - 3:6";
- Page 220, all entries under "7 [2] - 167:11, 210:11" and above "732 [1] - 23:8"; and
- Page 220, all entries under "883 [1] - 70:9" and above "889-4761 [1] - 1:24."

These select portions of the above documents are referred to herein as the "Confidential Material."

E. The Confidential Material contains and/or reflects information that Kars 4 Kids has designated as "Confidential" or "Highly Confidential" pursuant to the DCO.

F. In particular, the Confidential Material discloses Kars 4 Kids proprietary, competitively sensitive, and sensitive business information, which information is regarded as proprietary, maintained as confidential, and not otherwise disseminated to the public. Specifically, the Confidential Material contains Kars 4 Kids' proprietary financial information regarding marketing as well as third parties' personal information, which information is presently confidential and unavailable to the public.

G. The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are: Kars 4 Kids and America Can! Cars for Kids, parties to this trademark case have a legitimate interest in maintaining the confidentiality of their commercially and

competitively sensitive business information and strategies. The clearly defined and serious injury that would result if the Confidential Material is disclosed is: Kars 4 Kids would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against Kars 4 Kids. Moreover, competitors (actual and potential) who are not parties to this action, would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Material because the motion to seal is narrowly tailored to the information which Kars 4 Kids deems confidential and the parties will provide the court reporter with a redacted version of the Confidential Transcript for filing on the docket.

H. The parties have complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Material.

## CONCLUSIONS OF LAW

A. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the parties' submissions in support of the Motion, finds that Kars 4 Kids has satisfied its burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the Confidential Material is highly confidential or confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). This

Court has the power to seal where Confidential Material may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. <u>See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.</u>, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other Confidential Material in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" <u>In re Gabapentin Patent Litig.</u>, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other Confidential Material weighs against public access and, accordingly, documents containing such information may be protected from disclosure." <u>Id.</u> (citations omitted).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in the parties' submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Material. **THEREFORE,** it is on this 31st day of JANUARY, 2020;

**ORDERED** as follows:

1. The following portions of the Confidential Transcript contain confidential information:

    - 70:14, dollar amount;
    - 77:2, dollar amount;
    - 78:19, dollar amount;
    - 78:22, dollar amount;
    - 79:4, dollar amount;
    - 79:5, dollar amount;
    - 79:9, dollar amount;
    - 79:12, dollar amount;
    - 79:15, dollar amount;
    - 79:18, dollar amount;
    - 80:11, dollar amounts;
    - 81:15, dollar amount;
    - 84:1, dollar amount;
    - 85:24, dollar amount;
    - 85:25, dollar amounts;
    - 87:12-14, dollar amounts;
    - 87:18, dollar amount;
    - 88:5, dollar amount;
    - 89:6, dollar amount;
    - 89:7-8, dollar amount;

- 89:13, dollar amount;
- 89:15, dollar amount;
- 89:18, dollar amount;
- 99:13, dollar amount;
- 100:2, dollar amount;
- 100:6, dollar amount;
- 100:15-18, dollar amounts;
- 100:23, dollar amount;
- 101:2, dollar amount;
- 101:3, dollar amounts;
- 114:21, dollar amount;
- 115:5, dollar amount;
- 120:3, dollar amount;
- 138:3, number;
- 138:5, number;
- 138:6, dollar amount;
- 152:1, dollar amount;
- 152:5, dollar amount;
- 152:7-8, dollar amount;
- 160:7, dollar amounts;
- 163:25, dollar amount;
- 167:19, dollar amounts;

- 168:9, dollar amount;
- 168:11, dollar amount;
- 173:20, dollar amount;
- 173:22, dollar amount;
- 177:3, dollar amount;
- 177:5, dollar amount;
- 177:9, dollar amount;
- 177:10, dollar amount;
- 177:17, dollar amount;
- 179:15, dollar amount;
- 179:17, dollar amount;
- 180:4, dollar amount;
- 180:6, dollar amount;
- 184:19-23, dollar amounts;
- 186:7, dollar amount;
- 186:12, dollar amount;
- 186:19, dollar amount;
- 187:24, dollar amount;
- 188:8, dollar amount;
- 188:14, dollar amount;
- 188:18, dollar amount;
- 188:20, dollar amount;

- o 189:10, dollar amount;
- o 189:12, dollar amount;
- o 189:14, dollar amount;
- o 189:16, dollar amount;
- o 189:17, dollar amount;
- o 189:19, dollar amount;
- o 189:21-22, dollar amounts;
- o 189:23, dollar amount;
- o 189:25, dollar amount;
- o 197:7, dollar amount;
- o 198:2, dollar amount;
- o 198:9, dollar amount;
- o 199:7, dollar amounts;
- o 203:9, dollar amount;
- o 204:5, dollar amount;
- o 204:6, dollar amount;
- o 204:21-22, dollar amounts;
- o 205: 9, dollar amount;
- o 205:15, dollar amount;
- o Page 219, all entries under "$";
- o Page 219, all entries under "100 [1] - 4:14" and above "101 [1] - 3:8";
- o Page 219, all entries under "12 [1] - 208:7" and above "122 [1] - 3:9";

- Page 219, all entries under "14-7770 [1] - 1:6" and above "15 [5] - 4:3, 7:23,";
- Page 219, all entries under "15th [2] - 57:16, 57:19" and above "161.3 [1] - 119:13";
- Page 219, all entries under the beginning of column 3 and above "183212 [1] - 214:16";
- Page 219, last column, all entries under "208:22, 218:16" and above "21 [2] - 1:10, 70:12";
- Page 219, all entries under "25 [1] - 38:12" and above "26 [1] - 218:16";
- Page 220, first column, all entries under "167:5, 195:21" and above "399 [1] - 9:23";
- Page 220, all entries under "5,850,330 [1] - 188:14" and above "50 [10] - 14:20, 80:15,";
- Page 220, fourth column, all entries under "181:20, 210:11" and above "62 [1] - 3:6";
- Page 220, all entries under "7 [2] - 167:11, 210:11" and above "732 [1] - 23:8"; and
- Page 220, all entries under "883 [1] - 70:9" and above "889-4761 [1] - 1:24."

2. The Court further finds that Kars 4 Kids would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists because the motion to seal is narrowly tailored to the information which the parties deem confidential and Kars 4 Kids will provide the court reporter with a redacted version of the Confidential Transcript for filing on the docket.

14

3. Therefore, the parties' Joint Motion pursuant to Local Civil Rule 5.3(c) to Seal the Confidential Material is **GRANTED**.

_____
**HONORABLE LOIS H. GOODMAN**
**UNITED STATES MAGISTRATE JUDGE**